**Montgomery McCracken Walker & Rhoads LLP**
(A Limited Liability Partnership Formed in Pennsylvania)
By:    Paul H. Zoubek, Esquire
       Georgette Castner, Esquire
Liberty View, Suite 600
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 488-7700
*Attorneys for Praxair Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AGNES LAWSON, et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 3:16-cv-02435 |
| | : | |
| v. | : | Hon. Peter G. Sheridan (U.S.D.J.) |
| | : | Hon. Douglas E. Arpert (U.S.M.J.) |
| PRAXAIR, INC., et al, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF PRAXAIR DEFENDANTS

Defendants Praxair, Inc., Praxair Distribution Mid-Atlantic, LLC, GTS-Welco, Praxair Distribution Mid-Atlantic, LLC, d/b/a, GTS-Welco, Praxair Technology, Inc., Praxair Distribution, Inc., Praxair Healthcare Services, Inc., Praxair Healthcare Services, Caring Medical Supply Corp., Praxair Services, Inc., Praxair Surface Technologies, Inc. (incorrectly named as "Praxair S.T. Technology, Inc."), Praxair Partnership and Praxair Technology Solutions, Inc. (collectively referred to as "Praxair Defendants"), by and through their undersigned attorneys, hereby Answer the Complaint of Plaintiffs Agnes Lawson and Cassius Lawson as follows:

## PARTIES

1.     The Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint; therefore, the averments of this paragraph are denied.

2.     The Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of the Complaint; therefore, the averments of this paragraph are denied.

3.     It is admitted that Defendant Praxair, Inc. is a Delaware corporation with its principal place of business located at 39 Old Ridgebury Road, Danbury, Connecticut and that it regularly conducts business in New Jersey.

4.     It is admitted that Praxair Distribution Mid-Atlantic, LLC ("PDMA") was a Delaware limited liability company that merged with and into Praxair Distribution, Inc. effective May 1, 2015.

5.     Denied.  GTS-Welco was solely a trade name used by PDMA prior to PDMA's merger with Praxair Distribution, Inc.

6.     It is admitted that PDMA d/b/a GTS-Welco was a Delaware limited liability company that merged with and into Praxair Distribution, Inc. effective May 1, 2015.

7.     It is admitted that Defendant Praxair Technology, Inc. is a Delaware corporation with its principal place of business located at 39 Old Ridgebury Road, Danbury, Connecticut and that some or all of the Praxair Defendants regularly conduct business in New Jersey.

8.     It is admitted that Defendant Praxair Distribution, Inc. is a Delaware corporation with its principal place of business located at 39 Old Ridgebury Road, Danbury, Connecticut and that some or all of the Praxair Defendants regularly conduct business in New Jersey.

4098030v1

9.      It is admitted that Praxair Healthcare Services, Inc. was a Delaware corporation that merged with and into Praxair, Inc. effective December 15, 2011.

10.     Denied.

11.     It is admitted that Caring Medical Supply Corp. was a Pennsylvania corporation that merged into Home Care Supply, Inc., which merged into Praxair, Inc. effective December 31, 2012.

12.     It is admitted that Praxair Services, Inc. is incorporated and existing under the laws of Texas with its principal place of business located at 1585 Sawdust, Suite 300, The Woodlands, Texas, and that some or all of the Praxair Defendants regularly conduct business in New Jersey.

13.     Admitted in part, denied in part.  It is admitted only that Praxair Surface Technologies, Inc. (incorrectly named as "Praxair S.T. Technology, Inc.") is incorporated and existing under the laws of the State of Delaware with its principal place of business located at 441 Sackett Point Road, North Haven, Connecticut, and that some or all of the Praxair Defendants regularly conduct business in New Jersey.

14.     Denied.

15.     It is admitted that Praxair Technology Solutions, Inc. was a Delaware corporation that merged with and into Praxair, Inc.

16.     Paragraph 16 of the Complaint does not contain any factual averments that require a response by the Praxair Defendants; therefore, paragraph 16 is denied.

17.     Denied.  The averments in paragraph 17 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.

4098030v1

18.     Denied.  The averments in paragraph 18 of the Complaint are directed solely at a party other than the Praxair Defendants; therefore, no response is required.

19.     Denied.  The averments in paragraph 19 of the Complaint are directed solely at a party other than the Praxair Defendants; therefore, no response is required.

20.     Denied.  The averments in paragraph 20 of the Complaint are directed solely at a party other than the Praxair Defendants; therefore, no response is required.

21.     Denied.  The averments in paragraph 21 of the Complaint are directed solely at a party other than the Praxair Defendants; therefore, no response is required.

22.     Denied.  The averments in paragraph 22 of the Complaint are directed solely at a party other than the Praxair Defendants; therefore, no response is required.

23.     Denied.  The averments in paragraph 23 of the Complaint are directed solely at a party other than the Praxair Defendants; therefore, no response is required.

24.     Denied.  The averments in paragraph 24 of the Complaint are directed solely at a party other than the Praxair Defendants; therefore, no response is required.

25.     Denied.  The averments in paragraph 25 of the Complaint are directed solely at a party other than the Praxair Defendants; therefore, no response is required.

26.     Denied.  The averments in paragraph 26 of the Complaint are directed solely at a party other than the Praxair Defendants; therefore, no response is required.

27.     Denied.  The averments in paragraph 27 of the Complaint are directed solely at a party other than the Praxair Defendants; therefore, no response is required.

28.     Admitted in part, denied in part.  The Praxair Defendants admit only that some of them conduct business in Middlesex County, New Jersey.  To the extent the averments contained

in paragraph 28 of the Complaint are directed solely at a party other than the Praxair Defendants, no response is required.

29.     Admitted in part, denied in part.  It is admitted only that PDMA distributed Vantage Grab 'n Go portable oxygen cylinder units to University Medical Center at Princeton in Plainsboro, Middlesex County, New Jersey ("UMCPP") pursuant to a written contract (the "Product Supply Agreement"), the terms and conditions of which are hereby incorporated by reference, and that on April 10, 2014, an incident occurred involving one of those units.  The remaining averments of paragraph 29 are denied.

30.     Denied.  The averments in paragraph 30 of the Complaint are directed solely at a party other than the Praxair Defendants; therefore, no response is required.

31.     Denied.  The averments in paragraph 31 of the Complaint are directed solely at a party other than the Praxair Defendants; therefore, no response is required.

32.     Denied as to the Praxair Defendants.  The averments in paragraph 32 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.  To the extent the averments contained in paragraph 32 of the Complaint are directed at a party other than the Praxair Defendants, no response is required.

33.     Denied.

## **FACTUAL AVERMENTS**

34.     Admitted in part, denied in part as to the Praxair Defendants.  It is admitted only that PDMA distributed the Vantage Grab 'n Go portable oxygen cylinder unit to UMCPP pursuant to the Product Supply Agreement, the terms and conditions of which are hereby incorporated by reference.  The remaining averments contained in paragraph 34 of the Complaint are denied.

4098030v1

35.     Admitted in part, denied in part.  It is admitted only that the unit was designed for patients that needed or required oxygen and was to be used by trained professionals.

36.     Admitted in part, denied in part as to the Praxair Defendants.  It is admitted only that PDMA distributed the Vantage Grab 'n Go portable oxygen cylinder unit to UMCPP pursuant to the Product Supply Agreement, the terms and conditions of which are hereby incorporated by reference.  The remaining averments of paragraph 36 are denied.  To the extent the averments contained in paragraph 36 of the Complaint are directed at a party other than the Praxair Defendants, no response is required.

37.     Admitted in part, denied in part as to the Praxair Defendants.  It is admitted only that PDMA distributed the Vantage Grab 'n Go portable oxygen cylinder unit to UMCPP pursuant to the Product Supply Agreement, the terms and conditions of which are hereby incorporated by reference.  The remaining averments of paragraph 37 are denied.  To the extent the averments contained in paragraph 37 of the Complaint are directed at a party other than the Praxair Defendants, no response is required.

38.     Denied.  The Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 38 of the Complaint.  The averments of this paragraph are therefore denied.

39.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 39 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

40.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 40 of the Complaint are directed at a party other than the Praxair Defendants, the

-6-

Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

41.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 41 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

42.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 42 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

43.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 43 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

44.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 44 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

45.     Denied.

46.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 46 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

-7-

47.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 47 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

48.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 48 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

49.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 49 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

50.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 50 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

51.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 51 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

52.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 52 of the Complaint are directed at a party other than the Praxair Defendants, the

Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

53.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 53 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

54.     Admitted in part, denied in part.  It is admitted only that, prior to November 16, 2012, the Praxair Defendants became aware of a few isolated incidents of ignition inside Grab 'n Go cylinders that had been handled in a manner contrary to the instructions and/or otherwise subject to significant physical impact, but Grab 'n Go units may be used safely if proper handling procedures are followed.  The remaining averments of paragraph 54 are denied.

55.     It is admitted that on November 16, 2012, the Praxair Defendants initiated a voluntary recall affecting Grab 'n Go Vantage Portable Oxygen Cylinder units.  The remaining averments contained in paragraph 55 of the Complaint appear to be copied from a document that speaks for itself.

56.     Admitted in part, denied in part.  It is admitted only that following the November 16, 2012 recall, the Praxair Defendants sent notices to UMCPP regarding a modification that would be made to the Vantage Grab 'n Go units as they came in for servicing and filling.  The notices are written documents that speak for themselves; therefore no further response is required.  The Praxair Defendants deny the remaining averments in paragraph 56 of the Complaint.

57.     Admitted in part, denied in part.  It is admitted only that a modification was made to the Vantage Grab 'n Go portable oxygen cylinder units, but that Grab 'n Go units may be used

-9-

safely if proper handling procedures are followed. The remaining averments of paragraph 57 are denied.

58.     The Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 58 of the Complaint since they have not yet had an opportunity to inspect the cylinder following the incident; therefore, they are denied.

59.     Denied as to the Praxair Defendants.    To the extent the averments contained in paragraph 59 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

60.     The Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 60 of the Complaint since they have not yet had an opportunity to inspect the cylinder following the incident; therefore, they are denied.

61.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 61 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

62.     Denied as to the Praxair Defendants.   To the extent the averments contained in paragraph 62 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

4098030v1

63.     Denied as to the Praxair Defendants.   To the extent the averments contained in paragraph 63 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

64.     Denied as to the Praxair Defendants.   To the extent the averments contained in paragraph 64 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

65.     Denied as to the Praxair Defendants.  The Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 65 of the Complaint.  The averments of this paragraph are therefore denied.

66.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 66 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

67.     The Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 67 of the Complaint; therefore, they are denied.

68.     Denied.  On information and belief, the Vantage Grab 'n Go portable oxygen cylinder unit was not properly secured and/or handled prior to the incident in violation of applicable law, regulations and instructions.

69.     Admitted on information and belief that the Vantage Grab 'no Go portable oxygen cylinder unit was not properly secured and/or handled prior to the incident in violation of

applicable law, regulations and instructions.  The images contained in paragraph 69 are photographs that speak for themselves; therefore no response is required.

70.     The Praxair Defendants lack the knowledge or information sufficient to form a belief about the extent of Plaintiff's injuries; therefore, the averments in paragraph 70 are denied.

71.     Denied.  On information and belief, the Vantage Grab 'n Go portable oxygen cylinder unit was not properly secured and/or handled prior to the incident in violation of applicable law, regulations and instructions.

72.     Denied.  On information and belief, the Vantage Grab 'n Go portable oxygen cylinder unit was not properly secured and/or handled prior to the incident in violation of applicable law, regulations and instructions.

73.     The Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 73 of the Complaint; therefore, they are denied.

74.     Denied as to the Praxair Defendants.   To the extent the averments contained in paragraph 74 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

75.     Denied as to the Praxair Defendants.   To the extent the averments contained in paragraph 75 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

76.     Denied.

77.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 77 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

78.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 78 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

79.     Admitted in part, denied in part.  It is admitted only that the Praxair Defendants made a modification to the Vantage Grab 'n Go portable oxygen cylinder units.  The remaining averments in paragraph 79 of the Complaint are denied.  To the extent the averments in paragraph 79 are directed to a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments; therefore, they are denied.

80.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 80 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

81.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 81 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

-13-

82.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 82 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

83.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 83 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

84.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 84 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

85.     Denied.

86.     Denied.

87.     Denied as to the Praxair Defendants.   To the extent the averments contained in paragraph 87 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

88.     Denied as to the Praxair Defendants.   To the extent the averments contained in paragraph 88 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

4098030v1

89.     Denied as to the Praxair Defendants.    To the extent the averments contained in paragraph 89 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

90.     Denied.

91.     Denied.  The averments in paragraph 91 of the Complaint are conclusions of law to which no responsive pleading is required.  Additionally, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 91, concerning the extent of Plaintiff's damages.

## DAMAGES

92.     The foregoing answers to paragraphs 1 through 91 of the Complaint are incorporated herein as if fully set forth at length.

93.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 93 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

94.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 94 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

95.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 95 of the Complaint are directed at a party other than the Praxair Defendants, the

-15-

Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

96.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 96 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

97.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 97 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

98.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 98 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

## CAUSES OF ACTION

### COUNT I - NEGLIGENCE
### Plaintiffs v. All Defendants

99.     The foregoing answers to paragraphs 1 through 98 of the Complaint are incorporated herein as if fully set forth at length.

100.    (a) – (gg).  Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 100 (a) - (gg) of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

-16-

4098030v1

101.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 101 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

102.    Denied as to the Praxair Defendants.   To the extent the averments contained in paragraph 102 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

103.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 103 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

104.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 104 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

105.    Denied as to the Praxair Defendants.  The averments contained in paragraph 105 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.

106.    Denied as to the Praxair Defendants.   To the extent the averments contained in paragraph 106 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

-17-

WHEREFORE, the Praxair Defendants respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements and attorneys' fees, as the Court deems just and proper.

## COUNT II – STRICT PRODUCTS LIABILITY
### Plaintiffs v. All Defendants

107.    The foregoing answers to paragraphs 1 through 106 of the Complaint are incorporated herein as if fully set forth at length.

108.    Admitted in part, denied in part.  It is admitted only that PDMA distributed a Vantage Grab 'n Go portable oxygen cylinder to UMCPP pursuant to the Product Supply Agreement, the terms and conditions of which are hereby incorporated by reference.  The remaining averments of paragraph 108 of the Complaint are denied.

109.    Admitted in part, denied in part.  It is admitted only that PDMA distributed a Vantage Grab 'n Go portable oxygen cylinder to UMCPP pursuant to the Product Supply Agreement, the terms and conditions of which are hereby incorporated by reference.  The averments contained in paragraph 109 are denied.

110.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 110 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

111.    Denied as to the Praxair Defendants.  The averments contained in paragraph 111 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.

-18-

112.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 112 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

113.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 113 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

114.    Denied as to the Praxair Defendants.  The averments contained in paragraph 114 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.

115.    Denied.

116.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 116 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

117.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 117 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

118.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 118 of the Complaint are directed at a party other than the Praxair Defendants, the

Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

119.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 119 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

120.    Denied as to the Praxair Defendants.  The averments contained in paragraph 120 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.  To the extent the averments contained in paragraph 120 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

121.    Denied.

122.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 122 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

123.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 123 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

124.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 124 of the Complaint are directed at a party other than the Praxair Defendants, the

Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

125.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 125 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

126.    Denied.

127.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 127 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

128.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 128 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

129.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 129 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

130.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 130 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

4098030v1

131.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 131 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

132.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 132 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

133.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 133 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

134.    Denied.  The Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.  The Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 138 of the Complaint; therefore, they are denied.

139.    Denied.  The averments contained in paragraph 139 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.

140.     Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 140 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

WHEREFORE, the Praxair Defendants respectfully request that judgment be entered in their favor and against Plaintiff, and further request such other relief, together with costs, disbursements and attorneys' fees, as the Court deems just and proper.

## COUNT III – NEGLIGENCE
### Plaintiffs v. All Defendants

141.     The foregoing answers to paragraphs 1 through 140 of the Complaint are incorporated herein as if fully set forth at length.

142.     Admitted in part, denied in part.  It is admitted only that, prior to November 16, 2012, the Praxair Defendants became aware of a few isolated incidents of ignition inside Grab 'n Go cylinders that had been handled in a manner contrary to the instructions and/or otherwise subject to significant physical impact, but Grab 'n Go units may be used safely if proper handling procedures are followed.  The remaining averments of paragraph 142 are denied.

143.     It is admitted that on November 16, 2012, the Praxair Defendants initiated a voluntary recall affecting Grab 'n Go Vantage Portable Oxygen Cylinder units.

144.     Admitted in part, denied in part.  It is admitted only that following the November 16, 2012 recall, the Praxair Defendants sent notices to UMCPP regarding a modification that would be made to the Vantage Grab 'n Go units as they came in for servicing and filling.  The notices are written documents that speak for themselves; therefore no further response is required.  The Praxair Defendants deny the remaining averments in paragraph 144 of the Complaint.

-23-

145.   The Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 145 of the Complaint since they have not yet had an opportunity to inspect the cylinder following the incident; therefore, they are denied.

146.   Denied as to the Praxair Defendants.  The averments contained in paragraph 146 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.

147.   Denied.  The averments contained in paragraph 147 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.

148.   (a) – (cc).  Denied as to the Praxair Defendants.  The averments contained in paragraph 148 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.

149.   Denied as to the Praxair Defendants.  The averments contained in paragraph 149 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.  To the extent the averments contained in paragraph 149 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

150.   Denied as to the Praxair Defendants.  The averments contained in paragraph 150 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.  To the extent the averments contained in paragraph 150 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge

or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

151.    Denied as to the Praxair Defendants.  The averments contained in paragraph 151 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.  To the extent the averments contained in paragraph 151 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

152.    Denied as to the Praxair Defendants.  The averments contained in paragraph 152 of the Complaint are conclusions of law to which no responsive pleading is required; therefore, they are denied.

WHEREFORE, the Praxair Defendants respectfully request that judgment be entered in their favor and against Plaintiff, and further request such other relief, together with costs, disbursements and attorneys' fees, as the Court deems just and proper.

## COUNT IV – LOSS OF CONSORTIUM
### Plaintiff Cassius Lawson v. All Defendants

153.    The foregoing answers to paragraphs 1 through 152 of the Complaint are incorporated herein as if fully set forth at length.

154.    Denied.  The Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 154 of the Complaint.

155.    Denied as to the Praxair Defendants.  To the extent the averments contained in paragraph 155 of the Complaint are directed at a party other than the Praxair Defendants, the Praxair Defendants lack the knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph; therefore, they are denied.

4098030v1

WHEREFORE, the Praxair Defendants respectfully request that judgment be entered in their favor and against Plaintiff, and further request such other relief, together with costs, disbursements and attorneys' fees, as the Court deems just and proper.

## PRAXAIR DEFENDANTS' AFFIRMATIVE DEFENSES

1.  Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted against the Praxair Defendants.

2.  Plaintiffs' claims are barred, in whole or part, by the applicable statute of limitations.

3.  Plaintiffs' claims are barred, in whole or part, by the doctrine of waiver.

4.  Plaintiffs' claims are barred because the Vantage Grab 'n Go oxygen cylinder unit was neither defective nor unreasonably dangerous in its design, manufacture or marketing and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiffs' recovery.

5.  The warnings and instructions accompanying the Vantage Grab 'n Go oxygen cylinder unit, at the time of the occurrence or injuries alleged by Plaintiffs, were legally adequate warnings and instructions.

6.  The Praxair Defendants are not liable to Plaintiffs because the Vantage Grab 'n Go oxygen cylinder unit at issue was being handled and used in a manner other than that for which it was intended.

7.  The Praxair Defendants are not liable to Plaintiffs because the Vantage Grab 'n Go oxygen cylinder unit was not properly secured and/or handled prior to the incident in violation of applicable law, regulations and instructions.

4098030v1

8.     The Praxair Defendants are not liable to Plaintiffs because Plaintiff Agnes Lawson willingly, knowingly, and voluntarily assumed the risk of her alleged injuries and damages.

9.     The injuries and damages claimed by Plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of the Praxair Defendants was not the proximate and/or competent producing cause of such alleged injuries and damages.

10.     The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including the Praxair Defendants.

11.     Plaintiff's alleged injuries were caused by an unforeseeable material and substantial alteration, change, improper handling, or misuse of the product after it left the control of Praxair.

12.     Plaintiffs' claims are barred because the benefits of the Vantage Grab 'n Go oxygen cylinder unit outweigh the risks, if any, that might be associated with the product.

13.     The Praxair Defendants give notice that, to the extent that the sophisticated user doctrine is applicable to any of the allegations in the Complaint, the Praxair Defendants intend to rely upon same in defense of this action.

14.     The Praxair Defendants give notice that, to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, the Praxair Defendants intend to rely upon same in defense of this action.

4098030v1

15.     Plaintiffs' claims are barred in whole or in part by the learned intermediary doctrine.  Warnings were given or transmitted to UMCPP and Praxair's only obligation is to warn UMCPP, which obligation was fulfilled.

16.     If discovery so discloses, the Praxair Defendants may assert the defense that the Vantage Grab 'n Go oxygen cylinder unit relevant to this litigation contained design defects when it left the control of its manufacturer.

17.     The Praxair Defendants breached no duty or obligation that may have been owed to Plaintiffs.

18.     Plaintiffs' claims against the Praxair Defendants are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts and the Restatement (Second) of Torts, including, but not limited, to Section 402A.

19.     To the extent Plaintiffs' claims were caused by the actions, omissions, or products of persons or entities over whom the Praxair Defendants have no dominion, authority, or control, the Praxair Defendants are entitled to have their liability to Plaintiffs, if any, reduced as a result of the fault or negligence of said persons or entities, pursuant to governing law.

20.     Plaintiffs' recovery, if any, is barred and/or should be reduced because of her own contributory negligence or fault and/or comparative negligence.

21.     Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution because of the pervasive federal regulation of the Food and Drug Administration ("FDA").

22.     Plaintiffs fail to state a claim with regard to warnings and labeling for the Vantage Grab 'n Go oxygen cylinder because the remedy sought by Plaintiffs is subject to the exclusive regulation of the FDA.

-28-

23.     If the Vantage Grab 'n Go oxygen cylinder was unsafe (which the Praxair Defendants deny), Plaintiffs' claims are barred because the Vantage Grab 'n Go oxygen cylinder was unavoidably unsafe.

24.     Plaintiffs did not detrimentally rely on any labeling, warnings, or information concerning the Vantage Grab 'n Go oxygen cylinder.

25.     Plaintiffs are barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by Plaintiffs without substantially impairing the usefulness or intended purpose of the product.

26.     Plaintiffs' claims are barred because the Vantage Grab 'n Go oxygen cylinder was consistent with and exceeded consumer expectations.

27.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate alleged damages.

28.     Plaintiffs have suffered no injury or damages as a result of any acts or omissions by the Praxair Defendants.

29.     Plaintiffs' Complaint seeks damages in excess of those permitted by law.  The Praxair Defendants assert any statutory or judicial protection from punitive or exemplary damages which is available under the applicable law, and any award of punitive or exemplary damages is barred.

30.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

31.     An award of punitive damages against the Praxair Defendants would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth

-29-

Amendments to the Constitution of the United States and of the Constitution of the State of New Jersey. The criteria for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise, and inconsistent and are therefore not in accord with, and are antagonistic to, protection of due process. The Praxair Defendants specifically rely upon *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Phillip Morris USA v. Williams*, 549 U.S. 346 (2007).

32.     With respect to Plaintiffs' demand for punitive or exemplary damages, the Praxair Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under New Jersey law, including the provisions of the Punitive Damages Act, *N.J.S.A.* 2A:15-5.9, *et seq.* and/or any other applicable state law. The Praxair Defendants reserve the right to seek bifurcation of Plaintiffs' punitive damages claims pursuant to *N.J.S.A.* 2A:15-5.13.

33.     The Praxair Defendants will rely upon the rights and defenses accorded to it under the terms and provisions of the New Jersey Product Liability Act, *N.J.S.A.* 2A:58C-1, *et seq.*

34.     The Praxair Defendants deny liability, but if the Praxair Defendants are ultimately found liable to Plaintiffs, they shall only be liable for their equitable share of Plaintiffs' recovery. In the alternative, the liability, if any, of the Praxair Defendants is limited by and pursuant to the New Jersey Joint Tortfeasor Contribution Act, *N.J.S.A.* 2A:53A-1, *et seq.*

35.     The Praxair Defendants adopt and incorporate by reference herein any affirmative defenses that may be raised by any other Defendant who is now a party or may be joined to this action.

36.     The Praxair Defendants are entitled to the benefit of all defenses and presumptions provided by procedural and substantive state and federal law.

4098030v1

37.     The Praxair Defendants reserve the right to modify, clarify, amend, or supplement these separate or affirmative defenses as discovery proceeds in this case.

WHEREFORE, the Praxair Defendants respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements and attorneys' fees, as the Court deems just and proper.

MONTGOMERY MCCRACKEN WALKER
& RHOADS LLP
Attorneys for Praxair Defendants

Dated: May 6, 2016          By:     s/ Paul H. Zoubek
                                    Paul H. Zoubek
                                    pzoubek@mmwr.com
                                    Georgette Castner
                                    gcastner@mmwr.com

-32-

## CERTIFICATION OF SERVICE

I, Georgette Castner, Esquire, hereby certify that on May 6, 2016, I electronically filed the foregoing **Answer and Affirmative Defenses of Praxair Defendants** by using the Court's Case Management/Electronic Case Filing ("CM/ECF") system.  Service of those registered CM/ECF users will be accomplished by the CM/ECF system, and the following parties not yet entered will be served by First Class Mail, postage prepaid:

> Western Enterprises, a Scott Fetzer Company
> Western, a Scott Fetzer Company
> Western Enterprises
> Western/Scott Fetzer Company
> Western Medica
> 28800 Clemens Road
> Westlake, OH  44145


s/ Georgette Castner
Georgette Castner

4098030v1