**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**
(A Limited Liability Partnership Formed in Pennsylvania)
By:     Paul H. Zoubek, Esquire
       Georgette Castner, Esquire
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 488-7700
*Attorneys for Praxair Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGNES LAWSON, et al. | : |
|                    Plaintiffs, | :   Civil Action No.: 3:16-cv-2435-PGS-DEA |
|     v. | : |
| PRAXAIR, INC., et al., | : |
|                    Defendants. | : |
| PRAXAIR DISTRIBUTION, INC. and PRAXAIR DISTRIBUTION MID-ATLANTIC, LLC d/b/a GTS-WELCO, | : |
|                Defendants/ Third-Party Plaintiffs, | : |
|     v. | : |
| PRINCETON HEALTHCARE SYSTEM HOLDING, INC.; PRINCETON HEALTHCARE SYSTEM d/b/a UNIVERSITY MEDICAL CENTER OF PRINCETON AT PLAINSBORO and JOHN DOE(S) 1-10, | : |
|             Third-Party Defendants. | : |

## THIRD-PARTY COMPLAINT OF DEFENDANTS
## PRAXAIR DISTRIBUTION, INC. AND PRAXAIR
## DISTRIBUTION MID-ATLANTIC, LLC d/b/a GTS-WELCO

     Defendants and Third-Party Plaintiffs Praxair Distribution, Inc. and Praxair Distribution

Mid-Atlantic, LLC d/b/a GTS-Welco, a Delaware limited liability company that merged with

and into Praxair Distribution, Inc. (collectively "PDI"), by way of this Third-Party Complaint against Third-Party Defendants Princeton Healthcare System Holding, Inc., Princeton Healthcare System d/b/a University Medical Center of Princeton at Plainsboro and John Doe(s) 1-10, pursuant to Fed. R. Civ. P. 14, allege as follows:

## PARTIES

1.      PDI is a Delaware corporation with its principal place of business located at 39 Old Ridgebury Road, Danbury, Connecticut, and is the successor to Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco, a Delaware limited liability company that merged with and into PDI.

2.      On information and belief, Third-Party Defendant, Princeton Healthcare System Holding, Inc. and its affiliate, Princeton Healthcare System d/b/a University Medical Center of Princeton at Plainsboro (collectively "UMCPP"), are New Jersey Nonprofit Corporations with their principal place of business located at One Plainsboro Road, Plainsboro, New Jersey.

3.      On information and belief, Third-Party Defendants, John Doe(s) 1-10, are fictitious names for corporations, agencies, companies, entities, individuals, contractors, employees, subcontractors, public entities, officers, persons and/or businesses, the identity of which are not known at present, but who at all times relevant hereto were involved in the management, handling, storing, transporting, training or use of the Vantage Grab 'n Go portable oxygen cylinder units at UMCPP.

## FACTS

4.      On or about April 1, 2012, UMCPP and PDI entered into a Product Supply Agreement ("PSA"), in which PDI agreed to distribute to UMCPP certain Grab 'n Go cylinders,

including a Vantage Grab 'n Go portable oxygen cylinder unit that was involved in an incident at

UMCPP on April 10, 2014.

5.      Pursuant to Paragraph 8 of the PSA, UMCPP agreed to:

> indemnify and hold harmless [PDI] from and against any
> and all costs, fees (including reasonable legal fees and
> expenses), damages, liabilities and claims arising from the
> injury, illness or death of the indemnifying party's
> employees in any way related to any activities performed in
> connection with or Product supplied by [PDI] under this
> Agreement, whether or not such injury, illness, or death is
> claimed to have been caused by, resulted from, or was in
> any way connected with the negligence of the party to be
> indemnified.

6.      UMCPP also agreed to "warn and protect its employees, contractors and others

exposed to the hazards posed by [UMCPP's] storage, use and handling of" the Vantage Grab 'n

Go portable oxygen cylinder units.

7.      On March 18, 2016, Agnes Lawson and Cassius Lawson ("Plaintiffs") filed a

Complaint against Defendants Praxair, Inc.; Praxair Distribution Mid-Atlantic, LLC; GTS-

Welco; Praxair Distribution Mid-Atlantic, LLC, d/b/a GTS-Welco; Praxair Technology, Inc.;

Praxair Distribution, Inc.; Praxair Healthcare Services, Inc.; Praxair Healthcare Services; Caring

Medical Supply Corp.; Praxair Services, Inc.; Praxair Surface Technologies, Inc. (improperly

named as "Praxair S.T. Technology, Inc."); Praxair Partnership; Praxair Technology Solutions,

Inc. (collectively referred to as the "Praxair Defendants"); Western Enterprises, a Scott Fetzer

Company; Western, a Scott Fetzer Company; Western Enterprises; Western/Scott Fetzer

Company; Western Medica (collectively referred to as "Western/Scott Fetzer Company"); and

John Doe(s) 1-10, a copy of which is attached hereto as Exhibit A and is incorporated by

reference.

8.     The instant action was removed to this Court from the Superior Court of New Jersey, Law Division, Middlesex County, on April 29, 2016.

9.     Plaintiffs' Complaint seeks damages for personal injuries following an incident that occurred at UMCPP on April 10, 2014, involving a Vantage Grab 'n Go portable oxygen cylinder unit manufactured by Defendant Western/Scott Fetzer Company that, upon information and belief, Plaintiff Agnes Lawson was using and/or handling at the time of the incident.

10.     On information and belief, Plaintiff Agnes Lawson was employed by UMCPP at the time of the April 10, 2014 incident.

11.     On information and belief, the incident occurred as a result of the Vantage Grab 'n Go portable oxygen cylinder unit being managed, handled, stored, transported or used in a manner contrary to the instructions and/or was otherwise subject to significant physical impact.

12.     On information and belief, UMCPP's and John Doe(s) 1-10's management, handling, storing, transporting or use of the Vantage Grab 'n Go portable oxygen cylinder unit was also in violation of applicable law, regulations and safety standards.

13.     UMCPP and John Doe(s) 1-10 owed a duty of care to Plaintiff Agnes Lawson and/or others to provide proper instruction and training regarding the management, handling, storing, transporting and use of the Vantage Grab 'n Go portable oxygen cylinder units.

14.     On information and belief, UMCPP and John Doe(s) 1-10 failed to provide proper instruction and training to Plaintiff Agnes Lawson and/or others regarding the management, handling, storing, transporting and use of the Vantage Grab 'n Go portable oxygen cylinder units.

15.     UMCPP and John Doe(s) 1-10 failed to meet their duty of care and Plaintiff Agnes Lawson was injured as a direct and proximate result of UMCPP's and John Doe(s) 1-10's negligence.

## JURISDICTION & VENUE

16.     The Court has subject matter jurisdiction over PDI's claims under 28 U.S.C. § 1367 because they are so related to Plaintiffs' claims that they form part of the same case or controversy under Article III of the United States Constitution.

17.     Venue is appropriate in this District Court under the doctrine of ancillary venue and pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to this claim occurred in New Jersey.

## COUNT ONE
## (PDI v. UMCPP)
## (INDEMNIFICATION)

18.     PDI incorporates paragraphs 1 through 17 as if fully set forth at length herein.

19.     On or about April 1, 2012, UMCPP and PDI entered into a PSA, in which PDI agreed to distribute to UMCPP certain Grab 'n Go cylinders, including the Vantage Grab 'n Go portable oxygen cylinder unit involved in the incident at UMCPP on April 10, 2014.

20.     Pursuant to Paragraph 8 of the PSA, UMCPP agreed to:

> indemnify and hold harmless [PDI] from and against any and all costs, fees (including reasonable legal fees and expenses), damages, liabilities and claims arising from the injury, illness or death of the indemnifying party's employees in any way related to any activities performed in connection with or Product supplied by [PDI] under this Agreement, whether or not such injury, illness, or death is claimed to have been caused by, resulted from, or was in any way connected with the negligence of the party to be indemnified.

-5-

21.     By virtue of Paragraph 8 of the PSA, UMCPP agreed to indemnify and hold PDI harmless for injuries to UMCPP employees relating to any activities performed in connection with or product supplied by PDI, including the Vantage Grab 'n Go portable oxygen cylinder units.

22.     Under applicable law, UMCPP is contractually bound to indemnify and hold PDI harmless from and against Plaintiffs' claims, including any and all costs and attorneys' fees.

**WHEREFORE**, Defendants Praxair Distribution, Inc. and Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco, as Third-Party Plaintiffs, respectfully request that the Court enter judgment in their favor and against Third-Party Defendants Princeton Healthcare System Holding, Inc. and Princeton Healthcare System d/b/a University Medical Center of Princeton at Plainsboro for indemnification and all sums, including attorneys' fees and costs, that PDI may become obligated to pay as a result of Plaintiffs' claims, and any further relief deemed appropriate by this Court.

## COUNT TWO
### (PDI v. UMCPP)
### (BREACH OF CONTRACT)

23.     PDI incorporates Paragraphs 1 through 22 as if fully set forth at length herein.

24.     Pursuant to Paragraph 8 of the PSA, UMCPP agreed to "warn and protect its employees, contractors and others exposed to the hazards posed by [UMCPP's] storage, use and handling of" the Vantage Grab 'n Go portable oxygen cylinder units.

25.     On information and belief, UMCPP failed to warn and protect Plaintiff Agnes Lawson and/or others by failing to provide proper instruction and training regarding the management, handling, storing, transporting and use of the Vantage Grab 'n Go portable oxygen cylinder units.

-6-

4104385v1

26.     UMCPP's breach of the PSA resulted in the damages claimed by Plaintiffs Agnes Lawson and Cassius Lawson.

27.     Under applicable law, UMCPP is liable to PDI for all sums, including any and all costs and attorneys' fees that PDI may become obligated to pay as a result of Plaintiffs' claims.

**WHEREFORE**, Defendants Praxair Distribution, Inc. and Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco, as Third-Party Plaintiffs, respectfully request that the Court enter judgment in their favor and against Third-Party Defendants Princeton Healthcare System Holding, Inc. and Princeton Healthcare System d/b/a University Medical Center of Princeton at Plainsboro for all sums, including attorneys' fees and costs, that PDI may become obligated to pay as a result of Plaintiffs' claims, and any further relief deemed appropriate by this Court.

## COUNT THREE
### (PDI v. UMCPP)
### (NEGLIGENCE)

28.     PDI incorporates Paragraphs 1 through 27 as if fully set forth at length herein.

29.     UMCPP owed a duty of care to Plaintiff Agnes Lawson and/or others to provide proper instruction and training regarding the management, handling, storing, transporting and use of the Vantage Grab 'n Go portable oxygen cylinder units.

30.     On information and belief, UMCPP failed to provide proper instruction and training to Plaintiff Agnes Lawson and/or others regarding the management, handling, storing, transporting and use of the Vantage Grab 'n Go portable oxygen cylinder units.

31.     On information and belief, UMCPP's management, handling, storing, transporting and use of the Vantage Grab 'n Go portable oxygen cylinder unit was in violation of applicable law, regulations and safety standards.

-7-

32.     UMCPP failed to meet its duty of care and Plaintiff Agnes Lawson was injured as a direct and proximate result of UMCPP's negligence.

33.     Under applicable law, UMCPP is liable to PDI by way of indemnification and/or contribution, including any and all costs and attorneys' fees.

**WHEREFORE,** Defendants Praxair Distribution, Inc. and Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco, as Third-Party Plaintiffs, respectfully request that the Court enter judgment in their favor and against Third-Party Defendants Princeton Healthcare System Holding, Inc. and Princeton Healthcare System d/b/a University Medical Center of Princeton at Plainsboro for indemnification and/or contribution and all sums, including attorneys' fees and costs, that PDI may become obligated to pay as a result of Plaintiffs' claims, and any further relief deemed appropriate by this Court.

## COUNT FOUR
### (PDI v. JOHN DOE(S) 1-10)
### (NEGLIGENCE)

34.     PDI incorporates Paragraphs 1 through 33 as if fully set forth at length herein.

35.     John Doe(s) 1-10 owed a duty of care to Plaintiff Agnes Lawson and/or others to provide proper instruction and training regarding the management, handling, storing, transporting and use of the Vantage Grab 'n Go portable oxygen cylinder units.

36.     On information and belief, John Doe(s) 1-10 failed to provide proper instruction and training to Plaintiff Agnes Lawson and/or others regarding the management, handling, storing, transporting and use of the Vantage Grab 'n Go portable oxygen cylinder units.

37.     On information and belief, John Doe(s) 1-10's management, handling, storing, transporting or use of the Vantage Grab 'n Go portable oxygen cylinder unit was in violation of applicable law, regulations and safety standards.

-8-

38.     John Doe(s) 1-10 failed to meet their duty of care and Plaintiff Agnes Lawson was injured as a direct and proximate result of John Doe(s) 1-10's negligence.

39.     Under applicable law, John Doe(s) 1-10 are liable to PDI by way of indemnification and/or contribution, including any and all costs and attorneys' fees.

**WHEREFORE,** Defendants Praxair Distribution, Inc. and Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco, as Third-Party Plaintiffs, respectfully request that the Court enter judgment in their favor and against Third-Party Defendants John Doe(s) 1-10 for indemnification and/or contribution and all sums, including attorneys' fees and costs, that PDI may become obligated to pay as a result of Plaintiffs' claims, and any further relief deemed appropriate by this Court.


MONTGOMERY MCCRACKEN WALKER
& RHOADS LLP
Attorneys for Praxair Defendants/
Third-Party Plaintiffs


Dated:  May 18, 2016          By:     s/ Paul H. Zoubek
                                       Paul H. Zoubek
                                       pzoubek@mmwr.com
                                       Georgette Castner
                                       gcastner@mmwr.com

-9-

## CERTIFICATION OF SERVICE

I hereby certify that on May 18, 2016, I filed the foregoing document electronically with the Clerk of Court of the United States District Court for the District of New Jersey by using the CM/ECF System.  The documents are available for downloading and viewing from the ECF system.  Service of the documents on all counsel of record was accomplished via the ECF system, which will send a notice of electronic filing to all counsel of record.


s/ Georgette Castner
Georgette Castner