# EXHIBIT A

CIVIL RECORDS
N. J. SUPERIOR COURT
MIDDLESEX VICINAGE

2016 MAR 18  P 12: 27

**SHERIDAN & MURRAY, LLC**
BY:   THOMAS W. SHERIDAN, ESQUIRE        Attorney for Plaintiffs
424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034
(215) 977-9500

| | |
|---|---|
| AGNES LAWSON and<br>CASSIUS LAWSON, w/h<br>2108 Scenic Drive<br>Ewing, NJ 08628<br>                Plaintiffs | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY, LAW DIVISION |
| v. | |
| PRAXAIR, INC.<br>39 Old Ridgebury Road<br>Danbury, CT  06810 | NO.   *L-1726-16* |
| PRAXAIR       DISTRIBUTION       MID-<br>ATLANTIC, LLC<br>39 Old Ridgebury Road<br>Danbury, CT  06810 | CIVIL ACTION |
| GTS-WELCO<br>5275 Tilghman Street<br>Allentown, PA 18104 | JURY TRIAL DEMANDED |
| PRAXAIR       DISTRIBUTION       MID-<br>ATLANTIC, LLC, D/B/A, GTS-WELCO<br>39 Old Ridgebury Road<br>Danbury, CT  06810 | **COMPLAINT** |
| PRAXAIR TECHNOLOGY, INC.<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | |
| PRAXAIR DISTRIBUTION, INC.<br>39 Old Ridgebury Road<br>Danbury, CT  06810 | |
| PRAXAIR   HEALTHCARE   SERVICES,<br>INC.<br>39 Old Ridgebury Road<br>Danbury, CT  06810 | BCH # *515*   DATE *3·18·16*<br>CHK/CA/MO # *6144*<br>FEE       $ *250.00*<br>OVP       $<br>COPY/SANC $<br>TOTAL    $ *250.00* |

PRAXAIR HEALTHCARE SERVICES                   :
1680 Republic Road                             :
Huntingdon Valley, PA 19006                    :
                                               :
CARING MEDICAL SUPPLY CORP.                    :
39 Old Ridgebury Road                          :
Danbury, CT  06810                             :
                                               :
PRAXAIR SERVICES, INC.                         :
39 Old Ridgebury Road                          :
Danbury, CT  06810                             :
                                               :
PRAXAIR S.T. TECHNOLOGY, INC.                  :
39 Old Ridgebury Road                          :
Danbury, CT  06810                             :
                                               :
PRAXAIR PARTNERSHIP                            :
2711 Centerville Road, Suite 400               :
Wilmington, DE 19808                           :
                                               :
PRAXAIR   TECHNOLOGY   SOLUTIONS,              :
INC.                                           :
2711 Centerville Road, Suite 400               :
Wilmington, DE 19808                           :
                                               :
WESTERN ENTERPRISES, A SCOTT                   :
FETZER COMPANY                                  :
28800 Clemens Road                             :
Westlake, Ohio 44145                           :
                                               :
WESTERN, A SCOTT FETZER                        :
COMPANY                                         :
28800 Clemens Road                             :
Westlake, Ohio 44145                           :
                                               :
WESTERN ENTERPRISES                            :
28800 Clemens Road                             :
Westlake, Ohio 44145                           :
                                               :
WESTERN/SCOTT FETZER COMPANY                   :
28800 Clemens Road                             :
Westlake, Ohio 44145                           :
                                               :
WESTERN MEDICA                                 :
28800 Clemens Road                             :
Westlake, Ohio 44145                           :
                                               :
JOHN DOE(S) 1-10                               :
              Defendants                       :

## COMPLAINT

Plaintiffs, Agnes Lawson and Cassius Lawson, wife and husband, hereby file the within Complaint against all Defendants and in support thereof aver as follows:

## I.    PARTIES

1.    Plaintiffs, Agnes Lawson and Cassius Lawson, are adult citizens and lawful permanent residents of the State of New Jersey, residing therein at 2108 Scenic Drive, Ewing, New Jersey, 08628.

2.    At all times material and relevant hereto, the Plaintiffs, Agnes Lawson and Cassius Lawson, were and are lawfully married.

3.    Defendant, Praxair, Inc., is upon information and belief a Delaware corporation with a principal place of business at 39 Old Ridgebury Road, Danbury, CT, 06810, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

4.    Defendant, Praxair Distribution Mid-Atlantic, LLC, is upon information and belief a Delaware corporation with a principal place of business at 39 Old Ridgebury Road, Danbury, CT, 06810, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

5.    Defendant, GTS Welco, is upon information and belief, a Pennsylvania corporation with a principal place of business at 5275 Tilghman Street, Allentown, PA 18104, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

6.    Defendant, Praxair Distribution Mid-Atlantic, LLC, d/b/a GTS-Welco, is upon information and belief a Delaware corporation with a principal place of business at

39 Old Ridgebury Road, Danbury, CT, 06810, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

7.     Defendant, Praxair Technology, Inc., is upon information and belief, a Delaware corporation with a principal place of business at 39 Old Ridgebury Road, Danbury, CT, 06810, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

8.     Defendant, Praxair Distribution, Inc., is upon information and belief, a Delaware corporation with a principal place of business at 39 Old Ridgebury Road, Danbury, CT, 06810, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

9.     Defendant, Praxair Healthcare Services, Inc., is upon information and belief, a Delaware corporation with a principal place of business at 39 Old Ridgebury Road, Danbury, CT, 06810, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

10.     Defendant, Praxair Healthcare Services is upon information and belief, a Pennsylvania corporation with a principal place of business at 1680 Republic Road, Huntingdon Valley, PA 19006, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

11.     Defendant, Caring Medical Supply Corp. is upon information and belief, a Pennsylvania corporation with a principal place of business at 39 Old Ridgebury Road, Danbury, CT, 06810, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

12.    Defendant, Praxair Services, Inc., is upon information and belief, a Texas corporation with a principal place of business at 39 Old Ridgebury Road, Danbury, CT, 06810, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

13.    Defendant, Praxair S. T. Technology, Inc., is upon information and belief, a Delaware corporation with a principal place of business at 39 Old Ridgebury Road, Danbury, CT, 06810, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

14.    Defendant, Praxair Partnership, is upon information and belief, a Delaware Corporation with a principal place of business at 2711 Centerville Road, Suite 400, Wilmington, DE, 19808, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

15.    Defendant, Praxair Technology Solutions, Inc., is upon information and belief, a Delaware Corporation with a principal place of business at 2711 Centerville Road, Suite 400, Wilmington, DE, 19808, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

16.    Defendants Praxair, Inc., Praxair Distribution Mid-Atlantic, LLC, GTS Welco, Praxair Distribution Mid-Atlantic, LLC, d/b/a GTS-Welco, Praxair Technology, Inc., Praxair Distribution, Inc., Praxair Healthcare Services, Inc., Praxair Healthcare Services, Caring Medical Supply Corp., Praxair Services, Inc., Praxair S. T. Technology, Inc., Praxair Partnership, Praxair Technology Solutions, Inc., are herein collectively referred to as "Defendants Praxair."

17.     At all times material hereto, Defendants Praxair acted and/or failed to act, individually, and/or by and through their actual and/or apparent subsidiaries, agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency and in furtherance of the Defendants' business interests.

18.     Defendant, Western Enterprises, A Scott Fetzer Company, is upon information and belief, an Ohio corporation with a principal place of business at 28800 Clemens Road, Westlake, Ohio, 44145, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

19.     Defendant, Western, A Scott Fetzer Company, is upon information and belief, an Ohio corporation with a principal place of business at 28800 Clemens Road, Westlake, Ohio, 44145, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

20.     Defendant, Western Enterprises, is upon information and belief, an Ohio corporation with a principal place of business at 28800 Clemens Road, Westlake, Ohio, 44145, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

21.     Defendant, Western/Scott Fetzer Company, is upon information and belief, an Ohio corporation with a principal place of business at 28800 Clemens Road, Westlake, Ohio, 44145, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

22.     Defendant, Western Medica, is upon information and belief, an Ohio corporation with a principal place of business at 28800 Clemens Road, Westlake, Ohio, 44145, which regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

23.     Defendants Western Enterprises, A Scott Fetzer Company, Western, A Scott Fetzer Company, Western Enterprises, Western/Scott Fetzer Company and Western Medica, are herein collectively referred to as "Defendants Western Scott Fetzer."

24.     At all times material hereto, Defendants Western Scott Fetzer acted and/or failed to act, individually, and/or by and through their actual and/or apparent subsidiaries, agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency and in furtherance of the Defendants' business interests.

25.     Defendants, John Doe(s) 1-10, are fictitious names for corporations, agencies, companies, entities, individuals, contractors, subcontractors, public entities, persons, and/or businesses, the identity of which are not known at present, but who at all times relevant hereto, were involved in the  manufacture, design, testing, inspection, distribution, sale, placing into the stream of commerce, promotion and/or supply of the Praxair Grab 'n Go Vantage portable oxygen cylinder unit that ignited and exploded on April 10, 2014, causing serious injuries to Plaintiff Agnes Lawson.

26.    At all times material hereto, Defendants John Doe(s) 1-10 acted and/or failed to act, individually, and/or by and through their actual and/or apparent subsidiaries, agents, contractors, independent contractors, subcontractors, servants, workmen, employees, representatives, and/or ostensible agents, who was/were acting within the course and scope of their actual and/or apparent employment, agency, representation, and/or ostensible agency and in furtherance of the Defendants' business interests.

27.    Defendants John Doe(s) 1-10 regularly conducted business in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

28.    Upon information and belief, all Defendants were engaged in continuing and substantial business activities, and regularly conducted business, in Middlesex County, New Jersey, and the State of New Jersey at all times material hereto.

29.    Upon information and belief, at all times relevant and material hereto, Defendants Praxair manufactured, designed, inspected, tested, marketed, distributed, sold, placed into the stream of commerce and/or supplied a Praxair Grab 'n Go Vantage portable oxygen cylinder unit that ignited and exploded on April 10, 2014, at University Medical Center at Princeton, in Middlesex County, New Jersey, causing serious injuries to Plaintiff Agnes Lawson.

30.    Upon information and belief, at all times relevant and material hereto, Defendants Western Scott Fetzer manufactured, designed, inspected, tested, marketed, distributed, sold, placed into the stream of commerce and/or supplied a Praxair Grab 'n Go Vantage portable oxygen cylinder unit that ignited and exploded on April 10, 2014, causing serious injuries to Plaintiff Agnes Lawson.

31.     Upon information and belief, at all times relevant and material hereto, Defendants John Doe(s) 1-10 manufactured, designed, inspected, tested, marketed, distributed, sold, placed into the stream of commerce and/or supplied a Praxair Grab 'n Go Vantage portable oxygen cylinder unit that ignited and exploded on April 10, 2014, causing serious injuries to Plaintiff Agnes Lawson.

32.     At all times relevant and material hereto, each of the Defendants acted directly and/or by and through their actual or apparent agents, employees, ostensible agents, servants, workmen, and/or representatives, who was/were acting within the course and scope of their actual or apparent employment, agency, representation, and/or authority, and in furtherance of each Defendant's interests.

33.     All Defendants are jointly and severally liable to the Plaintiffs.

## II.   **FACTUAL AVERMENTS**

34.   Prior to April 10, 2014, all Defendants, collectively and in concert with each other, were responsible for researching, designing, testing, developing, exporting, manufacturing, assembling, marketing, advertising, distributing, selling, and placing into the stream of commerce a portable medical oxygen system called the Praxair Grab 'n Go Vantage.





35.   The Praxair Grab 'n Go Vantage portable medical oxygen system ("Grab 'n Go") was comprised of an oxygen regulator and pressure gauge combined that were attached to a gas cylinder as one unit, and was intended to be used by individuals that required portable oxygen.

36.   The Defendants collectively and in concert with each other were responsible for marketing and advertising the Praxair Grab 'n Go Vantage portable

oxygen cylinder units to hospitals, medical care providers and the public as an oxygen supply system from portable cylinders.

37.    The Defendants collectively and in concert with each other were responsible for placing into the stream of commerce, selling, providing and/or distributing the Product (an individual Praxair Grab 'n Go Vantage portable oxygen cylinder unit) to the University Medical Center at Princeton, located at 1 Plainsboro Road, Plainsboro Township, NJ, 08536, in Middlesex County, New Jersey.

38.    At all times material hereto, the Product had not been substantially altered when it left Defendants' control.

39.    At all times material and relevant hereto, the Defendants knew or should have known that the Product was defective and in an unreasonably dangerous condition because it could ignite and/or explode upon physical impact and/or when it fell to the ground.

40.    Defendants knew or should have known that the Product was defective and in an unreasonably dangerous condition which would expose people, including patients, workers and employees at University Medical Center at Princeton, to an unreasonably dangerous condition which placed them at risk of serious injury, including burns and/or death.

41.    At all times material and relevant hereto, the Defendants were negligent in designing the Product.

42.    At all times material and relevant hereto, the Defendants were negligent in manufacturing Product.

43.    At all times material and relevant hereto, the Defendants defectively designed the Product when they did not employ a reasonable safer design of the Product.

44.    At all times material and relevant hereto, the Defendants defectively designed the Product because the foreseeable risks of the Product exploding upon physical impact and/or when it fell to the ground could have been avoided by the adoption of a reasonable safer design and the omission of the alternative design rendered the Product not reasonably safe.

45.    At all times material and relevant hereto, the Product contained a manufacturing defect which made the Product not reasonably safe.

46.    At all times material and relevant hereto, the Defendants failed to manufacture the Product according to the Defendants' own design specifications and/or performance standards.

47.    At all times material and relevant hereto, the Defendants failure to manufacture the Product according to the Defendants' own design specifications and/or performance standards made the Product not reasonably safe for its intended or reasonably foreseeable uses.

48.    At all times material and relevant hereto, the Defendants failed to ensure that the Product was reasonably fit, suitable and safe for its intended or reasonably foreseeable uses and to reasonably foreseeable users of the Product, and to those who may reasonably be expected to come into contact with the Product.

49.    At all times material and relevant hereto, the Defendants failed to make reasonable inspections and perform adequate tests to locate defects and dangerous conditions in the Product.

50.    At all times material and relevant hereto, the defective condition of the Product existed before the Product left the control of the Defendants.

51.    At all times material and relevant hereto, the Defendants failed to have adequate warnings and/or instructions on the Product that the Product could explode upon physical impact and/or when it fell to the ground.

52.    At all times material and relevant hereto, the Defendants failed to have adequate warnings and/or instructions on the Product on how to use the Product safely.

53.    At all times material and relevant hereto before the Product left the control of the Defendants, the Defendants failed to have adequate warnings and and/or instructions on the Product that it could explode upon physical impact and/or when it fell to the ground..

54.    Prior to November 16, 2012, Defendants became aware of a serious defect associated with the Praxair Grab 'n Go Vantage. Specifically, it was determined that when Praxair Grab 'n Go Vantage portable oxygen cylinder units fell over and/ or were subject to physical impact, the Praxair Grab 'n Go Vantage could ignite, explode and cause fires resulting in serious injuries, burns and death to foreseeable users, handlers and those within the area exposed to this risk.

55.     On or about November 16, 2012, Defendant Praxair, Inc., announced a recall (hereinafter "the Recall") of the Praxair Grab 'n Go Vantage portable oxygen cylinder units

**U.S. Food and Drug Administration**
Protecting and Promoting *Your* Health

# Praxair Inc., Grab 'n Go Vantage Portable Oxygen Cylinder Units

**Recall Class:** Class I

**Date Recall Initiated:** November 16, 2012

**Product(s):** Grab 'n Go Vantage Portable Oxygen Cylinder unit

**Reason for Recall:** Praxair Inc. has initiated a voluntary recall of its Grab 'n Go Vantage Portable Oxygen Cylinder unit because fires may occur inside the cylinder unit causing the wall of the unit to break and release oxygen. The fires are self extinguishing and may be caused by physical impact such as dropping or knocking over the cylinder unit. If a fire occurs, users may experience burns or a lack of oxygen (hypoxia This product may cause serious adverse health consequences, including death.

Class I recalls are the most serious type of recall and involve situations in which there is a reasonable probability that use of these products will cause serious adverse health consequences or death.

56.     On or about December 20, 2012, Defendant Praxair, Inc., announced that during the Recall when Praxair Grab 'n Go Vantage portable oxygen cylinder units came to the Defendants' facilities for routine servicing and filling, Defendants would perform repairs and modifications to the Praxair Grab 'n Go Vantage portable oxygen cylinder units, including replacing an "o-ring" that sits between the oxygen regulator valve and cylinder of the unit.

57.     The repairs and modifications to the Praxair Grab 'n Go Vantage units during the Recall by the Defendants were intended to eliminate the unreasonably dangerous risk of fire, explosion, severe injury and death associated with this defective condition of each Praxair Grab 'n Go Vantage unit.

58.     Prior to April 10, 2014, the Product was returned to Defendants as part of the Recall for repairs and modifications to the Product.

59.     At all times material and relevant hereto, during the Recall the Defendants failed to make reasonable inspections and performs adequate tests to locate defects and dangerous conditions in the Product.

60.     After repairs and modifications were supposed to have been made to the Product during the Recall and prior to April 10, 2014, the Product was placed into the stream of commerce, sold, distributed and/or returned by Defendants to the University Medical Center at Princeton, in Middlesex County, New Jersey.

61.     At all times material and relevant hereto during and following the Recall, the Defendants failed ensure that the Product was reasonably fit, suitable and safe for its intended or reasonably foreseeable uses and to reasonably foreseeable users of the Product, and to those who may reasonably be expected to come into contact with the Product.

62.     At all times material and relevant hereto following the Recall, the Product failed to contain an adequate warning and/or instruction that Product could explode upon physical impact and/or when it fell to the ground.

63.     At all times material and relevant hereto, the Defendants failed to have adequate warnings and/or instructions on the Product on how to use the Product safely.

64.     At all times material and relevant hereto following the Recall and before the Product left the control of the Defendants, the Defendants failed to have adequate warnings and and/or instructions on the Product that it could explode upon physical impact and/or when it fell to the ground.

65.     At all times material hereto, the Product had not been substantially altered since it left Defendants' control following the Recall.

66.     After repairs and modifications were supposed to have been made to the Product during the Recall and prior to April 10, 2014, Defendants knew or should have known that the Product continued to be defective and in an unreasonably dangerous condition which would expose foreseeable users, handlers and those within the area exposed to the risk, including workers and employees at University Medical Center at Princeton, to an unreasonably dangerous condition which placed them at risk of serious injury, including burns and/or death.

67.     On April 10, 2014, Plaintiff Agnes Lawson was working as part of the nursing staff at University Medical Center at Princeton, in patient room 337, in Middlesex County, New Jersey.

68.     On April 10, 2014, the Product was on the floor, in an upright position, in patient room 337 at University Medical Center at Princeton at the time Plaintiff Agnes Lawson was working in this patient room.

69.    On April 10, 2014, the Product was knocked over in patient room 337 causing it to fall to the floor and explode.

Oxygen regulator and canister of the Product following the April 10, 2014 explosion.

 

Damage to room 337 on April 10, 20/14 following the explosion of the Product.



70.    On April 10, 2014, the explosion of the Product caused severe and permanent injuries to Plaintiff Agnes Lawson.

71.    At the time of the April 10, 2014 accident, the Product was being used properly for its intended purposes and/or for an intended or reasonably foreseeable purpose.

72.    At the time of the April 10, 2014 accident, the Product was not being misused.

73.    At the time of the April 10, 2014 accident, Plaintiff Agnes Lawson was a person who might reasonably be expected to come into contact with the Product.

74.    The Defendants' negligent design and/or manufacture of the Product made it defective and unreasonably dangerous and was a proximate cause of the April 10, 2014 accident.

75.    The Defendants failure to have adequate warnings and/or instructions that the Product was at risk of exploding upon physical impact, when it tipped over and/or when it fell to the ground, was a proximate cause of the April 10, 2014 accident.

76.    The Product that caused Agnes Lawson's injuries on April 10, 2014 was not reasonably fit, suitable or safe for its intended purpose because it failed to contain adequate warnings and/or instructions for use.

77.    Defendants knew or should have known that as of April 10, 2014, the Product was in a dangerous condition which would expose people, including workers and employees at University Medical Center at Princeton, and Plaintiff Agnes Lawson, to an unreasonably dangerous condition which placed them at risk of serious injury, including burns and/or death.

78.    The explosion of the Product on April 10, 2014 and resulting injuries to Plaintiff Agnes Lawson was directly and proximately caused by the negligence, carelessness, and recklessness of the Defendants, as set forth more fully herein.

79.    At all times relevant and material hereto, Defendants controlled the repairs and modifications to the Praxair Grab 'n Go Vantage portable oxygen cylinder units, including the Product, during the Recall.

80.    At all times relevant and material hereto, the Defendants had a duty to ensure that during the Recall that safe and appropriate modifications were made to the Praxair Grab 'n Go Vantage portable oxygen cylinder units, including the Product, so that the Praxair Grab 'n Go Vantage units were no longer defective and in an unreasonably dangerous condition, including exploding upon physical impact and/or when the Praxair Grab 'n Go Vantage fell to the ground.

81.    At all times relevant and material hereto, the Defendants had a duty to hire, retain, and/or select competent personnel, servants, workmen, employees, agents, representatives, contractors, subcontractors, and/or ostensible agents to perform safe and appropriate modifications to the Praxair Grab 'n Go Vantage portable oxygen cylinder units, including the Product, during the Recall, so that they were no longer defective and in an unreasonably dangerous condition, including exploding upon physical impact and/or when they fell to the ground.

82.    At all times relevant and material hereto, the Defendants had a duty to ensure that the modifications and repairs made to the Praxair Grab 'n Go Vantage portable oxygen cylinder units, including the Product, during the Recall, were made by properly trained and supervised personnel, employees, agents, representatives,

contractors, independent contractors, and/or ostensible agents, in a non-negligent manner so as to prevent injuries to persons, such Plaintiff Agnes Lawson.

83.     At all times relevant and material hereto, the Defendants had a duty to warn all persons that could come into contact with the Product, including Plaintiff Agnes Lawson, that it was in a defective and in an unreasonably dangerous condition, including the risk of the Product exploding upon physical impact and/or when it fell to the ground.

84.     At all times relevant and material hereto, the Defendants were aware that the Product was at risk of exploding upon physical impact and/or when it fell to the ground.

85.     At all times material and relevant hereto, the Product was defective and dangerous as the Product failed to have adequate warnings to all foreseeable users and handlers of the Product that it could explode upon physical impact and/or when it fell to the ground.

86.     At all times material and relevant hereto, the Product failed to contain adequate warnings and/or instructions that Product could explode upon physical impact and/or when it fell to the ground.

87.     The Defendants, directly and by and through their actual and/or apparent agents, servants, workmen, employees, representatives, contractors, independent contractors, subcontractors, subsidiaries, and/or ostensible agents, negligently, carelessly and recklessly allowed the Product to be in a defective and in an unreasonably dangerous condition on April 10, 2014 causing the Product to explode on April 10, 2014, which caused the injuries to Plaintiff Agnes Lawson.

88.     The Defendants, directly and by and through their actual and/or apparent agents, servants, workmen, employees, representatives, contractors, independent contractors, subcontractors, subsidiaries, and/or ostensible agents, failed to make the appropriate repairs and modifications to the Product during the Recall allowing it to remain in a defective and in an unreasonably dangerous condition.

89.     The Defendants knew or should have known of the existence of the defective and dangerous condition of the Product and failed to remove or eliminate this dangerous condition and/or warn individuals, including Plaintiff Agnes Lawson, of this defective and dangerous condition.

90.     The defective and dangerous condition of the Product, including the fact that it would explode upon physical impact and/or when it fell to the ground, presented a reasonably foreseeable risk that persons in the Plaintiff Agnes Lawson's position would suffer injuries such as those suffered by the Plaintiff.

91.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants and/or the defective and dangerous condition of the Product, Plaintiff Agnes Lawson suffered grievous personal injuries, and great physical and emotional pain, as set forth hereinafter.

## III.    **DAMAGES**

92.     The preceding paragraphs are incorporated by reference as if set forth fully.

93.     As a direct result of the conduct of all Defendants herein, Plaintiff Agnes Lawson sustained serious, painful and permanent injuries including burns to her face, neck, shoulders, arms, legs and feet, and permanent scarring on those areas of her

body. These severe, permanent and catastrophic injuries have required multiple hospitalizations and surgical procedures all of which caused severe scarring, disfigurement and loss of function, which have and will require future medical care, treatment, and therapy.



94.    As a direct and proximate result of the conduct of all Defendants herein, Plaintiff Agnes Lawson has suffered and will in the future suffer grievous physical pain, suffering, mental and emotional suffering, anguish, and loss of enjoyment of life.

95.    As a direct and proximate result of the conduct of all Defendants herein, Plaintiff Agnes Lawson has incurred expenses for medical care, treatment and therapy and will incur these expenses into the future.

96.    As a direct and proximate result of the conduct of all Defendants herein, Plaintiff Agnes Lawson has sustained and will in the future sustain a loss of earnings and earning capacity, and the Plaintiffs have suffered financial losses.

97.    As a direct and proximate result of the conduct of all Defendants herein, Plaintiff Agnes Lawson has been prevented, and will be prevented in the future, from engaging in her usual activities, avocations, occupation, and/or lifestyle, all to her great personal and financial loss.

98.    As a direct and proximate result of the conduct of all Defendants herein, Plaintiff Agnes Lawson has suffered, and may continue to suffer in the future, great pain, discomfort, trauma, scarring and disfigurement, humiliation, mental anguish and loss of function and enjoyment of life.


## IV.    CAUSES OF ACTION

### COUNT I – NEGLIGENCE
### Plaintiffs v. All Defendants

99.    Plaintiffs hereby incorporate the preceding paragraphs as though set forth fully herein.

100.    The explosion of the Product on April 10, 2014 and Plaintiff Agnes Lawson's injuries were caused by the negligent, careless and reckless conduct of the Defendants in researching, testing, designing, developing, manufacturing, importing, marketing, advertising, distributing, placing into the stream of commerce, assembling

and selling the Product and by engaging in the following negligent, careless and reckless conduct:

a. Failing to design a safe and effective regulator and cylinder in the Product;

b. Carelessly and negligently selling and distributing the Product that lacked a safe and reliable regulator and cylinder;

c. Carelessly and negligently selling and distributing the Product that contained a defective, malfunctioning regulator and cylinder;

d. Carelessly and negligently selling and distributing the Product that lacked adequate or any safeguards to prevent the Product from tipping over;

e. Carelessly and negligently selling and distributing the Product that was prone to tipping over because of the top-heavy design of the Product;

f. Carelessly and negligently selling and distributing the Product that contained a defective, malfunctioning regulator and cylinder that allowed the connection between the regulator and cylinder to fracture and break upon impact and/or when it fell over;

g. Carelessly and negligently selling and distributing the Product that contained a defective, malfunctioning regulator and cylinder that allowed the connection between the regulator and cylinder to unsafely absorb forces upon impact and fracture and break;

h. Carelessly and negligently selling and distributing the Product that lacked adequate or any safeguards to prevent the connection between the regulator and cylinder from fracturing and breaking upon impact causing the Product to explode;

i. Carelessly and negligently selling and distributing the Product that lacked adequate or any safeguards to prevent the Product from exploding when impacted and/or when it fell over;

j. Carelessly and negligently selling and distributing the Product that could ignite and/or explode upon physical impact and/or when it fell to the ground;

k. Carelessly and negligently selling and distributing the Product that did not employ a reasonable safer design of the Product;

l.   Carelessly and negligently failing to adopt a reasonable safer design of the Product and omitting an alternative design that would have rendered the Product reasonably safe;

m.   Carelessly and negligently selling and distributing the Product that contained a manufacturing defect which made the product not reasonably safe.

n.   Carelessly and negligently failing to manufacture the Product according to the Defendants' own design specifications and/or performance standards.

o.   Carelessly and negligently failing to manufacture the Product according to the Defendants' own design specifications and/or performance standards which made the product not reasonably safe for its intended or reasonably foreseeable uses.

p.   Carelessly and negligently failing to ensure that the Product was reasonably fit, suitable and safe for its intended or reasonably foreseeable uses and to reasonably foreseeable users of the Product, and to those who may reasonably be expected to come into contact with the Product;

q.   Carelessly and negligently failing to make reasonable inspections and perform adequate tests to locate defects and dangerous conditions in the Product;

r.   Carelessly and negligently failing to perform adequate testing on the Product to ensure that it would not explode when impacted or tipped over;

s.   Carelessly and negligently selling and distributing the Product that failed to have adequate warnings and and/or instructions on the Product that it could explode upon physical impact and/or when it fell to the ground.

t.   Carelessly and negligently selling and distributing the Product that lacked adequate or any devices to warn an individual that the Product may ignite and/or explode when impacted or tipped over;

u.   Carelessly and negligently selling and distributing the Product that lacked adequate or any warnings or instructions as to the safe operation of the Product given the nature of the defective, malfunctioning regulator and cylinder;

v.   Carelessly and negligently selling and distributing the Product that contained no warnings or instructions that the Product could be

unreasonably dangerous given the unreliable regulator and cylinder and its known propensity to ignite and explode;

w.    Carelessly and negligently selling and distributing the Product without adequate written warnings, instructions and/or materials regarding the safe use of the Product;

x.    Carelessly and negligently selling and distributing the Product without adequate training regarding the safe use of the Product provided to foreseeable users and handlers of the product;

y.    The Product is defective in design because it is not equipped with available devices that would have prevented the Product from tipping over and/or falling;

z.    The Product is defective in design because it is not equipped with available devices to prevent the Product from igniting and exploding when impacted, tipped over and/or falling to the ground;

aa.    The Product is defective in design because it is not equipped with available devices to prevent the regulator and cylinder from breaking when impacted, tipped over and/or falling to the ground;

bb.    The Product is defective in design because it is equipped with grossly inadequate warnings or instructions that the Product may ignite and/or explode when impacted, tipped over and/or falling to the ground;

cc.    The Product is defective in design because it is equipped with a regulator and cylinder composed of materials that lose their ability to perform safely and effectively during the expected and ordinary useful life of the Product and contains no warnings to foreseeable users and handlers that these materials lose their safety and effectiveness;

dd.    In breach of their duty, Defendants carelessly and negligently incorporated into the design and assembly of the Product parts that could not stand up to normal usage;

ee.    Carelessly and negligently failing to design, develop, manufacture, market, sell and distribute the Product such that it would not injure users;

ff.    Carelessly and negligently failing to properly design, develop and manufacture the component parts that that rendered the product to be dangerous and defective for its intended use, and

gg.   Such other acts or omissions constituting carelessness, negligence, recklessness and gross negligence as may be ascertained through discovery, or may be demonstrated by the evidence adduced at trial.

101.   Defendants failed to adequately test and/or visually inspect the Product prior to manufacture, marketing, and distributing, and failed to test the product subsequent to assembly and/or immediately prior to delivery of the product into the stream of commerce.

102.   The Defendants' negligent design and/or manufacture of the Product made it defective and unreasonably dangerous and was a proximate cause of the April 10, 2014 accident.

103.   The Defendants failure to have adequate warnings and/or instructions that the Product was at risk of exploding upon physical impact, when it tipped over and/or when it fell to the ground, was a proximate cause of the April 10, 2014 accident.

104.   Defendant's failure to perform adequate testing and to give adequate and appropriate information, warning and directions to users of the Product was a direct and proximate cause of the severe and permanent injuries sustained by Plaintiff Agnes Lawson.

105.   At all times referenced herein, Defendants and each of them were acting as agents and employees of each of the other Defendants and were acting within the scope, purpose and authority of that agency and employment and with full knowledge, permission and consent of each other Defendant.

106.   As a direct and proximate result of the Defendants' negligence, carelessness, and recklessness, Plaintiff Agnes Lawson was caused to suffer and continues to suffer from the catastrophic injuries and damages set forth herein.

WHEREFORE, Plaintiffs, Agnes Lawson and Cassius Lawson, w/h, demand judgment against all Defendants, jointly and severally, for all compensatory damages as well as punitive damages together with interest, attorneys' fees, costs of suit, and any other relief deemed equitable and just by the Honorable Court.

## COUNT II – STRICT PRODUCTS LIABILITY
### Plaintiffs v. All Defendants

107.   Plaintiffs hereby incorporate the preceding paragraphs as though set forth fully herein.

108.   Defendants manufactured, inspected, tested, designed, distributed, marketed, sold, leased, rented, assembled, and/or supplied the Product.

109.   Defendants placed the Product in question into the stream of commerce.

110.   Defendants manufactured, designed, distributed, marketed, sold, leased, rented, and/or supplied the Product in a defective condition, which condition was unreasonably dangerous to the intended and foreseeable users of the Product.

111.   The injuries and losses sustained by the Plaintiffs were caused by the Defendants manufacture, design, testing, inspection, distribution, sale, placing into the stream of commerce, promotion and/or supply of the Product which was defective and was not reasonably fit, suitable or safe for its intended purpose pursuant to N.J.S.A. 2A:58C-2.

112.   A technologically reasonable, feasible and/or practical alternative design was available at the time this product was designed, manufactured and/or sold which would have reduced and/or prevented plaintiff's harm.

113.   A technologically reasonable, feasible and/or practical alternative design was available at the time this product was designed, manufactured and/or sold which

would have reduced and/or prevented the oxygen canister from exploding when tipped over.

114.   Defendants are strictly liable pursuant to the New Jersey Products Liability Act, § 2A:58C-1.

115.   The product that caused Plaintiff's harm was not reasonably fit, suitable or safe for its intended purpose because it a) deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, b) failed to contain adequate warnings or instructions, and/or c) was designed in a defective manner.

116.   The injuries and damages sustained by Plaintiff Agnes Lawson were caused by Defendants' design, sale, or supply of a defective product unreasonably dangerous for use, for which Defendants are strictly liable.

117.   Defendants' manufactured, supplied, warranted, sold and placed on the market and into the stream of commerce a defective and unreasonably dangerous product, knowing that the Product would reach consumers without substantial change in the dangerous and defective condition in which it was sold and that, at the time the Product left Defendants' control, it was defective and in an unreasonably dangerous condition.

118. When the Defendants researched, designed, tested, developed, manufactured, supplied, warranted, exported, imported, assembled, marketed, advertised, distributed and/or sold the Product, they were aware that a portable oxygen supply system, including a regulator, valve and cylinder, that did not explode when

impacted, tipped over and/or fell to the ground was necessary for a reasonably safe and effective product.

119.   The Defendants have known, and knew at the time of the manufacture of the Product, that the defective and dangerous condition of the Product posed a serious and imminent danger to the lives and safety of those in close proximity to, and foreseeable users and handlers of the Product.

120.   The Defendants have known, and knew at the time of the manufacture of the Product, that a safe and effective product, free from defect, must contain effective and adequate warnings and instructions, and safety devices to prevent, and which actually prevents, harm to reasonably foreseeable users.

121.   The Product was not equipped with every element necessary to make it safe for its reasonably foreseeable users.

122.   Defendants failed to warn all users of the defective and dangerous condition of the Product.

123.   At all times material and relevant hereto, the Defendants knew or should have known that the Product was defective and in an unreasonably dangerous condition because it could ignite and/or explode upon physical impact and/or when it fell to the ground.

124.   At all times material and relevant hereto, the Defendants defectively designed the Product when that did not employ a reasonable safer design of the Product.

125.   At all times material and relevant hereto, the Defendants defectively designed the Product because the foreseeable risks of the Product exploding upon

physical impact and/or when it fell to the ground could have been avoided by the adoption of a reasonable safer design and the omission of the alternative design rendered the Product not reasonably safe.

126.   At all times material and relevant hereto, the Product contained a manufacturing defect which made the Product not reasonably safe.

127.   At all times material and relevant hereto, the Defendants failed to manufacture the Product according to the Defendants' own design specifications and/or performance standards.

128.   At all times material and relevant hereto, the Defendants failure to manufacture the Product according to the Defendants' own design specifications and/or performance standards made the Product not reasonable safe for its intended or reasonably foreseeable uses.

129.   At all times material and relevant hereto, the Defendants failed ensure that the Product was reasonably fit, suitable and safe for its intended or reasonably foreseeable uses and to reasonably foreseeable users of the Product, and to those who may reasonably be expected to come into contact with the Product.

130.   At all times material and relevant hereto, the Defendants failed to make reasonable inspections and performs adequate tests to locate defects and dangerous conditions in the Product.

131.   At all times material and relevant hereto, the Defendants failed to have an adequate warning and/or instruction on the Product that the Product could explode upon physical impact and/or when it fell to the ground.

132.   At all times material and relevant hereto, the Defendants failed to have an adequate warning and/or instruction on the Product for the safe use of the Product.

133.   At all times material and relevant hereto before the Product left the control of the Defendants, the Defendants failed to have adequate warnings and and/or instructions on the Product that it could explode upon physical impact and/or when it fell to the ground.

134.   At all times material hereto, the Product had not been substantially altered since it left Defendants' control.

135.   The Product was defective and unsafe in that the Product was not safe for its reasonably foreseeable uses in that it subjected Plaintiff Agnes Lawson to serious injuries when the Product was used in its intended and foreseeable manner.

136.   At the time of the April 10, 2014 accident, the Product was being used properly for its intended purposes and/or for an intended or reasonably foreseeable purpose.

137.   At the time of the April 10, 2014 accident, the Product was not being misused.

138.   At the time of the April 10, 2014 accident, Plaintiff Agnes Lawson was a person who might reasonably be expected to come into contact with the Product.

139.   The defective condition of the Product was a proximate cause of Plaintiff Agnes Lawson's injuries on April 10, 2014.

140.   The injuries and losses sustained by the Plaintiffs, including Plaintiff Agnes Lawson, were caused by the reckless, willful, wanton and intentional misconduct of the Defendants as described herein that Defendants were aware that the Product could explode upon physical impact and/or when it fell to the ground but nevertheless knowingly chose to market, supply, sell, place on the market and into the stream of commerce the Product in that condition, willfully concealing from the public information regarding the dangers of the Product, entitling Plaintiffs to an award of punitive damages in accordance with N.J.S.A. 2A:15-5.12.

WHEREFORE, Plaintiffs, Agnes Lawson and Cassius Lawson, w/h, demand judgment against all Defendants, jointly and severally, for all compensatory damages as well as punitive damages together with interest, attorneys' fees, costs of suit, and any other relief deemed equitable and just by the Honorable Court.

## COUNT III – NEGLIGENCE
### Plaintiffs v. All Defendants

141.   Plaintiffs hereby incorporate the preceding paragraphs as though set forth fully herein.

142.   Prior to November 16, 2012, Defendants became aware of a serious defect associated with the Praxair Grab 'n Go Vantage. Specifically, it was determined that when Praxair Grab 'n Go Vantage portable oxygen cylinder units fell over and/ or were subject to physical impact, the Praxair Grab 'n Go Vantage could ignite, explode and cause fires resulting in serious injuries, burns and death to foreseeable users and handlers.

143.   On or about November 16, 2012, Defendant Praxair, Inc., announced the Recall of the Praxair Grab 'n Go Vantage portable oxygen cylinder units.

144.   On or about December 20, 2012, Defendant Praxair, Inc., announced that during the Recall when Praxair Grab 'n Go Vantage portable oxygen cylinder units came to the Defendants' facilities for routine servicing and filling, Defendants would perform repairs and modifications to the Praxair Grab 'n Go Vantage portable oxygen cylinder units, including replacing an "o-ring" that sits between the oxygen regulator valve and cylinder of the unit.

145.   Prior to April 10, 2014, the Product was returned to Defendants as part of the Recall for repairs and modifications to the Product.

146.   Defendants had a duty to perform the necessary, proper and required repairs on the Product during the Recall to prevent the Product from igniting and/or exploding in the event the Product was impacted, tipped over and/or fell to the ground.

147.   Once Defendants performed the necessary, proper and required repairs on the Product during the Recall, Defendant, Praxair, Inc., had a duty to distribute the Product so that it was neither unreasonably dangerous nor defective in its warnings, design or manufacture to foreseeable users.

148.   The Defendants breached these duties during the Recall as set forth more fully above and in the following respects:

   a. Carelessly and negligently failing to make safe and effective repairs and modifications to the Product during the Recall to prevent the Product from exploding when tipped over, falling to the ground,/or subject to impact;

   b. Carelessly and negligently failing to retain and use competent personnel to perform safe and effective repairs and modifications to the Product during the Recall;

c. Carelessly and negligently selling and distributing the Product after the Recall that contained a defective, malfunctioning regulator and cylinder;

d. Carelessly and negligently selling and distributing the Product after the Recall that lacked adequate or any safeguards to prevent the Product from tipping over;

e. Carelessly and negligently selling and distributing the Product after the Recall that was prone to tipping over because of the top-heavy design of the Product;

f. Carelessly and negligently selling and distributing the Product after the Recall that contained a defective, malfunctioning regulator and cylinder that allowed the connection between the regulator and cylinder to fracture and break upon impact, tipped over and/or fell to the ground;

g. Carelessly and negligently selling and distributing the Product after the Recall that contained a defective, malfunctioning regulator and cylinder that allowed the connection between the regulator and cylinder to absorb unsafe forces upon impact and fracture and break;

h. Carelessly and negligently selling and distributing the Product after the Recall that lacked adequate or any safeguards to prevent the connection between the regulator and cylinder from fracturing and breaking upon impact and/or falling to the ground causing the Product to explode

i. Carelessly and negligently selling and distributing the Product after the Recall that lacked adequate or any safeguards to prevent the Product from exploding when impacted and/or tipped over;

j. Carelessly and negligently selling and distributing the Product after the Recall that could ignite and/or explode upon physical impact and/or when it fell to the ground;

k. Carelessly and negligently selling and distributing the Product after the Recall that did not employ a reasonable safer design of the Product;

l. Carelessly and negligently selling and distributing the Product after the Recall that failed to adopt a reasonable safer design of the Product and omitted an alternative design that would have rendered the Product reasonably safe;

m. Carelessly and negligently failing to ensure that the Product after the Recall was reasonably fit, suitable and safe for its intended or reasonably foreseeable uses and to reasonably foreseeable users of the Product, and to those who may reasonably be expected to come into contact with the Product;

n. Carelessly and negligently failing to make reasonable inspections and perform adequate tests during the Recall to locate defects and dangerous conditions in the Product;

o. Carelessly and negligently failing to perform adequate testing on the Product during the Recall to ensure that it would not explode when impacted, tipped over and/or fell to the ground;

p. Carelessly and negligently selling and distributing the Product after the Recall that failed to have adequate warnings and and/or instructions on the Product that it could explode upon physical impact and/or when it fell to the ground.

q. Carelessly and negligently selling and distributing the Product after the Recall that lacked adequate or any devices to warn an individual that the Product may ignite and/or explode when impacted, tipped over and/or fell to the ground;

r. Carelessly and negligently selling and distributing the Product after the Recall that lacked adequate or any warnings or instructions as to the safe operation of the Product given the nature of the defective, malfunctioning regulator and cylinder;

s. Carelessly and negligently selling and distributing the Product after the Recall that contained no warnings or instructions that the Product could be unreasonably dangerous given the unreliable regulator and cylinder and its known propensity to ignite and explode;

t. Carelessly and negligently selling and distributing the Product after the Recall without adequate written warnings, instructions and/or materials regarding the safe use of the Product;

u. Carelessly and negligently selling and distributing the Product after the Recall without adequate training for the safe use of the Product provided to foreseeable users and handlers of the Product;

v. The Product was defective in design after the Recall because it was not equipped with available devices that would have prevented the Product from tipping over and/or falling to the ground;

w. The Product was defective in design after the Recall because it was not equipped with available devices to prevent the Product from igniting and exploding when impacted, tipped over and/or falling to the ground;

x. The Product was defective in design after the Recall because it was not equipped with available devices to prevent the regulator and cylinder from breaking when impacted, tipped over and/or falling to the ground;

y.  The Product was defective in design after the Recall because it was equipped with grossly inadequate warnings that the Product may ignite and/or explode when impacted, tipped over and/or falling to the ground;

z.  The Product was defective in design after the recall because it was equipped with a regulator and cylinder composed of materials that lose their ability to perform safely and effectively during the expected and ordinary useful life of the Product and contained no warnings to foreseeable users and handlers that these materials lose their safety and effectiveness;

aa. In breach of their duty, Defendants carelessly and negligently incorporated into the Product during the Recall, parts that that could not stand up to normal usage;

bb. Carelessly and negligently failing to properly design, develop and manufacture the component parts during the Recall that that rendered the product to be dangerous and defective for its intended use, and

cc. Such other acts or omissions constituting carelessness, negligence, recklessness and gross negligence as may be ascertained through discovery, or may be demonstrated by the evidence adduced at trial.

149.   The Defendants' negligent design and/or manufacture of the Product made it defective and unreasonably dangerous and was a proximate cause of the April 10, 2014 accident.

150.   The Defendants failure to have adequate warnings and/or instructions that the Product was at risk of exploding upon physical impact, when it tipped over and/or when it fell to the ground, was a proximate cause of the April 10, 2014 accident.

151.   Defendant's failure to perform adequate testing and to give adequate and appropriate information, warning and directions to users of the Product was a direct and proximate cause of the severe and permanent injuries sustained by Plaintiff Agnes Lawson.

152.   As a direct and proximate result of the Defendants negligence, carelessness, and recklessness, Plaintiff Agnes Lawson was caused to suffer and continues to suffer from the catastrophic injuries and damages set forth herein.

WHEREFORE, Plaintiffs, Agnes Lawson and Cassius Lawson, w/h, demand judgment against all Defendants, jointly and severally, for all compensatory damages as well as punitive damages together with interest, attorneys' fees, costs of suit, and any other relief deemed equitable and just by the Honorable Court.

## COUNT IV – LOSS OF CONSORTIUM
### Plaintiff Cassius Lawson v. All Defendants

153.   Plaintiffs incorporate all prior paragraphs of the Complaint as if the same were set forth fully herein.

154.   At all times material hereto, Plaintiff Cassius Lawson was, and is, the lawful husband of Plaintiff Agnes Lawson.

155.   As a direct and proximate result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff Cassius Lawson has been and will continue to be deprived of the love, companionship and consortium of his wife to his great economic, emotional, and personal detriment.

WHEREFORE, Plaintiffs, Agnes Lawson and Cassius Lawson, w/h, demand judgment against all Defendants, jointly and severally, for all compensatory damages as well as punitive damages together with interest, attorneys' fees, costs of suit, and any other relief deemed equitable and just by the Honorable Court.

**SHERIDAN & MURRAY, LLC**


BY:   THOMAS W. SHERIDAN, ESQUIRE
      424 S. Bethlehem Pike, Third Floor
      Fort Washington, PA 19034
      (215) 977-9500
      Attorney for Plaintiffs


Dated: 3/17/16

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs hereby demand a trial by jury as to all issues in this cause of action pursuant to R. 1:8-2(b) and R. 4:35-1 (a)

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to R. 4:25-4, Thomas W. Sheridan, Esquire, is hereby designated as trial counsel for the Plaintiffs on behalf of the law firm of Sheridan & Murray, LLC.

## CERTIFICATION

Thomas W. Sheridan, Esquire, certifies to the best of his personal knowledge, the matter in controversy is not the subject of any prior or pending action or arbitration proceeding in any other court, nor is any other action or arbitration proceeding contemplated, in that no other party should be joined in this action.

I further certify that the forgoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

SHERIDAN & MURRAY, LLC

3/17/16

BY:    THOMAS W. SHERIDAN, ESQUIRE
       424 S. Bethlehem Pike, Third Floor
       Fort Washington, PA 19034
       (215) 977-9500
       Attorney for Plaintiffs