UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AGNES LAWSON, et al., | : | Civil Action No. 16-2435 (PGS) |
| Plaintiffs, | : | |
| v. | : | |
| PRAXAIR, INC., et al., | : | |
| Defendants. | : | |
| | | |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY a/s/o PRINCETON HEALTHCARE SYSTEM HOLDING, INC., and a/s/o PRINCETON HEALTHCARE SYSTEM, A NEW JERSEY NONPROFIT CORPORATION d/b/a UNIVERSITY MEDICAL CENTER OF PRINCETON AT PLAINSBORO, | : | Civil Action No. 16-2436 (PGS) |
| Plaintiff, | : | |
| v. | : | INITIAL SCHEDULING ORDER |
| PRAXAIR, INC., et al., | : | |
| Defendants. | : | |

These matters having come before the Court during an initial scheduling conference on June 30, 2016; pursuant to FED. R. CIV. P. 16; and the Court having conferred with counsel; and good cause appearing for the entry of the within Order;

IT IS on this 30th day of June 2016,

ORDERED THAT:

### I. CONSOLIDATION

1. The Court and counsel having agreed that these matters are appropriate for pretrial case management and discovery purposes, they are hereby consolidated.

### II. DISCLOSURES

2. The Parties must exchange the initial disclosures required by Fed. R. Civ. P.

26(a)(1) by <u>July 20, 2016</u>.

3. Counsel must conduct the E-Discovery conference required by L. Civ. R. 26.1(d) by <u>July 20, 2016</u>.

### III.  DISCOVERY

4. The Parties must serve initial written discovery requests by <u>July 20, 2016</u>.

5. Any motion to amend the pleadings or join new parties, whether by amended or third-party complaint must be filed <u>January 30, 2017</u>.

6. The Parties must complete fact discovery, including depositions, by <u>June 30, 2017</u>.  No discovery is to be issued or conducted after this date.

7. Counsel must meet and confer in a good faith attempt to resolve any discovery or case management dispute before bringing such dispute to the attention of the Court.  Any unresolved dispute must be brought to the Court's attention <u>promptly</u> by letter to the undersigned.  Failure to timely raise a discovery dispute may result in a waiver.

8. No discovery motion shall be made without prior leave of the Court.

### IV.  DISCOVERY CONFIDENTIALITY ORDER

9. Any proposed confidentiality order must be submitted by <u>July 29, 2016</u> and comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3.  *See also Pansy v. Borough of Stroudsburg,* 23 F. 3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson,* 56 F. 3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney/certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney/certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should to order not be entered.  *See* L. Civ. R. 5.3(b).  Any such order must be clearly designated "Discovery Confidentiality Order."  *Id.*

### V.  EXPERTS

10. All affirmative expert reports shall be delivered by <u>July 31, 2017</u>.  Any such report shall be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

11. All responding expert reports shall be delivered by <u>August 31, 2017</u>.  Any such report shall be in the form and content as described above.

12. No expert shall testify at trial as to any opinions or base those opinions on fact not substantially disclosed in his or her report.

### VI.  FUTURE CONFERENCES

13. The Court will conduct telephone status conferences on <u>September 21, 2016</u> at <u>2:00 P.M.</u>, and <u>January 10, 2017</u> at <u>3:00 P.M.</u>, and <u>May 3, 2017</u> at <u>10:00 A.M.</u>  Defense

counsel will initiate these calls.  During the latter call, the Court will set a schedule for expert depositions and/or dispositive motions.

       14.  If the conference is to be conducted via "dial-in", counsel are instructed to call Chambers after all participants are on line.

       15.  Counsel must confer at least 24 hours in advance of each conference to confirm participation.

       16.  The Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel.  Failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions.

       17.  Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

       *s/ Douglas E. Arpert*
       **DOUGLAS E. ARPERT**
       **United States Magistrate Judge**