# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGNES LAWSON, *et al.*, | : |
| Plaintiffs, | : Civil Action<br>: No. 3:16-cv-2435-PGS-DEA |
| v. | : |
| PRAXAIR, INC. *et al.*, | : **Motion Day: August 15, 2016** |
| Defendants, | : |
| PRAXAIR DISTRIBUTION, INC.<br>and PRAXAIR DISTRIBUTION<br>MID-ATLANTIC LLC d/b/a<br>GTS-WELCO | : |
| Defendants/<br>Third-Party Plaintiffs | : |
| v. | : |
| PRINCETON HEALTHCARE<br>SYSTEM HOLDING, INC.;<br>PRINCETON HEALTHCARE<br>SYSTEM d/b/a UNIVERSITY<br>MEDICAL CENTER OF<br>PRINCETON AT PLAINSBORO<br>and JOHN DOE(S) 1-10 | : |
| Third-Party Defendants | : |

# PRINCETON HEALTHCARE SYSTEM HOLDING, INC. AND PRINCETON HEALTHCARE SYSTEM'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE THIRD-PARTY COMPLAINT FILED BY PRAXAIR DISTRIBUTION, INC. AND PRAXAIR DISTRIBUTION MID-ATLANTIC LLC D/B/A GTS-WELCO

STEVENS & LEE
A Pennsylvania Professional Corporation
Marianne Gilmartin
Elizabeth A. Ware
Princeton Pike Corporate Center
100 Lenox Drive, Suite 200
Lawrenceville, NJ  08648
Tel:  (570) 696-5362/(610) 478-2210
Fax:  (610) 988-0866/(610)371-7912
mjg@stevenslee.com/
eaw@stevenslee.com

*Attorneys for Third-Party Defendants Princeton Healthcare System Holding, Inc. and Princeton Healthcare System d/b/a University Medical Center of Princeton at Plainsboro*

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 1

II. FACTUAL BACKGROUND .................................................................................. 2

   A. The Distribution Agreement ............................................................................. 2

   B. The Explosion ................................................................................................... 3

   C. Procedural History ............................................................................................ 3

III. ARGUMENT ......................................................................................................... 5

   A. Count III of the Third-Party Complaint, Styled as a Negligence Claim, is an Improper Attempt to Subvert the Workers' Compensation Act and Seek Contribution and Indemnification. ............................................................. 5

      1. The Praxair Defendants Fail to State a Claim for Negligence .................... 5

      2. The Praxair Defendants Cannot Seek Contribution from the Third Party Defendants, Who Are Immune from Liability Under the Workers' Compensation Act ............................................................................ 6

      3. The Praxair Defendants Fail to State a Claim for Implied Indemnification. .............................................................................................. 7

   B. Count II Fails Because the Praxair Defendants Cannot Seek Indemnification for an Alleged Breach of Contract ............................................. 8

   C. All Claims Raised by Praxair Distribution Must Be Dismissed Because It Is Not A Party to the Distribution Agreement. .................................. 9

   D. Princeton Healthcare System Holding Is Not A Party to the Distribution Agreement. ..................................................................................... 11

IV. CONCLUSION .................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Carpenter v. World Kitchen, LLC,*
   No. CIV. A. 14-3991 JLL, 2015 WL 4647963 (D.N.J. Aug. 5,
   2015) ................................................................................................................ 7

*EPEC Polymers, Inc. v. NL Indus., Inc.,*
   Civ. A. No. 12-3842 MAS, 2013 WL 2338711 (D.N.J. May 28,
   2013) ................................................................................................................ 7

*Figueroa v. City of Camden,*
   580 F. Supp. 2d 390 (D.N.J. 2008) ............................................................... 11

*Mautz v. J.P. Patti Co.,*
   688 A.2d 1088 (N.J. Super. App. Div. 1997) ................................................ 9

*Mayorga v. Russo Family Ltd. P'ship,*
   Civ. A. No. A-2124-09T3, 2010 WL 2471419 (N.J. Super. Ct.
   App. Div. June 21, 2010) ............................................................................... 8

*Mull v. Zeta Consumer Products,*
   823 A.2d 782 (N.J. 2003) ............................................................................... 6

*O'Brien v. Virginia-Carolina Chemical Corp.,*
   206 A.2d 878 (N.J. 1965) ............................................................................. 10

*Ramos v. Browning Ferris Indus. of S. Jersey, Inc.,*
   510 A.2d 1152 (N.J. 1986) ............................................................................. 6

*Robinson v. Vivirito,*
   86 A.3d 119 (N.J. 2014) ................................................................................. 5

*Ryan v. United States,*
   233 F. Supp. 2d 668 (D.N.J. 2002) ..................................................... 6, 7, 8, 9

*Taylor v. New Jersey,*
   Civ. A. No. 13-6594 PGS, 2014 WL 4215440 (D.N.J. Aug. 25,
   2014) .............................................................................................................. 11

*Town of Kearny v. New Jersey Rail Carriers, LLC*,
    Civ. A. No. 1304-04T5, 2005 WL 2363101 (N.J. Super. Ct. App.
    Div. Sept. 28, 2005) ............................................................................................... 9

**Secondary Sources**
15 Fletcher Cyc. Corp. § 7099 ............................................................................. 10

## I. INTRODUCTION

While working in the scope of her employment as a nurse for Third-Party Defendant Princeton Healthcare System d/b/a University Medical Center of Princeton at Plainsboro ("University Medical Center"), Plaintiff Agnes Lawson suffered severe injuries when an oxygen canister failed and caused an explosion. The oxygen canister was manufactured and sold by Defendants Praxair Distribution, Inc. ("Praxair Distribution"), Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco ("Praxair Distribution Mid-Atlantic") (collectively, the "Praxair Defendants") and Western/Scott Fetzer Company d/b/a Western Enterprises, A Scott Fetzer Company d/b/a Western Enterprises ("Western").

The Praxair Defendants filed a Third-Party Complaint against University Medical Center and Princeton Healthcare System Holding, Inc. ("Princeton Healthcare System Holding") (collectively, the "Third-Party Defendants"), alleging breach of contract and negligence and seeking indemnification.

The Praxair Defendants' claim for negligence (Count III) fails to state a claim and violates basic principles of tort law and Workers' Compensation law. Count II for breach of contract is an improper attempt by the Praxair Defendants to expand the scope of an indemnification provision. Praxair Distribution's claims for indemnification (Count I) and breach of contract (Count II) fail because

(1) Praxair Distribution is not a party to the distribution contract at issue, and (2) Praxair Distribution does not allege facts to demonstrate how any contractual indemnification provision applies to it. Similarly, the Praxair Defendants cannot seek indemnification or damages for breach of contract against Princeton Healthcare System Holding because Princeton Healthcare System Holding is not a party to the agreement.

## II. FACTUAL BACKGROUND

Pursuant to the terms of a distribution agreement, the University Medical Center received high pressure oxygen from Praxair Distribution Mid-Atlantic in "Grab 'n Go" oxygen cylinders. [Third-Party Complaint ¶ 4]. The Grab 'n Go cylinders were manufactured, designed, inspected, tested, marketed, distributed, sold, placed into the stream of commerce, and supplied by the Praxair Defendants. [Complaint ¶ 29].

### A. The Distribution Agreement

On April 1, 2012, Praxair Distribution Mid-Atlantic and the University Medical Center executed a distribution agreement (the "Distribution Agreement") whereby Praxair Distribution Mid-Atlantic agreed to provide oxygen cylinders to the University Medical Center. [*See* Exhibit A]. Notably, Praxair Distribution, Inc. and Princeton Healthcare System Holding, Inc. are not parties to the Distribution Agreement.

2

The Distribution Agreement includes an indemnification provision, relied on by the Praxair Defendants in Count I for indemnification. [Praxair Defendants' Third-Party Complaint ¶ 20]. This provision provides:[1]

> Each party will indemnify and hold harmless the other party from and against any and all costs, fees (including reasonable legal fees and expenses), damages, liabilities and claims arising from the injury, illness or death of the indemnifying party's employees in any way related to any activities performed in connection with or Product supplied by Seller under the Agreement, whether or not such injury, illness, or death is claimed to have been caused by, resulted from, or was in any way connected with the negligence of the party to be indemnified.

[Exhibit A, Section 8].

### B. The Explosion

On or about April 10, 2014, a Grab 'n Go cylinder fell to the floor, causing a sudden explosion in a patient room at the University Medical Center, resulting in severe and permanent injuries to a nurse, Agnes Lawson. [Complaint ¶¶ 67, 70]. At the time of the explosion, Ms. Lawson was employed by the University Medical Center. [Praxair Defendants' Third-Party Complaint ¶ 10].

### C. Procedural History

On March 18, 2016, Ms. Lawson and her husband, Cassius Lawson, filed this action in New Jersey Superior Court, Middlesex County. Ms. Lawson

---

[1] Although the Praxair Defendants' quote of this language [Praxair Third-Party Complaint ¶ 20] makes the indemnification provision appear to only benefit Praxair Distribution Mid-Atlantic, the provision is mutual, providing indemnification to either party.

3

brought claims against the Praxair Defendants for negligence and products liability. Mr. Lawson raised a claim for loss of consortium.

On April 29, 2016, the Praxair Defendants removed the action to the District of New Jersey. [Dkt. 1]. On May 18, 2016, the Praxair Defendants filed a Third Party Complaint against Princeton Healthcare System Holding and the University Medical Center. [Dkt. 11].

The Praxair Defendants allege they entered into a distribution agreement with Princeton Healthcare System Holding and the University Medical Center (the "Distribution Agreement"). [Praxair Defendants' Third-Party Complaint ¶ 4]. The Praxair Defendants brought claims against Princeton Healthcare System Holding and the University Medical Center for indemnification (Count I), breach of contract (Count II), and negligence (Count III).

The Praxair Defendants allege both Princeton Healthcare System Holding and the University Medical Center are contractually obligated to indemnify the Praxair Defendants. The Praxair Defendants also allege both Princeton Healthcare System Holding and the University Medical Center were negligent and breached the Distribution Agreement by failing to provide proper instruction and training regarding the management, handling, storing, transporting, and use of the Grab 'n Go cylinders. [Praxair Defendants' Third-Party Complaint ¶¶ 25, 30].

4

## III. ARGUMENT

### A. Count III of the Third-Party Complaint, Styled as a Negligence Claim, is an Improper Attempt to Subvert the Workers' Compensation Act and Seek Contribution and Indemnification.

In Count III of the Third-Party Complaint, the Praxair Defendants attempt to hold the Third-Party Defendants liable for violating a duty owed to Ms. Lawson. This claim, styled as a negligence claim, violates both basic tort law and Workers' Compensation law.

The Praxair Defendants allege the Third-Party Defendants owed a duty of care to Ms. Lawson, the Third-Party Defendants violated the duty, and Ms. Lawson was injured as a result of the Third-Party Defendants' negligence. [Praxair Defendants' Complaint ¶¶ 29-32]. As a result, the Praxair Defendants seek "indemnification and/or contribution, including any and all costs and attorneys' fees." [*Id.* ¶ 33].

#### 1. The Praxair Defendants Fail to State a Claim for Negligence.

The Praxair Defendants cannot bring a negligence claim on behalf of Ms. Lawson as they attempt to do in Count III. To state a cause of action for negligence, a party must allege "a duty of care *owed by the defendant to the plaintiff*, a breach of that duty by the defendant, *injury to the plaintiff* proximately caused by the breach, and damages." *Robinson v. Vivirito*, 86 A.3d 119, 124 (N.J. 2014) (emphasis added). Instead of alleging the Third-Party Defendants owe the

Praxair Defendants a duty of care, the Praxair Defendants allege the Third-Party Defendants owe Ms. Lawson a duty of care. The Praxair Defendants also contend Ms. Lawson suffered damages as a result of the Third-Party Defendants' alleged breach of that duty. Because the Praxair Defendants fail to allege the essential elements of a claim for negligence, Count III must be dismissed.

### 2. The Praxair Defendants Cannot Seek Contribution from the Third Party Defendants, Who Are Immune from Liability Under the Workers' Compensation Act.

"With respect to work-related injuries, the rights and duties of an employee and employer, as well as those of the employer and a third-party tortfeasor, are governed by the Workers' Compensation Act." *Ramos v. Browning Ferris Indus. of S. Jersey, Inc.*, 510 A.2d 1152, 1155 (N.J. 1986). The Act "embodies an historic trade-off whereby employees relinquish their right to pursue common-law remedies in exchange for prompt and automatic entitlement to benefits for work-related injuries." *Mull v. Zeta Consumer Products*, 823 A.2d 782, 785 (N.J. 2003).

Because employers are immune from tort actions by employees for work-related injuries, a "third-party tortfeasor may not obtain contribution from an employer, no matter what may be the comparative negligence of the third party and the employer." *Ramos*, 510 A.2d at 1155; *see also Ryan v. United States*, 233 F. Supp. 2d 668, 685-86 (D.N.J. 2002) ("New Jersey's Workers' Compensation Act

bars [third-party] cross-claim for contribution"); *Carpenter v. World Kitchen, LLC*, No. CIV. A. 14-3991 JLL, 2015 WL 4647963, at *3 (D.N.J. Aug. 5, 2015) (finding the Workers' Compensation Act "creates an absolute barrier against contribution claims"). Thus, under prevailing law, the Court must dismiss the Praxair Defendants' contribution claims arising in tort in Count III.

### 3. The Praxair Defendants Fail to State a Claim for Implied Indemnification.[2]

A third party may seek indemnification from an employer under the theory of implied indemnification if "(1) a special legal relationship exists between the employer and the third party, and (2) the third party's liability is vicarious." *Ryan*, 233 F. Supp. 2d at 686. A "contract alone does not create a special relationship between the parties." *Id.*

The Praxair Defendants fail to include factual allegations establishing either a special legal relationship or vicarious liability. Because the Praxair Defendants fail to state a claim for implied indemnification, this claim in Count III must be dismissed. *See EPEC Polymers, Inc. v. NL Indus., Inc.*, Civ. A. No. 12-3842 MAS, 2013 WL 2338711, at *14 (D.N.J. May 28, 2013) (dismissing claim for common law indemnification because the plaintiff failed to include allegations demonstrating a contractual indemnification obligation or a special

---

[2] The Praxair Defendants cannot rely on a contractual obligation for indemnification in Count III because such a claim would be duplicative of Count I, which expressly seeks contractual indemnification from the Third-Party Defendants.

7

legal relationship between the parties); *Mayorga v. Russo Family Ltd. P'ship*, Civ. A. No. A-2124-09T3, 2010 WL 2471419, *3 (N.J. Super. Ct. App. Div. June 21, 2010) (dismissing claim "seeking indemnification for liabilities resulting from [employer's] alleged negligence"); *Ryan*, 233 F. Supp. 2d at 686 (granting summary judgment for employer where no special relationship existed between the parties).

### B. <u>Count II Fails Because the Praxair Defendants Cannot Seek Indemnification for an Alleged Breach of Contract.</u>

In Count II of the Third-Party Complaint, the Praxair Defendants allege the Third Party Defendants breached the Distribution Agreement by failing to "warn and protect its employees, contractors and others exposed to the hazards posed by [The University Medical Center's] storage, use and handling" of the Grab 'n Go oxygen cylinder. [Praxair Defendants' Third-Party Complaint ¶ 24]. As a result of this alleged breach, the Praxair Defendants contend the Lawson Plaintiffs suffered damages. [*Id.* ¶ 26]. Although they do not characterize their theory as "indemnification," the Praxair Defendants seek just that: "[Third-Party Defendants are] liable to [the Praxair Defendants] for all sums, including any and all costs and attorneys' fees that [the Praxair Defendants] may become obligated to pay as a result of Plaintiffs' claims." [*Id.* ¶ 27].

In *Ryan v. United States*, the third-party plaintiff similarly sought indemnification for the alleged breach of the safety provisions of a contract.

8

233 F. Supp. 2d at 688-89. There, the Court found "a breach of contract does not expand a contract's indemnification clause." *Id.* at 689. The Court reasoned that "in determining whether [the third-party defendant] must indemnify [the third-party plaintiff], it is irrelevant whether [the third-party defendant] breached the subcontract's safety terms." *Id.* Instead, the "indemnification provision...is the only provision that determines [the third-party defendant's] indemnification duties." *Id.* The Court granted the third-party defendant summary judgment on this claim. *Id. See also Mautz v. J.P. Patti Co.*, 688 A.2d 1088, 1093 (N.J. Super. App. Div. 1997) (finding safety provisions in contract may provide "some guidance to the trier-of-fact on remand on the intent of the parties with respect to safety responsibilities on the job," but the indemnification provision "is the only portion of the contract which creates a contractual right to indemnification").

Here, the Praxair Defendants are also attempting to expand the indemnification provision of the Distribution Agreement through Count II, by alleging a breach of contractual safety provisions. Because New Jersey law does not permit the Praxair Defendants to expand the indemnification provision this way, Count II must be dismissed.

### C. All Claims Raised by Praxair Distribution Must Be Dismissed Because It Is Not A Party to the Distribution Agreement.

Praxair Distribution is not a party to the Distribution Agreement and cannot seek indemnification or damages for breach of contract. *See Town of*

9

*Kearny v. New Jersey Rail Carriers, LLC*, Civ. A. No. 1304-04T5, 2005 WL 2363101, at *3 (N.J. Super. Ct. App. Div. Sept. 28, 2005) ("A non-party cannot seek enforcement of a contract unless it clearly appears that the contract was made by the parties with the intention to benefit the third party").

Regardless of the alleged subsequent merger between Praxair Distribution Mid-Atlantic, LLC and Praxair Distribution [Third-Party Complaint ¶ 1], at the time of the incident, the entities were separate. Through the merger, Praxair Distribution succeeded to the rights and liabilities of Praxair Distribution Mid-Atlantic. *See O'Brien v. Virginia-Carolina Chemical Corp.*, 206 A.2d 878, 885 (N.J. 1965). The University Medical Center, however, did not contract to indemnify the negligent actions of a separate entity, Praxair Distribution. Therefore, this right is not one that could have succeeded to the surviving corporation.

Praxair Distribution does not enjoy the benefit of an indemnification provision for its separate, negligent acts that pre-date the merger. *See* 15 Fletcher Cyc. Corp. § 7099 ("When a consolidated corporation acquires, by express provision or by implication, a special privilege or exemption that attached to the property of one only of the consolidating corporations acquired by it, the privilege or exemption is restricted to that property, and does not exist, in the absence of express provision therefor, with respect to the property derived from the other

10

consolidating corporation, and as to which, in its hands, there was no such privilege or exemption."). As a result, Counts I and II for breach of contract and indemnification brought by Praxair Distribution must be dismissed.

### D. Princeton Healthcare System Holding Is Not A Party to the Distribution Agreement.

Finally, Praxair Distribution and Praxair Distribution Mid-Atlantic attempt to bring two claims for breach of contract (Counts I and II) against a non-party to the Distribution Agreement: Princeton Healthcare System Holding. Because Princeton Healthcare System Holding did not agree to assume any contractual obligations to the Praxair Defendants, it cannot be sued for breach of contract, and Counts I and II against Princeton Healthcare Holding must be dismissed. *See Taylor v. New Jersey*, Civ. A. No. 13-6594 PGS, 2014 WL 4215440, at *10 (D.N.J. Aug. 25, 2014) ("It is settled law that non-parties to a contract cannot be held liable for a breach of that agreement."); *Figueroa v. City of Camden*, 580 F. Supp. 2d 390, 408 (D.N.J. 2008) (dismissing breach of contract claims against non-parties to contract). Therefore, Counts I and II for indemnification and breach of contract against Princeton Healthcare System Holding must be dismissed.

### IV. CONCLUSION

For the reasons set forth above, (1) Counts II and III for breach of contract and negligence must be dismissed in their entirety; (2) Count I and II

11

brought by Praxair Distribution must be dismissed because it is not a party to the Distribution Agreement; and (3) Counts I and II for breach of contract must be dismissed as to Princeton Healthcare System Holding because it is not a party to the agreement.

STEVENS & LEE
A Pennsylvania Professional Corporation

Date: July 14, 2016   By: *s/ Marianne J. Gilmartin*
Marianne Gilmartin
Elizabeth A. Ware
Princeton Pike Corporate Center
100 Lenox Drive, Suite 200
Lawrenceville, NJ 08648
Tel: (570) 696-5362/(610) 478-2210
Fax: (610) 988-0866/(610) 371-7912
mjg@stevenslee.com/eaw@stevenslee.com

*Attorneys for Third-Party Defendants Princeton Healthcare System Holding, Inc. and Princeton Healthcare System d/b/a University Medical Center of Princeton at Plainsboro*

# Exhibit A
# [FILED UNDER SEAL]