# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGNES LAWSON, *et al.*, | |
| Plaintiffs, | Civil Action No. 3:16-cv-2435-PGS-DEA |
| v. | |
| PRAXAIR, INC. *et al.*, | Motion Day: August 15, 2016 |
| Defendants, | |
| WESTERN/SCOTT FETZER COMPANY | |
| Defendant/ Third-Party Plaintiff | |
| v. | |
| PRINCETON HEALTHCARE SYSTEM HOLDING, INC.; PRINCETON HEALTHCARE SYSTEM d/b/a UNIVERSITY MEDICAL CENTER OF PRINCETON AT PLAINSBORO and JOHN DOE(S) 1-10 | |
| Third-Party Defendants | |

**PRINCETON HEALTHCARE SYSTEM HOLDING, INC. AND
PRINCETON HEALTHCARE SYSTEM'S BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS
WESTERN/SCOTT FETZER COMPANY'S THIRD-PARTY COMPLAINT**

STEVENS & LEE
A Pennsylvania Professional Corporation
Marianne Gilmartin
Elizabeth A. Ware
Princeton Pike Corporate Center
100 Lenox Drive, Suite 200
Lawrenceville, NJ  08648
Tel: (570) 696-5362/(610) 478-2210
Fax: (610) 988-0866/(610) 371-7912
mjg@stevenslee.com/eaw@stevenslee.com

*Attorneys for Third-Party Defendants
Princeton Healthcare System Holding, Inc.
and Princeton Healthcare System d/b/a
University Medical Center of Princeton at
Plainsboro*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. FACTUAL BACKGROUND ................................................................................... 2
   A. The Distribution Agreement ............................................................................ 2
   B. The Explosion .................................................................................................. 3
   C. Procedural History ........................................................................................... 3

III. ARGUMENT ........................................................................................................... 5
   A. Count III Of The Third-Party Complaint, Styled As A Negligence Claim, Is An Improper Attempt To Subvert The Workers' Compensation Act And Seek Contribution And Indemnification ............... 5
      1. Western Fails To State A Claim For Negligence ................................... 5
      2. Western Cannot Seek Contribution From The Third Party Defendants, Who Are Immune From Liability Under The Workers' Compensation Act .................................................................. 6
      3. Western Fails to State a Claim for Implied Indemnification ................. 7
   B. Count II Fails Because Western Cannot Seek Indemnification For An Alleged Breach Of Contract ........................................................................... 8
   C. Princeton Healthcare System Holding Is Not A Party To The Distribution Agreement ................................................................................... 9
   D. Western Cannot Seek Common Law Indemnification ................................. 10

IV. CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Carpenter v. World Kitchen, LLC*,
   No. CIV.A. 14-3991 JLL, 2015 WL 4647963 (D.N.J. Aug. 5,
   2015) .................................................................................................... 7

*EPEC Polymers, Inc. v. NL Indus., Inc.*,
   Civ. A. No. 12-3842 MAS, 2013 WL 2338711 (D.N.J. May 28,
   2013) ................................................................................................ 7, 10

*Mautz v. J.P. Patti Co.*,
   688 A.2d 1088 (N.J. Super. App. Div. 1997) ..................................... 9

*Mayorga v. Russo Family Ltd. P'ship*,
   Civ. A. No. A-2124-09T3, 2010 WL 2471419 (N.J. Super. Ct.
   App. Div. June 21, 2010) .................................................................... 8

*Mull v. Zeta Consumer Products*,
   823 A.2d 782 (N.J. 2003) .................................................................... 6

*Ramos v. Browning Ferris Indus. of S. Jersey, Inc.*,
   510 A.2d 1152 (N.J. 1986) .................................................................. 6

*Robinson v. Vivirito*,
   86 A.3d 119 (N.J. 2014) ...................................................................... 6

*Ryan v. United States*,
   233 F. Supp. 2d 668 (D.N.J. 2002) ........................................... 6, 7, 8, 9

*Smith v. Lindemann*,
   2011 WL 3235682 (D.N.J. July 28, 2011) ........................................ 10

*Taylor v. New Jersey*,
   Civ. A. No. 13-6594 PGS, 2014 WL 4215440 (D.N.J. Aug. 25,
   2014) ................................................................................................... 10

SL1 1423029v1 108314.00006

## I. INTRODUCTION

While working in the scope of her employment as a nurse for Third-Party Defendant Princeton Healthcare System d/b/a University Medical Center of Princeton at Plainsboro ("University Medical Center"), Plaintiff Agnes Lawson suffered severe injuries when an oxygen canister failed and caused an explosion. The oxygen canister was manufactured and sold by Defendants Praxair Distribution, Inc. ("Praxair Distribution"), Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco ("Praxair Distribution Mid-Atlantic") (collectively, the "Praxair Defendants") and Western/Scott Fetzer Company d/b/a Western Enterprises, A Scott Fetzer Company d/b/a Western Enterprises ("Western").

Western filed a Third-Party Complaint against the University Medical Center and Princeton Healthcare System Holding, Inc. ("Princeton Healthcare System Holding") (collectively, the "Third-Party Defendants"), alleging breach of contract and negligence and seeking indemnification.

Western's claim for negligence (Count III) fails to state a claim and violates basic principles of tort law and Workers' Compensation law. Count II for breach of contract is an improper attempt by Western to expand the scope of an indemnification provision. Western cannot seek indemnification or damages for breach of contract against Princeton Healthcare System Holding because Princeton Healthcare System Holding is not a party to the agreement.

1

## II. FACTUAL BACKGROUND

Pursuant to the terms of a distribution agreement, the University Medical Center received high pressure oxygen from Praxair Distribution Mid-Atlantic in "Grab 'n Go" oxygen cylinders. [Third-Party Complaint ¶ 8]. The Grab 'n Go cylinders were manufactured, designed, inspected, tested, marketed, distributed, sold, placed into the stream of commerce, and supplied by Western and the Praxair Defendants. [Complaint, ¶¶ 28-29]. Western alleges that "on information and belief" it is a third-party beneficiary to the distribution agreement and entitled to the "same benefits" as Praxair Distribution Mid-Atlantic. [Third-Party Complaint, ¶ 9].

### A. The Distribution Agreement

On April 1, 2012, Praxair Distribution Mid-Atlantic and the University Medical Center executed a distribution agreement (the "Distribution Agreement") whereby Praxair Distribution Mid-Atlantic agreed to provide oxygen cylinders to the University Medical Center. [*See* Exhibit A]. Notably, Western and Princeton Healthcare System Holding, Inc. are not parties to the Distribution Agreement.

2

The Distribution Agreement includes an indemnification provision, relied on by Western in Count I for indemnification. [Third-Party Complaint ¶ 25]. This provision provides:[1]

> Each party will indemnify and hold harmless the other party from and against any and all costs, fees (including reasonable legal fees and expenses), damages, liabilities and claims arising from the injury, illness or death of the indemnifying party's employees in any way related to any activities performed in connection with or Product supplied by Seller under the Agreement, whether or not such injury, illness, or death is claimed to have been caused by, resulted from, or was in any way connected with the negligence of the party to be indemnified.

[Exhibit A, Section 8].

### B. The Explosion

On or about April 10, 2014, a Grab 'n Go cylinder fell to the floor, causing a sudden explosion in a patient room at the University Medical Center, resulting in severe and permanent injuries to Agnes Lawson, a nurse employed by the University Medical Center. [Complaint ¶¶ 67, 70].

### C. Procedural History

On March 18, 2016, Ms. Lawson and her husband, Cassius Lawson, filed this action in New Jersey Superior Court, Middlesex County. Ms. Lawson brought

---

[1] Although Western's quote of this language [Third-Party Complaint ¶ 27] makes the indemnification provision appear to only benefit Praxair Distribution Mid-Atlantic, the provision is mutual, providing indemnification to either party.

3

claims against the Praxair Defendants for negligence and products liability. Mr. Lawson raised a claim for loss of consortium.

On April 29, 2016, the Praxair Defendants removed the action to the District of New Jersey. [Dkt. 1]. On May 18, 2016, the Praxair Defendants filed a Third Party Complaint against Princeton Healthcare System Holding and the University Medical Center. [Dkt. 11].

On June 6, 2016, Western filed a Third Party Complaint against Princeton Healthcare System Holding and the University Medical Center. [Dkt. 17].

Western alleges that the Praxair Defendants entered into a distribution agreement with Princeton Healthcare System Holding and the University Medical Center (the "Distribution Agreement"). [Third-Party Complaint ¶ 8]. Western alleges that "on information and belief" it is a third-party beneficiary to the distribution agreement and entitled to the "same benefits" as Praxair Distribution Mid-Atlantic. [Third-Party Complaint, ¶ 9].

Western brought claims against Princeton Healthcare System Holding and University Medical Center for indemnification (Count I), breach of contract (Count II), and negligence (Count III).

Western alleges both Princeton Healthcare System Holding and the University Medical Center are contractually obligated to indemnify Western under a third-party beneficiary theory. Western also alleges both Princeton Healthcare

4

System Holding and the University Medical Center were negligent and breached the Distribution Agreement by failing to provide proper instruction and training regarding the management, handling, storing, transporting, and use of the Grab 'n Go cylinders. [Third-Party Complaint ¶¶ 34-37].

## III. ARGUMENT

### A. Count III Of The Third-Party Complaint, Styled As A Negligence Claim, Is An Improper Attempt To Subvert The Workers' Compensation Act And Seek Contribution And Indemnification

In Count III of the Third-Party Complaint, Western attempts to hold the Third-Party Defendants liable for violating a duty owed to Ms. Lawson. This claim, styled as a negligence claim, violates both basic tort law and Workers' Compensation law.

Western alleges the Third-Party Defendants owed a duty of care to Ms. Lawson, the Third-Party Defendants violated the duty, and Ms. Lawson was injured as a result of the Third-Party Defendants' negligence. [Third-Party Complaint ¶¶ 34-37]. As a result, Western seeks "indemnification and/or contribution, including any and all costs and attorneys' fees." [*Id.* ¶ 38].

#### 1. Western Fails To State A Claim For Negligence

Western cannot bring a negligence claim on behalf of Ms. Lawson as it attempt to do in Count III. To state a cause of action for negligence, a party must allege "a duty of care *owed by the defendant to the plaintiff*, a breach of that duty

5

by the defendant, *injury to the plaintiff* proximately caused by the breach, and damages." *Robinson v. Vivirito*, 86 A.3d 119, 124 (N.J. 2014) (emphasis added). Instead of alleging the Third-Party Defendants owe Western a duty of care, Western alleges the Third-Party Defendants owe Ms. Lawson a duty of care. Western also contends Ms. Lawson suffered damages as a result of the Third-Party Defendants' alleged breach of that duty. Because Western fails to allege the essential elements of a claim for negligence, Count III must be dismissed.

### 2. Western Cannot Seek Contribution From The Third Party Defendants, Who Are Immune From Liability Under The Workers' Compensation Act

"With respect to work-related injuries, the rights and duties of an employee and employer, as well as those of the employer and a third-party tortfeasor, are governed by the Workers' Compensation Act." *Ramos v. Browning Ferris Indus. of S. Jersey, Inc.*, 510 A.2d 1152, 1155 (N.J. 1986). The Act "embodies an historic trade-off whereby employees relinquish their right to pursue common-law remedies in exchange for prompt and automatic entitlement to benefits for work-related injuries." *Mull v. Zeta Consumer Products*, 823 A.2d 782, 785 (N.J. 2003).

Because employers are immune from tort actions by employees for work-related injuries, a "third-party tortfeasor may not obtain contribution from an employer, no matter what may be the comparative negligence of the third party and the employer." *Ramos*, 510 A.2d at 1155; *see also Ryan v. United States*, 233

6

F. Supp. 2d 668, 685-86 (D.N.J. 2002) ("New Jersey's Workers' Compensation Act bars [third-party] cross-claim for contribution"); *Carpenter v. World Kitchen, LLC*, No. CIV.A. 14-3991 JLL, 2015 WL 4647963, at *3 (D.N.J. Aug. 5, 2015) (finding the Workers' Compensation Act "creates an absolute barrier against contribution claims"). Thus, under prevailing law, the Court must dismiss the Western's contribution claim arising in tort in Count III.

### 3. Western Fails to State a Claim for Implied Indemnification[2]

A third party may seek indemnification from an employer under the theory of implied indemnification if "(1) a special legal relationship exists between the employer and the third party, and (2) the third party's liability is vicarious." *Ryan*, 233 F. Supp. 2d at 686. A "contract alone does not create a special relationship between the parties." *Id.*

Western fails to include factual allegations establishing either a special legal relationship or vicarious liability. Because Western fails to state a claim for implied indemnification, this claim in Count III must be dismissed. *See EPEC Polymers, Inc. v. NL Indus., Inc.*, Civ. A. No. 12-3842 MAS, 2013 WL 2338711, at *14 (D.N.J. May 28, 2013) (dismissing claim for common law indemnification because the plaintiff failed to include allegations demonstrating a contractual

---

[2] Western cannot rely on a contractual obligation for indemnification in Count III because such a claim would be duplicative of Count I, which expressly seeks contractual indemnification from the Third-Party Defendants.

7

indemnification obligation or a special legal relationship between the parties); *Mayorga v. Russo Family Ltd. P'ship*, Civ. A. No. A-2124-09T3, 2010 WL 2471419, *3 (N.J. Super. Ct. App. Div. June 21, 2010) (dismissing claim "seeking indemnification for liabilities resulting from [employer's] alleged negligence"); *Ryan* 233 F. Supp. 2d at 686 (granting summary judgment for employer where no special relationship existed between the parties).

### B. Count II Fails Because Western Cannot Seek Indemnification For An Alleged Breach Of Contract

In Count II of the Third-Party Complaint, Western alleges the Third Party Defendants breached the Distribution Agreement by failing to "warn and protect its employees, contractors and others exposed to the hazards posed by [The University Medical Center's] storage, use and handling" of the Grab 'n Go oxygen cylinder. [Third-Party Complaint ¶ 30]. As a result of this alleged breach, the Western contends the Lawson Plaintiffs suffered damages. [*Id.* ¶ 31]. Although it does not characterize its theory as "indemnification," Western seeks just that: "[Third-Party Defendants are] liable to Western for all sums, including any and all costs and attorneys' fees that Western may become obligated to pay as a result of Plaintiffs' claims." [*Id.* ¶ 32].

In *Ryan v. United States*, the third-party plaintiff similarly sought indemnification for the alleged breach of the safety provisions of a contract. 233 F. Supp. 2d at 688-89. There, the Court found "a breach of contract does not

8

expand a contract's indemnification clause." *Id.* at 689. The Court reasoned that "in determining whether [the third-party defendant] must indemnify [the third-party plaintiff], it is irrelevant whether [the third-party defendant] breached the subcontract's safety terms." *Id.* Instead, the "indemnification provision . . . is the only provision that determines [the third-party defendant's] indemnification duties." *Id.* The Court granted the third-party defendant summary judgment on this claim. *Id. See also Mautz v. J.P. Patti Co.*, 688 A.2d 1088, 1093 (N.J. Super. App. Div. 1997) (finding safety provisions in contract may provide "some guidance to the trier-of-fact on remand on the intent of the parties with respect to safety responsibilities on the job," but the indemnification provision "is the only portion of the contract which creates a contractual right to indemnification").

Here, Western is also attempting to expand the indemnification provision of the Distribution Agreement through Count II, by alleging a breach of contractual safety provisions. Because New Jersey law does not permit Western to expand the indemnification provision this way, Count II must be dismissed.

### C. **Princeton Healthcare System Holding Is Not A Party To The Distribution Agreement**

Western attempts to bring two claims for breach of contract against a non-party to the Distribution Agreement: Princeton Healthcare System Holding. Because Princeton Healthcare System Holding did not agree to assume any contractual obligations, it cannot be sued for breach of contract, and Counts I and

9

II against Princeton Healthcare Holding must be dismissed. *See Taylor v. New Jersey*, Civ. A. No. 13-6594 PGS, 2014 WL 4215440, at *10 (D.N.J. Aug. 25, 2014) ("It is settled law that non-parties to a contract cannot be held liable for a breach of that agreement.").

### D. Western Cannot Seek Common Law Indemnification

To the extent Western's claim can be construed to allege a common law claim for indemnification, such a claim fails. The party seeking indemnification must not be at fault, and the party to be indemnified must have a special relationship with the wrongdoer. *Smith v. Lindemann*, 2011 WL 3235682 (D.N.J. July 28, 2011). The liability between the wrongdoer and the person seeking indemnification must arise from "(1) an explicit contractual provision, (2) some special legal relationship, (3) some positive rule of law, or (4) the wrongdoer's failure to discover or correct a defect or remedy a dangerous situation." *Id.*

Western fails to include factual allegations establishing it is not the wrongdoer and that a relationship giving rise to common law indemnification exists between Western and Princeton Healthcare System Holding and the University Medical Center. Because Western fails to state a claim for common law indemnification, this claim must be dismissed. *See EPEC Polymers, Inc. v. NL Indus., Inc.*, Civ. A. No. 12-3842 MAS, 2013 WL 2338711, at *14 (D.N.J. May 28, 2013) (dismissing claim for common law indemnification because the plaintiff

10

failed to include allegations demonstrating a contractual indemnification obligation or a special legal relationship between the parties).

## IV. CONCLUSION

For the reasons set forth above, (1) all breach of contract and indemnification claims against Princeton Healthcare System Holding must be dismissed; and (2) Western's claim for common law indemnification must be dismissed.

                                        STEVENS & LEE
                                        A Pennsylvania Professional Corporation

Date: July 14, 2016            By: *s/ Marianne J. Gilmartin*
                                        Marianne Gilmartin
                                        Elizabeth A. Ware
                                        Princeton Pike Corporate Center
                                        100 Lenox Drive, Suite 200
                                        Lawrenceville, NJ  08648
                                        Tel: (570) 696-5362/(610) 478-2210
                                        Fax: (610) 988-0866/(610) 371-7912
                                        mjg@stevenslee.com/eaw@stevenslee.com

                                        *Attorneys for Third-Party Defendants*
                                        *Princeton Healthcare System Holding, Inc.*
                                        *and Princeton Healthcare System d/b/a*
                                        *University Medical Center of Princeton at*
                                        *Plainsboro*

# Exhibit A

# [FILED UNDER SEAL]