**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AGNES LAWSON, et al.<br><br>Plaintiffs,<br><br>v.<br><br>PRAXAIR, INC. et al,<br><br>Defendants. | Civil Action No. : 3:16-cv-02435-PGS-DEA |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY a/s/o PRINCETON HEALTHCARE SYSTEM HOLDING, INC. and a/s/o PRINCETON HEALTHCARE SYSTEM, a New Jersey Nonprofit Corporation d/b/a UNIVERSITY MEDICAL CENTER OF PRINCETON AT PLAINSBORO,<br><br>Plaintiff,<br><br>v.<br><br>PRAXAIR, INC. et al,<br><br>Defendants. | Civil Action No. : 3:16-cv-02436-PGS-DEA<br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action is likely to involve then disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from

third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, any appeal therefrom, or any other litigation, arbitration, or mediation concerning the same or substantially similar subject matter as this litigation, and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a. Counsel (herein defined as all counsel of record and other attorneys in their firm);

b. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

c. Outside experts or consultants retained by counsel, outside counsel, and/or relevant in-house counsel to assist in the litigation of this action, provided

they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

d. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

e. The Court and court personnel;

f. Any witness or deponent may be shown or examined on any information, document or thing designated Confidential;

g. Any person who is indicated in Confidential material to have authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

h. Court reporters and videographers who record deposition or trial testimony in this action;

i. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, videographers, litigation support personnel, copy services, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

j. The parties. In the case of parties that are corporations or other business entities, "party" shall mean those executives, directors, officers and/or employees who have reason to be involved in this lawsuit.

k. Any other person to whom the parties may agree in signed writing or whom the Court may order.

4. Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) the restrictions herein are removed either by written agreement of counsel for the parties or (b) the Court orders such disclosure.

5. With respect to any depositions that involve the disclosure of Confidential material, a party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

6. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state

the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer within five (5) business days of the written response by the designating party in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), within five (5) business days of counsel conferring [as referred to in paragraph 6(a)], before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

8. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

9. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing, within a reasonable time after disclosure, counsel for all parties to whom the material was disclosed that the material should have been designated Confidential. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

10. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

11. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

12. If a party in possession of Confidential material receives a subpoena or other compulsory process from a non-party to this Discovery Confidentiality Order seeking production or other disclosure of such material, that party shall give written and telephone notice to counsel for the producing party within five (5) business days after receipt of the subpoena or other

compulsory process identifying the Confidential material sought and enclosing a copy of the subpoena or other compulsory process. If the producing party timely seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential material called for prior to receiving a court order or the consent of the producing party. In the event that such Confidential material is produced to the non-party as allowed under this Discovery Confidentiality Order, such material shall still be treated in accordance with the designation as "Confidential" by the parties to this Discovery Confidentiality Order.

13. In the event additional parties join or are joined in this litigation, they shall not have access to Confidential material until the newly-joined party has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation.

14. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

15. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation,

including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

The undersigned attorneys for the parties agree to the form and content of the within Order:

| | |
|---|---|
| SHERIDAN & MURRAY, LLC<br>424 S. Bethlehem Pike<br>Third Floor<br>Fort Washington, PA 19034<br>Telephone: (215) 977-9500<br>Email: chinderliter@sheridanandmurray.com<br>*Attorneys for Plaintiffs*<br><br>By: *Neil T. Murray*<br>THOMAS W. SHERIDAN, ESQ.<br>NEIL T. MURRAY, ESQ.<br>CHRISTOPHER D. HINDERLITER, ESQ.<br><br>DATED: July 29, 2016 | LOCKE LORD LLP<br>44 Whippany Road, Suite 280<br>Morristown, NJ 07960<br>Telephone: (973) 520-2300<br>Email: eric.westenberger@lockelord.com<br>*Attorneys for Defendant Western/Scott Fetzer Company*<br><br>By: *Eric S. Westenberger*<br>ERIC S. WESTENBERGER, ESQ.<br><br>DATED: July 29, 2016 |
| MONTGOMERY MCCRACKEN WALKER & RHOADS LLP<br>Liberty View Building<br>457 Haddonfield Road, Suite 600<br>Cherry Hill, NJ 08002<br>Telephone: (856) 488-7700<br>Email: pzoubek@mmwr.com<br>*Attorneys for Praxair Defendants*<br><br>By: *Georgette Castner*<br>PAUL H. ZOUBEK, ESQ.<br>GEORGETTE CASTNER, ESQ.<br><br>DATED: July 29, 2016 | WHITE AND WILLIAMS LLP<br>Liberty View Building<br>457 Haddonfield Road, Suite 400<br>Cherry Hill, NJ 08002<br>Telephone: 856-317-3600<br>Email: pingitorer@whiteandwilliams.com<br>*Attorneys for American Guarantee and Liability Insurance Company*<br><br>By: *Ron L. Pingitore*<br>RON L. PINGITORE, ESQ.<br><br>DATED: July 29, 2016 |
| STEVENS & LEE<br>425 Spruce Street, Suite 300<br>Scranton, PA 18503<br>Telephone: (570) 343-1827<br>Email: mjg@stevenslee.com<br>*Attorneys for Third-Party Defendants Princeton Healthcare System Holdings, Inc. and Princeton Healthcare System d/b/a University Medical Center Princeton at Plainsboro*<br><br>By: *Marianne J. Gilmartin*<br>MARIANNE J. GILMARTIN, ESQ.<br><br>DATED: July 29, 2016 | |

IT IS SO ORDERED:

DATED: ____________________

_______________________________________
HON. DOUGLAS E. ARPERT, U.S.M.J.

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AGNES LAWSON, et al.<br><br>Plaintiffs,<br><br>v.<br><br>PRAXAIR, INC. et al,<br><br>Defendants. | Civil Action No. : 3:16-cv-02435-PGS-DEA |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY a/s/o PRINCETON HEALTHCARE SYSTEM HOLDING, INC. and a/s/o PRINCETON HEALTHCARE SYSTEM, a New Jersey Nonprofit Corporation d/b/a UNIVERSITY MEDICAL CENTER OF PRINCETON AT PLAINSBORO,<br><br>Plaintiff,<br><br>v.<br><br>PRAXAIR, INC. et al,<br><br>Defendants. | Civil Action No. : 3:16-cv-02436-PGS-DEA<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ________________________________, being duly sworn, state that:

1. My address is _______________________________________________________.

2. My present employer is ____________________________ and the address of my present employment is _______________________________________________________.

3. My present occupation or job description is ______________________________.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________ ______________________

[Name]