# MONTGOMERY McCRACKEN
ATTORNEYS AT LAW

**Georgette Castner**
Admitted in New Jersey & Pennsylvania

LibertyView
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002-2220
Tel: 856-488-7700

Direct Dial:  856 488-7794
Fax:  856-488-7720
Email:  gcastner@mmwr.com

September 8, 2016

*Via CM/ECF*

Hon. Douglas E. Arpert, U.S.M.J.
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

>   Re:   *Lawson, et al. v. Praxair, Inc., et al.,*
>         **Civil Action No. 3:16-cv-02435-BRM-DEA**
>
>         *American Guarantee & Liability Ins. Co. v. Praxair, Inc. et al.*,
>         **Civil Action No. 3:16-cv-02436-BRM-DEA [Consolidated]**

Dear Judge Arpert:

As you know, we represent the Praxair Defendants ("Praxair") in the above-referenced consolidated matters. We write in response to the Lawson Plaintiffs' September 4, 2016 letter [D.E. 57], and to follow-up on our letter of August 30, 2016 [D.E. 52] requesting a telephone conference with Your Honor. Plaintiffs and the Western Defendants have joined in our request for a telephone conference.

Praxair has been and remains committed to providing full and responsive discovery in this matter. In an effort to be creative about how to resolve this matter efficiently, we initially suggested [Exhibit A to D.E. 52] an exchange of pertinent non-privileged documents with the Lawson Plaintiffs, followed promptly by mediation, and acknowledged that if further discovery was necessary the parties would be free to pursue it. As we previously relayed to Plaintiffs' counsel, Praxair agreed to produce any and all responsive and non-privileged documents relevant to this litigation, regardless of which Praxair entity may be the custodian of such documents. Praxair's request that Plaintiffs stipulate to the dismissal - without prejudice - of certain Praxair entities that have no relationship to Plaintiffs' claims or this litigation is solely intended to streamline the discovery process and the ultimate resolution of this matter. Praxair's August 30th letter to the Court was filed with the sole intention of expediting discovery in this matter and avoiding unnecessary motion practice.

Montgomery McCracken Walker & Rhoads LLP

Hon. Douglas E. Arpert, U.S.M.J.
September 8, 2016
Page 2

   Beyond that, Praxair feels compelled to address certain aspects of Plaintiffs' September 4th letter.  While we disagree with a number of assertions in Plaintiffs' letter, we will address only two here.  First, Praxair disagrees with Plaintiffs' characterization of the Vantage Grab 'n Go unit as "dangerous and defective," as well as Plaintiffs' contention that Praxair has "never admitted what the precise cause" of the underlying incident was.  As Praxair recently outlined in its opposition to UMCPP's motion to dismiss Praxair's Third-Party Complaint [D.E. 58], the underlying incident was caused by UMCPP's negligent failure to, *inter alia*, follow Praxair's safety instructions, train its employees and properly secure the product at issue.  Indeed, UMCPP was formally cited by OSHA for a serious workplace safety violation relating to the incident, and was specifically directed to take corrective measures that strongly support Praxair's contention that the underlying incident was caused by UMCPP's negligence.  Contrary to Plaintiffs' accusations, therefore, it is now established that the unit was being used in an unsafe and reckless manner at the time of the incident, in direct contravention of OSHA and Praxair's own safety instructions.

   Second, Plaintiffs' suggestion that Praxair is withholding information regarding whether the particular Grab 'n Go unit involved in the underlying incident was recalled and/or retrofitted has no basis.  After the incident, the United States Department of Transportation took possession of the Grab 'n Go unit as part of its investigation, and has retained possession up to the present date.  As a result, Praxair does not possess information necessary to determine whether or not the specific Vantage Grab 'n Go unit involved in the underlying incident was retrofitted, regardless of whether that is even relevant.  Moreover, despite more than two and a half years having elapsed since the incident, the US DOT has still not completed testing of the unit, let alone provided Praxair with any data from the partial testing done to date.  Praxair has been nothing but transparent regarding these facts since the inception of this litigation.  Indeed, Praxair has worked with all of the parties – including the Lawson Plaintiffs' counsel – to develop the protocols for the testing of the unit by the US DOT, which were agreed to by all counsel.

   Praxair's August 30th letter to the Court was filed with the sole intention of expediting discovery in this matter and avoiding unnecessary motion practice.  We look forward to discussing this and any other issues regarding discovery during a telephone conference with Your Honor, which we hope will resolve any outstanding disputes and allow discovery to proceed without resorting to burdensome motion practice.

4163418v1

Montgomery McCracken Walker & Rhoads LLP

Hon. Douglas E. Arpert, U.S.M.J.
September 8, 2016
Page 3

      Thank you for your consideration. Please let our office know if any additional information would assist Your Honor in considering this request.

      Respectfully,

      *s/ Georgette Castner*

      Georgette Castner

cc:    All counsel of record (*via CM/ECF*)

4163418v1