# Locke Lord LLP

44 Whippany Road
Morristown, NJ 07960
Telephone: 973-520-2300
Fax: 973-520-2600
www.lockelord.com

Eric S. Westenberger
Partner
Direct Telephone: 973-520-2315
Direct Fax: 888-325-9026
eric.westenberger@lockelord.com

RECEIVED

JAN 0 3 2017

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

December 29, 2016

**VIA ECF**

The Honorable Brian R. Martinotti, U.S.D.J.
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

Re: Agnes Lawson v. Praxair, et al.,
Docket No. 3:16-cv-2435-BRM-DEA

American Guarantee v. Praxair, et al.,
Docket No. 3:16-cv-2436-BRM-DEA

(Consolidated for the purposes of discovery)

*[Handwritten: Letter request Denied. 1/3/2017 /s/ Brian Martinotti]*

Dear Judge Martinotti:

As Your Honor is aware, we represent Defendant Western/Scott Fetzer Company ("Western") in the above-referenced matters, consolidated for purposes of discovery. We write in response to counsel for American Guarantee and Liability Insurance Company's ("American Guarantee") letter dated December 28, 2016, and the subsequent notices from the Court cancelling oral argument on January 5, 2017 and scheduling settlement conferences in place of such argument. We write to clarify the record before the Court and to request that a briefing schedule be put in place regarding American Guarantee's anticipated "motion to enforce" and to adjourn the currently scheduled settlement conferences in both matters.

Despite American Guarantee's insinuation that a settlement had been reached, neither myself nor my client ever agreed to any settlement amount that was discussed. Throughout the course of our discussions, I made it clear to counsel for American Guarantee and Praxair that I did not have the authority to settle but would continue to discuss the possibility of settlement with my client in an attempt to reach a resolution. American Guarantee's claim that December 22, 2016 was the first it heard that I was awaiting approval of the settlement amount is incorrect, as throughout our discussions I made it clear that I did not have the authority to settle and any possible settlement would be contingent on my client's approval, save for written offers and/or counteroffers explicitly made on my client's behalf. Moreover, on December 16, 2016, the date

that American Guarantee claims a settlement was supposedly reached, I e-mailed American Guarantee's and Praxair's counsel to confirm that I was awaiting authority from my client on the proposed settlement amount. Attached hereto as Exhibit A are true and accurate copies of those emails.

Following our discussion on December 16, discussions continued, even so far as American Guarantee sending a draft settlement agreement and release. Indeed, American Guarantee had conditioned any potential settlement upon receipt of any agreed upon settlement payment before year end. Accordingly, the parties continued discussions and commented on the draft in an effort to ensure that we could meet the deadline imposed by American Guarantee, should a settlement actually be achieved. But at no time did I inform counsel for American Guarantee or counsel for Praxair that I or my client contact had authority to settle for the amount proposed. To the contrary, on multiple occasions, I informed both counsel that I had reached out to my client for authority to settle for the proposed amount. I also have confirmed to American Guarantee and Praxair that Western has not agreed to the proposed settlement amount.

In addition to the above, it appears as though American Guarantee's letter might have inadvertently misled the Court into believing that both the American Guarantee matter and the Lawson matter have been settled. Obviously, Western wholeheartedly disagrees that the American Guarantee matter has settled since Western never agreed to a settlement, but, moreover, to my knowledge, no parties have engaged in settlement discussions in the *Lawson* matter.

We respectfully request that the Court enter a briefing schedule with regard to the "motion to enforce" that American Guarantee has stated it intends to file (either with or without adjourning argument in the subrogation and/or *Lawson* matters) and adjourn the settlement conferences in both of the above-referenced matters. Western will, of course, abide by the Court's decision as it relates to both oral argument and the proposed settlement conferences.

Respectfully,

/s
Eric S. Westenberger
LOCKE LORD LLP
*Attorneys for Defendant/Third-Party Plaintiff
Western/Scott Fetzer Company*

Enclosures as stated

cc:     All Counsel (*via ECF*)