# MONTGOMERY McCRACKEN
ATTORNEYS AT LAW

**Georgette Castner**
Admitted in New Jersey & Pennsylvania

LibertyView
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002-2220
Tel: 856-488-7700

Direct Dial: 856 488-7794
Fax: 856-488-7720
Email: gcastner@mmwr.com

October 24, 2017

*Via ECF*

Hon. Douglas E. Arpert
United States Magistrate Judge
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

Re: **Lawson, et al. v. Praxair, Inc., et al.**
**Civil Action No. 3:16-cv-02435-BRM-DEA**

Dear Judge Arpert:

We are writing this letter jointly as counsel for the Praxair and Western defendants in light of plaintiffs' counsel's decision to submit a letter to Your Honor without including language from us. We had understood Your Honor's direction was for all parties to submit a joint letter, and we expected that plaintiffs' counsel would include our positions, but obviously they did not. We regret the necessity of this separate submission.

As an initial matter, we disagree with virtually all of plaintiffs' characterizations but we will not waste the Court's time listing them all. Suffice it to say that any suggestion that defendants are seeking to delay resolution of this matter is meritless: Defendants voluntarily produced thousands of pages of documents regarding the product at issue, and urged early mediation in an effort to resolve this matter promptly and fairly. And, while Mrs. Lawson's accident happened in April 2014, it was her own counsel who opted not to file suit until almost two years had elapsed.

Our clients believe that the discovery schedule proposed by plaintiffs and the Hospital is inadequate for the following reasons:

Montgomery McCracken Walker & Rhoads LLP

Hon. Douglas E. Arpert
October 24, 2017
Page 2

    **1.**    **E-discovery**

Plaintiffs now request in their submission to the Court that e-Discovery be completed by January 18, 2018, less than three months from today. Western proposes that e-Discovery be completed by April 30, 2018, and Praxair has no objection to that date.

Plaintiffs' suggestion stands in stark contrast to the "Discovery Plan for Electronically Stored Information (ESI)" (hereinafter "ESI Plan") recently proposed by Plaintiffs on September 11, 2017. The proposed ESI Plan requires the parties to "exchange proposed search terms and strategies that each Producing Party proposes to use to identify responsive ESI" within 30 days after execution of the ESI Plan. Assuming—optimistically—that the ESI Plan could be finalized and executed by Monday, October 30th, those terms would not be exchanged until November 29, 2017. After exchange of the terms, the ESI Plan calls for the parties to meet and confer to agree on search terms within ten days or by December 9, 2017. After that meeting, and assuming the parties are in agreement on the search terms, the parties could then conceivably begin (1) collecting potentially a decade or more's worth of available data from all of the agreed-upon custodians; and (2) applying these search terms to collected materials to prepare for coding and pre-production of the materials.

With the intervening major holidays, attendant travel, vendor collection work, and the need to substantively review voluminous documents, and assimilate, code and prepare those documents for production; in approximately 40 days is an unworkably short period of time to complete ESI, especially because that timetable assumes there will be no new requests. Further, every day of delay in completing the ESI Plan would cut into the time with which to comply with the January 18th date that Plaintiffs propose. The time consuming nature of the work that Western and its vendors would need to undertake will also be compounded by the need to collect from the historical electronic media and format in which that data was stored over the 10+ year period. In short, it is not realistic that the tasks involved in producing ESI prior to the January 18 deadline could be performed given the current date and status of the ESI Plan.

    **2.**    **Fact discovery**

Plaintiffs and the Hospital propose that all fact discovery should be complete within six months of the end of E-discovery. In reality, the bulk of fact discovery that will take place during this period will be in the form of depositions. Given the number of parties and the complexity of the facts leading to the likelihood that perhaps as many as 50 depositions will be requested in this matter, our clients believe that nine months is more appropriate.

Our clients have no objection to the subsequent spacing of dates for the remaining deadlines, but believe that they need to be deferred to afford the reasonable time necessary for items 1 and 2. Thus, our clients would propose the following schedule:

4497823v1

Montgomery McCracken Walker & Rhoads LLP

Hon. Douglas E. Arpert
October 24, 2017
Page 3

- Electronic Discovery: April 30, 2018
- Factual Discovery: December 30, 2018
- Plaintiffs' Expert Reports: March 1, 2019
- Defendants' Expert Reports: April 1, 2019
- Third-Party Expert Reports: May 1, 2019
- Expert Depositions: August 1, 2019
- Dispositive Motions: September 1, 2019

While plaintiffs' letter goes on to make various assertions about our clients, we do not believe that it is necessary to respond in kind, and prefer to focus on the task at hand, which should be to establish a reasonable pretrial schedule. We would of course be happy to participate in a telephone conference if the Court believes it would be helpful.

Respectfully,

*s/Georgette Castner*

Georgette Castner

GC:med
cc:     All Counsel of Record (*via ECF*)

4497823v1