# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AGNES LAWSON, et al. | : |
| Plaintiffs, | : Civil Action No. 16-2435 (BRM)(DEA) |
| v. | : **ORDER** |
| PRAXAIR, INC., et al. | : |
| Defendants. | : |

This matter comes before the Court by way of correspondence from counsel concerning a dispute over the standard to be applied by the parties when designating discovery materials "confidential" as permitted by the Discovery Confidentiality Order ("DCO") in this case. (ECF No. 160.) The Praxair Defendants maintain that the applicable standard is set forth in the DCO, which provides that

> [a]ny party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.

(ECF No. 44 at ¶ 1.) This language in the DCO was previously agreed to by the parties. (*See* ECF No. 42 at ¶ 11.)

Plaintiffs, on the other hand, contend that only materials meeting the standard under Local Civil Rule 5.3 for sealing filings on the public docket may be designated confidential, because "Rule 5.3 supersedes the confidentiality order and ultimately determines whether a document may be withheld from the public." (ECF No. 160 at Ex. A.)  In support of its position, Plaintiff cites *In re: Benicar (Olmesarten) Prod. Liab. Litig.,* No. 15-2606, 2016 WL 266353 (D.N.J. Jan. 21, 2016) for the unremarkable proposition a party's designation of material as confidential does not automatically satisfy the criteria for sealing under Rule 5.3. Plaintiffs' argument, however, conflates discovery materials--which are not filed with the Court--with Court filings.

Implicit in Local Civil Rule 5.3 is the "presumption, based on First Amendment considerations and the common law right of access to judicial records ... that materials filed with the Court and judicial proceedings are open to the public." *Healey Alternative Inv. P'ship v. Royal Bank of Canada*, No. 10-1567, 2014 WL 12609317, at *1 (D.N.J. Aug. 5, 2014).  In arguing that Rule 5.3 should control the mere designation of discovery materials as confidential as between the parties, Plaintiffs ignore the well-established principle that discovery is essentially private and does not implicate the public's presumptive right of access to judicial proceedings and records.  *See North Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 430 (3d Cir. 2016) ("[D]iscovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation."); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (noting that discovery is not presumptively accessible to the public). As such, the parties may

enter into agreements with respect to the confidential treatment of discovery materials, as they did here when they agreed on the terms of the DCO.  Therefore, it is the terms of that Order that willcontrol the designation of confidential materials in this case.  Consequently,

**IT IS** on this 5th day of November 2018

**ORDERED** that Paragraph 1 of the DCO entered in this case provides the standard to be applied in designating discovery materials "confidential."

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge