| | |
|---|---|
| AGNES LAWSON and CASSIUS LAWSON, h/w, | : <br> : **UNITED STATES DISTRICT COURT** <br> :     **DISTRICT OF NEW JERSEY** |
| **Plaintiffs,** | : <br> :    **Civil Action No. 16-2435 (BRM)** |
| v. | : <br> :           **ORDER** |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, et.al., | : <br> : |
| **Defendants.** | |

**THIS MATTER** having come before the Court for a telephone status conference on April 9, 2019; and the Court having conferred with counsel concerning the parties' discovery disputes [dkt. no. 184]; and good cause appearing for the entry of this Order:

**IT IS on this 15th day of April, 2019**

**ORDERED THAT:**

1. All parties must conduct discovery expeditiously and diligently. In addition, all discovery conducted must be proportional to the needs of the case considering the factors set forth in Fed. R. Civ. P. 26(b)(1).

2. The discovery schedule set forth in the parties' joint letter to the Court dated October 19, 2018 [dkt. no. 161] remains in effect.

3. The Praxair Defendants must supplement the production of electronically stored information (i.e., emails) with respect to Michael Skrjanc by May 9, 2019.

4. The deposition of Michael Skrjanc must be conducted by June 7, 2019.

5. The parties have vigorously litigated and continue to litigate numerous discovery issues. The Court has devoted substantial time to addressing and attempting to resolve these disputes. The parties' submissions make it clear that this matter will continue to require intensive case management involving the resolution of numerous discovery and other disputes. The required level of case management is untenable given the burdens on the District of New Jersey. As such, Plaintiffs' application for the appointment of a Special Master under Federal Rule of Civil Procedure 53 (as to which Defendants take "no

position") is **GRANTED**. By separate Order, the parties will be notified of the Court's proposed appointment. It is the Court's intention that the Special Master will have all of the authority specified by Fed. R. Civ. P 53(c). The Special Master will bill time at his customary rate and specify the time allocated to each individual dispute. For each such dispute, the non-prevailing party will be responsible for the Special Master's fees. With respect to the appointment of a Special Master, no later than **April 30, 2019**, each party is to submit correspondence to the Court addressing (1) the party's position on any issue the party would like the Court to consider in relation to the appointment of a Special Master; and (2) the party's position on the items identified in Rule 53(b)(2).

6. The Court will conduct a telephone status conference **on June 19, 2019 at 3:30PM.** Counsel for Plaintiffs is directed to initiate the call to (609) 989-2144.

7. Counsel must meet and confer in a good faith effort to resolve any discovery or case management dispute before bringing such dispute to the attention of the Court. *See* L.Civ.R. 16.1(f)(1). Any unresolved disputes must be brought to the Court's attention promptly by a joint letter to the undersigned.

8. Counsel must confer at least 48 hours in advance of each Court appearance to confirm attendance and to review any matters to be discussed with the Court.


      s/ Douglas E. Arpert

**DOUGLAS E. ARPERT**
**United States Magistrate Judge**