# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGNES LAWSON, et al.<br><br>　　　　Plaintiffs,<br>vs.<br>PRAXAIR, INC., et al.<br>　　　　Defendants. | Civil Action No. 3:16-cv-02435<br><br>**ORDER APPOINTING**<br>**SPECIAL MASTER** |

The above captioned matter having come before the Court upon the consent of all parties for an Order Appointing a Discovery Master pursuant to Fed. R. Civ. P. 53, and the Court having considered the requests and submissions of the parties and having found that the appointment of a Special Master is necessary and appropriate because of the difficult issues in this case and the inordinate amount of attention and oversight needed from the Court,

NOW, THEREFORE, it is on this <u>19th</u> day of June 2019, ORDERED that:

1. Judge Harry G. Carroll (ret.) is appointed Special Master for the purpose of managing and supervising discovery and resolving discovery disputes in this matter. Consistent with the authority of the Federal Rules of Civil Procedure, the currently anticipated needs of the Court, and the parties' consent, the Court states that the Special Master shall have the authority to:

   a. Supervise the conduct of discovery in this matter;

   b. Review, resolve, and make decisions and written orders concerning any discovery conflicts;

    c. Supervise, monitor, and report upon compliance with the Court's Scheduling and Discovery Orders, and make findings and recommendations on remedial action if required;

    d. Make written recommendations to the Court concerning case management deadlines;

    e. Make written recommendations to the Court regarding the imposition upon a party of any sanction and contempt or any other sanction against a non-party;

    f. Make formal or informal recommendations and reports to the parties, and make recommendations and reports to the Court, regarding any matter pertinent to the assigned tasks;

    g. Take all other appropriate measures to perform the assigned duties consistent with this Order;

    h. Interpret any discovery related agreements reached by the parties; and

    i. The Special Master shall have the rights, powers, and duties provided in Fed. R. Civ. Proc. 53 and may adopt such procedures as are not inconsistent with that rule or with this or other Orders of the Court.

2. The Special Master may communicate *ex parte* with the Court, without providing notice to the parties, regarding logistics, the nature of his activities, management of the litigation, and other appropriate procedural matters. The parties shall not engage in any *ex parte* discussions with the Special Master and the Special Master shall not engage in any *ex parte* discussions with any of the parties.

3. Confidential material and the contents of confidential material may be disclosed to the Special Master pursuant to paragraph 3k of the Discovery Confidentiality

Order (ECF 44) when necessary for the Special Master's functions under this Order. All other provisions of the Discovery Confidentiality Order shall apply to the disclosure of such material.

4. The Special Master shall maintain a written record of his activities pursuant to this Order and the assigned tasks, including:

   a. All orders, findings, reports, or recommendations submitted to the Court;

   b. A stenographic record of all hearings which take place pursuant to this Order;

   c. Normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon;

   d. All communications and materials received from the parties and non-parties; and

   e. All communications with the Court.

5. The submission of discovery conflicts to the Special Master consistent with the Special Master's authority in Paragraph 1 of this Order shall be done in an orderly and expeditious manner and the Special Master shall review, resolve and decide discovery conflicts in an orderly and expeditious manner, as follows:

   a. Following a meet and confer pursuant to Fed. R. Civ. P. 37(a)(1), the parties shall raise discovery conflicts intended for consideration by the Master by filing a written letter or motion via ECF;

   b. Any documents or information designated to be confidential under the Discovery Confidentiality Order shall be submitted to the Special Master via email or in hardcopy and consistent with the terms of the Discovery

       Confidentiality Order in this case and consistent with the terms of the Discovery Confidentiality Order in this case;

  c. Any party wishing to oppose a written discovery motion or application shall do so in writing within ten (10) business days by filing a written response via ECF;

  d. The Special Master may gather such further information he deems necessary, including through conference call, and shall thereafter render a written decision;

  e. The Special Master shall make a written recommendation to the Court regarding the discovery dispute(s) and file it electronically on the case docket via ECF within five (5) business days of his service on the parties. The Special Master's recommendation shall include appropriate redactions for any information contained in the report and recommendation that was provided via the Discovery Confidentiality Order in this case; and

  f. The Special Master shall otherwise have discretion to determine the appropriate procedures for resolution of assigned matters.

6. Any party wishing to object to all or any portion of a recommendation issued by the Special Master shall file a motion with the Court within 14 days of the filing of the recommendation. Review of any recommendations of the Special Master shall be de novo by the District Court Judge or Magistrate Judge assigned to this action. If no party objects, to a recommendation issued by the Special Master, or to an discrete portion of a recommendation, then the recommendation, or any portion no objected to, shall be submitted to the Court for entry.

7. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order, or such other Orders as the Court may issue. The Special Master shall be compensated at his customary hourly rate for work done pursuant to this Order, and shall be reimbursed for all reasonable expenses incurred. The Special Master shall be free to employ firm attorneys and firm legal assistants at their customary hourly rate. Such persons shall be under the supervision and control of the Special Master, who shall take appropriate action to ensure that such persons preserve the confidentiality of matters submitted to the Special Master for review. The Special Master shall send a letter to the parties indicating his customary rate and the customary rate of all firm attorneys and firm legal assistants who will be working on this matter.

8. The Special Master shall bill the parties on a regular basis for fees and expenses, and those bills shall be promptly paid. The Special Master shall initially assess the costs of the proceedings equally among the parties; provided, however, that the Court shall retain the right to shift all or part of the charges to one party or the other after submission of a Special Master's report and upon a showing of good cause.

9. The Special Master is directed to proceed expeditiously and with all reasonable diligence to complete the tasks assigned by this Order.

10. The Special Master shall have the full cooperation of the parties and their counsel.

11. Within ten (10) days hereof, the Special Master shall file via ECF an affidavit pursuant to Rule 53(b)(3) in the form attached hereto.

12. The Special Master shall be disqualified as a witness in any pending or subsequent litigation related to this matter.

5

13. The Court retains the right to modify this Order as deemed appropriate.

                        */s/Brian R. Martinotti*
                        UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGNES LAWSON, et al. | : |
| Plaintiffs, | : |
| vs. | : Civil Action No. 3:16-cv-02435 |
| PRAXAIR, INC., et al. | : |
| Defendants. | : |

## AFFIDAVIT OF JUDGE HARRY G. CARROLL (ret.)
## TENDERED PURSUANT TO FED. R. CIV. P. 53

STATE OF NEW JERSEY        )
                           )    ss.        AFFIDAVIT
COUNTY OF _____   )

Harry G. Carroll, being first duly sworn according to law, states the following:

I am an attorney at law, duly licensed to practice law. My bar and court admissions are as follows: State of New Jersey, State of New York, State of Florida, District of Columbia, United States District Court for the District of New Jersey, and Supreme Court of the United States.

1. I have thoroughly familiarized myself with the issues involved in the above litigation captioned Agnes Lawson, et al. vs. Praxair, Inc., et al., No. 3:16-cv—2435.

2. As a result of my knowledge of that case, I can attest and affirm that there are no non-disclosed grounds for disqualification under 28 U.S.C. §455 that would prevent me from serving as the Special Master in the captioned matter.

Sworn to before me and subscribed in my presence this ____ day of June, 2019.

_____
Notary Public