# MONTGOMERY McCRACKEN
ATTORNEYS AT LAW

**Georgette Castner**
Admitted in New Jersey & Pennsylvania

LibertyView
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002-2220
Tel: 856-488-7700

Direct Dial:   856 488-7794
Fax:           856-488-7720
Email:         gcastner@mmwr.com

September 12, 2019

**Via ECF & E-MAIL** <HCarroll@mfmclaw.com>

Hon. Harry G. Carroll (Ret.)
MEYERSON, FOX, MANCINELLI & CONTE, P.A.
One Paragon Drive, Suite 240
Montvale, NJ  07645

Re:   **Lawson, et al. v. Praxair, Inc., et al.
       Civil Action No. 3:16-cv-02435-BRM-DEA**

Dear Judge Carroll:

As you know, we represent Defendants and Third-Party Plaintiffs Praxair, Inc., Praxair Distribution, Inc. and Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco (collectively, "Praxair") in the above-referenced matter. We write to seek resolution of two discovery disputes Praxair has with Plaintiffs' regarding depositions in this case.

   1.   **Plaintiffs Should Not Be Permitted to Depose Praxair's Chairman, President and Chief Executive Officer.**

Plaintiffs have noticed the deposition of Stephen Angel, who previously was the Chairman, President and CEO of Praxair,[1] and Praxair objects for the following reasons:

A party seeking to depose a high-level executive must demonstrate circumstances justifying the deposition. The so-called "apex doctrine," rooted in Federal Rule of Civil Procedure 26, was developed to ensure that the rules of procedure for depositions are used only for their intended purpose and not as a litigation tactic to create undue leverage by harassing the opposition or inflating its discovery costs. The apex doctrine applies a rebuttable presumption that a high-level official's deposition represents a significant burden upon the deponent and that this burden is undue absent two factors. These two factors are whether the executive "(1) has

---

[1]   Mr. Angel is now the Chief Executive Officer of Linde plc following the merger of Praxair and Linde.

personal or unique knowledge on relevant subject matters; and (2) whether the information sought can be obtained from lower-level employees or through less burdensome means, such as interrogatories." *Younes v. 7-Eleven, Inc.*, No. 13-3500, 2015 WL 12844446, *2 (D.N.J. Aug. 19, 2015). Here, both factors compel the conclusion that Plaintiffs should not be permitted to depose Mr. Angel.

As to the first factor, vague suggestions that a CEO was generally informed about relevant events are wholly insufficient. Rather, the CEO's knowledge must be substantive. *Compare Ford Motor Co. v. Edgewood Properties, Inc.*, No. 06-1278, 2011 WL 2517133, *4 (D.N.J. June 23, 2011) (holding that appearance of executive's signature on certain paperwork did not on its own signify unique knowledge), *and Younes*, 2015 WL 12844446 at *2 ("The fact that Rebelez may have signed off on some paperwork is not a sufficient reason to depose him."), *with Otsuka Pharmaceutical Co. v. Apotex Corp.*, No. 07–1000, 2008 WL 4424812 at *5 (in patent infringement action, allowing apex deposition where executive led the product development team for products and had direct, first-hand management of the product).

Here, Mr. Angel has no personal or unique knowledge related to Plaintiffs' claims in this case. The fact that Mr. Angel may have received updates from other Praxair employees or that correspondence from the FDA was addressed to Mr. Angel is not sufficient grounds to justify his deposition, which would result in a significant burden. Mr. Angel possesses neither first-hand knowledge nor a direct connection regarding the circumstances surrounding the incident from which this case arises.

The second factor considers whether lower-level employees have the same knowledge as the deponent, since if they do, then by definition the "apex" officer's knowledge is not "unique," and an apex deposition would be improper. *See, e.g., Younes*, 2015 WL 12844446 at *2 (denying apex deposition based on executive's attendance at presentation, where lower-level employees also attended the same presentation). Since employee depositions can serve this critical function, courts have repeatedly denied apex depositions that are requested before a sufficient number of other depositions have taken place. *See, e.g., Ciarrocchi v. Unum Group*, No. 08–1704, 2009 WL 10676631 at *4 (D.N.J. August 27, 2009).

To date, Plaintiffs have deposed only one Praxair witness and there are other Praxair witnesses who have direct knowledge regarding the circumstances surrounding this case and who are currently scheduled to be deposed by Plaintiffs, unlike Mr. Angel. Based on those circumstances alone, Mr. Angel's deposition should be denied.

To suggest that Mr. Angel's deposition is necessary in this case is disingenuous; it has been noticed to be vexatious and is intended solely to harass and impose an undue burden on him and Praxair. Mr. Angel is currently in charge of a world-wide company with tens of thousands of employees and operations in a hundred different countries. In his capacity as CEO, Mr. Angel runs a global company, which requires an enormous amount of his time and effort.

For these reasons, Praxair contends that both factors compel the conclusion that Plaintiffs should not be permitted to depose Mr. Angel. Accordingly, Praxair respectfully requests that Plaintiffs not be permitted to take the deposition of Mr. Angel.

## 2. Praxair Witnesses Should Be Deposed Where They Live and Work.

The second discovery dispute concerns the locations of depositions of Praxair witnesses. Plaintiffs' Notices of the Depositions of Stephen Angel,[2] James White, Shaun LaGrange and Martin Frith purport to require that they appear for their depositions in Hamilton, New Jersey.

There is a general presumption in federal courts that corporate deponents may sit at the place of the corporation's principal place of business. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2112 (2d ed. 1994). Praxair's principal place of business is in Danbury, Connecticut, but it has several locations where many employees work.

Depositions in Hamilton, New Jersey would be unduly burdensome for these employees. Mr. James White is the Director, Materials Engineering, R&D for Praxair who works in Tonawanda, New York, approximately 425 miles from Hamilton. Praxair's counsel offered to produce Mr. White for his deposition in nearby Buffalo, New York. Mr. Shaun LaGrange is the Associate Director, Global Process Safety for Praxair who works in Ontario, Canada, over 1,300 miles away. Praxair's counsel also offered to produce Mr. LaGrange for his deposition in Buffalo, New York, so these two depositions could occur in the same location. Mr. Martin Frith is the Director of Productivity for Praxair, and works in Burr Ridge, Illinois, about 790 miles from Hamilton, New Jersey. Praxair's counsel offered to produce Mr. Frith for his deposition in nearby Chicago, Illinois.

These Praxair employees, Mr. White, Mr. LaGrange and Mr. Frith, are key employees at Praxair with extremely busy schedules who are involved in numerous essential activities and decisions on a daily basis for the company that require their presence at their physical offices. When determining the location for depositions, courts consider where a deponent lives and the burden that travel would impose. *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (Deposition would take place in Michigan; corporate defendant's place of business and corporate president's residence were in Michigan, and plaintiff did not establish any peculiar circumstances that would justify her request to depose the corporate president in Alabama); *McArthur v. Rock Woodfired Pizza & Spirits*, 318 F.R.D. 136 (W.D. Wash. 2016) (Deposition should occur where

---

[2] Praxair respectfully submits that Mr. Angel's deposition should not take place at all, for the reasons set forth above.

Montgomery McCracken Walker & Rhoads LLP

Hon. Harry G. Carroll (Ret.)
September 12, 2019
Page 4

the deponent resides and plaintiff could either travel to the deponent or take the deposition by phone).

Courts routinely hold that corporate depositions are to take place where the corporate defendant's place of business is located or where the corporate representative resides. Indeed, Plaintiffs' counsel deposed Praxair's first witness over a two-day period in Danbury, Connecticut, which is where Praxair's principal place of business is located. Now, counsel claims that Mr. White, Mr. LaGrange and Mr. Frith need to be deposed in Hamilton, New Jersey despite failing to provide any peculiar circumstances to support that request other than to suggest that it would be unduly burdensome and expensive for Plaintiffs' counsel. Praxair contends that there is no basis to require these witnesses to travel to New Jersey for their depositions. Counsel for Praxair has offered to produce Mr. White and Mr. LaGrange on back-to-back dates (on October 21st and 22nd) in Buffalo, New York (in lieu of Canada) to limit the need for counsel to travel. Praxair's counsel has also offered to produce Mr. Frith in Chicago, Illinois.[3] Accordingly, Praxair respectfully requests that Plaintiffs' request to depose these witnesses in Hamilton, New Jersey be denied and that the depositions take place on the dates and at the locations where Praxair offered, which is near the witnesses' residences and places of employment.

Lastly, Praxair notes that the dates it proposed for the depositions of these witnesses were based on the understanding that the depositions would take place in the locations convenient to the witnesses. Should Praxair now be required to produce the witnesses in Hamilton, New Jersey as Plaintiffs have requested, Praxair may need to change the scheduled deposition dates to accommodate the witnesses' availability to travel.

Thank you for your assistance and consideration in these matters.

Respectfully submitted,

*s/ Georgette Castner*

Georgette Castner

cc:     All counsel of record (*via ECF*)

---

[3]     It should also be noted that there are additional Praxair witnesses that are currently scheduled to be deposed or have been requested to be deposed and those depositions are taking place in Pennsylvania and New Jersey.