

Christopher D. Hinderliter
Direct Email: chinderliter@sheridanandmurray.com

———————————————
Admitted to PA & NJ Bars

September 17, 2019

*Via ECF and Email*

The Honorable Harry G. Carroll (Ret.)
Meyerson, Fox, Mancinelli & Conte, P.A.
One Paragon Drive, Suite 240
Montvale, NJ 07645

      **RE:** *Lawson, et al. v. Praxair, et al.*
            **Civil Action No. 3:16-cv-02435**

Dear Judge Carroll:

    This firm represents the Plaintiffs in the above matter. As you are aware, this is a product liability action arising from the April 10, 2014, explosion of a Praxair Grab 'n Go Vantage portable oxygen delivery system that severely injured Plaintiff Agnes Lawson. The Defendants Western/Scott Fetzer Company, A Scott Fetzer Company, Western Medica, and Western Enterprises (collectively, the "Western Defendants") were the manufacturer of the Grab 'n Go and had a primary role in designing and testing this product.

    On August 30, 2019, Plaintiffs issued a deposition subpoena for Western Defendant witness David Simo for September 25, 2019 and issued a notice of deposition for Western Defendant witness Gregory Eytchison for October 4, 2019. These depositions were scheduled to occur in the forum district of this case in New Jersey. By letter of September 12, 2019, the Western Defendants objected to producing these individuals for depositions in the forum district and sought a protective order from this Court. This letter is in response to the Western Defendants' request.

    The Western Defendants' baseless objection to the deposition of Gregory Eytchison in the forum district will cause the parties to litigate this case in a way that creates undue hardship and expense, to the maximum extent possible, and without any shared burden. The time, expense, and inconvenience for multiple attorneys to travel to Ohio to depose one witness is great and cannot be overstated. The Western Defendants' letter ignores the cost of attorney time, as well as the case law which considers the cost of travel in the calculus of whether to grant a protective order. The

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al v. Praxair, et al*, No. 3:16-cv-02435
September 17, 2019
Page 2

case law and the balancing of equities dictate that the location for Mr. Eytchison's deposition must be in the forum district.

**I.      David Simo**

In their September 12, 2019 letter, the Western Defendants stated that David Simo is a retired, former employee of the Western Defendants and no longer under its control. They objected to producing Mr. Simo for a deposition in the forum district based on Rule 45.  The Plaintiffs have accepted these representations by the Western Defendants regarding Mr. Simo and have issued a notice for him to appear for deposition on September 25, 2019, in Westlake, Ohio. The Western Defendants have advised that Mr. Simo is available to appear for a deposition on that date and location without the need to issue a subpoena. This issue is now moot.

**II.     Gregory Eytchison is a managing agent who should be deposed in the forum district**

The Western Defendants argue that Gregory Eytchison is not a party for the purposes of noticing his deposition under Rule 30.  This could not be further from the truth.  The Western Defendants concede in their September 12, 2019 letter that Gregory Eytchison is not just a current employee, but Western/Scott Fetzer's "Director of Mechanical Engineering."[1]

"If the person to be deposed is a party to the action, or an officer, director, or managing agent of a party to the action, a subpoena is not required and a notice is sufficient to require his attendance."  Dempsey v. Bucknell Univ., No. 4:11-CV-1679, 2013 U.S. Dist. LEXIS 135199, at *10 (M.D. Pa. Sep. 23, 2013).  The factors bearing on whether a person is a managing agent are as follows:

> Although the law provides no clear definition of "managing agent," it is generally understood as an individual invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters. To determine whether an employee is a managing agent, courts consider whether the individual is: (1) invested with power to exercise his discretion and judgment in dealing with corporate matter, (2) can be depended upon to carry out employer's direction to give required testimony, and (3) has an alignment of interests with the corporation rather than one of the other parties. This determination does not require an individual to possess general discretionary powers, but, rather, should be

---

[1] Western's Rule 26 disclosures and documents produced in discovery describe Mr. Eytchison as the Director of Engineering and omit "Mechanical." See Western's Rule 26 Disclosures, attached as Exhibit A at 2; PRAXAIR_00751, attached as Exhibit B at 00760.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al v. Praxair, et al*, No. 3:16-cv-02435
September 17, 2019
Page 3

> dependent largely on functions, responsibilities and authority of the individual involved respecting the subject matters of the litigation.

Id. at *11 (internal quotation marks omitted) (quoting Philadelphia Indem. Ins. Co. v. Fed. Ins. Co., 215 F.R.D. 492, 494 (E.D. Pa. 2003)).  Further, "courts in pretrial proceedings have resolved doubts under the standard in favor of the examining party."  Id. (quoting E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc., 268 F.R.D. 45, 49 (E.D. Va. 2010)).

In Dempsey, supra, the court was asked to consider whether two university faculty members, an events manager, and an associate registrar, were managing agents for the purpose of deposition notices served in a case arising from a student conduct hearing.  The four employees at issue had served on the student's hearing board.  The Dempsey Court determined that all four were managing agents for purposes of the deposition notices. Each had been invested with power to exercise discretion with respect to the student conduct hearing from which the lawsuit arose.  Given that all four continued to be employed by the university, the Dempsey Court determined that each could be depended upon to carry out the university's direction to give required testimony and each had an alignment of interests with the university, as opposed to with the plaintiff.

In the instant case, just as in Dempsey, Mr. Eytchison is afforded with considerable discretion pertaining to facts from which this lawsuit arose.  This is a products liability case that revolves around engineering decisions, and Mr. Eytchison is the Director of Mechanical Engineering for Defendant Western/Scott Fetzer.  In particular, Plaintiffs allege a product defect originating in the Western Defendants' 2009 decision to switch the material of one of the product's o-rings.  It was Mr. Eytchison who formally proposed this change to Praxair in a June 2009 letter and outlined the rationale.  PRAXAIR_00751, attached as Exhibit B.  Plaintiffs contend that Mr. Eytchison's decision to change the design of the Grab 'n Go o-ring caused the explosion of the Grab 'n Go unit on April 10, 2014, that injured Plaintiff Agnes Lawson.  This is no different than the four deponents that were invested with power to exercise discretion in Dempsey by virtue of sitting on the student conduct board.  Likewise, Mr. Eytchison continues to be employed at a high-level position reporting directly to the Vice President of Engineering, according to Western's letter.  This satisfies the second and third requirements that the deponent may be depended upon and have an alignment of interests with the noticed party.  This is indistinguishable from the Dempsey case.

In addition, the Western Defendants long anticipated Mr. Eytchison would be a party witness in their Rule 26 Disclosures, which gave Mr. Eytchison's address as that of Western's attorneys in Morristown, New Jersey. Exhibit A at 2–3.  Had Western expected Plaintiffs to subpoena Mr. Eytchison (or contact him ex parte, as would be permitted in the case of a non-party witness), the appropriate address would be Mr. Eytchison's personal address in Ohio.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

For the deposition of a party witness, the Federal Rules of Civil Procedure leave the location, in the first instance, to the party noticing it. <u>Karakozova v. Trustees of the University of Pa.</u>, No. 09-cv-02564, 2010 WL 3768351 (E.D. Pa. Sept. 28, 2010). When ruling on a motion for a protective order, the court "has considerable discretion in determining the place of a deposition, may consider the relative expenses of the parties and may order that expenses be paid by the opposing party." <u>Philadelphia Indemnity Ins. Co. v. Federal Ins. Co.</u>, 215 F.R.D. 492, 495 (E.D. Pa. 2003). When deciding motions for a protective order, "each application must be considered on its own facts and equities." <u>S. Seas Catamaran, Inc. v. Motor Vessel "Leeway"</u>, 120 F.R.D. 17, 21 (D.N.J. 1988). In determining the proper location for a deposition, a court may consider:

1. The parties' convenience and relative hardships to attend the designated location;
2. Cost of transportation and lost work . . .;
3. Expense and inconvenience to move voluminous documents;
4. Whether the parties' counsel are located in the forum district;
5. Whether the [party being deposed] is a large corporation whose employees often travel;
6. Whether significant discovery disputes may arise and judicial economy favors resolution by the forum court or other similar concerns; and
7. Whether the parties' claims and relationship are such that appropriate adjustment of the equities favors a deposition site in the forum district.

<u>Luther v. Kia Motors America, Inc.</u>, No. 08-cv-386, 2009 US Dist Lexis 53494 (W.D. Pa. June 18, 2009). "There is a general rule that the location of a corporate party's deposition ordinarily takes place at the corporate party's principal place of business, but notwithstanding the generally recognized rule, **courts have often required corporate defendants to produce their officers or agents for depositions at locations other than the corporation's principal place of business where there has been no showing that the defendant will suffer any resulting financial hardship**." <u>Search Mktg. Grp., Inc. v. Junk a Car, Inc.</u>, No. 17-1840 (D.N.J. Apr. 23, 2019) (emphasis added) (quoting Campbell v. Detert, No. 11-cv-642, 2013 WL 1314429 (D.N.J. Mar. 28, 2013)).

In the instant case, the Defendants have failed to substantiate any hardship and there are numerous factors which should require that the deposition of Mr. Eytchison be conducted in the forum district. These factors include that:

(1) the hardship is greater on all parties involved if the deposition occurs in Westlake, Ohio, as opposed to the forum district;

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

> Multiple parties will need to pay for travel expenses including airfare, hotel rooms, and rental cars. Additionally, boxes of voluminous documents must be shipped to and from the location of the depositions. This results in thousands of dollars in unnecessary expenses.

(2) all counsel are faced with expense and lost time if they must travel to the location of the witness;

> Instead of having one person, the deponent, travel to the location of the deposition, multiple attorneys for every party will need to invest multiple days out of the office for each deposition once travel is considered. This results in needless and wasteful expenditures of time and money.

(3) the Plaintiffs will need to transport many boxes of documents to the location of the deposition;

> This is a very document intensive case, and all of the depositions involve volumes of documents which need to be duplicated for every person involved and then transported to the location of the deposition. Forcing shipment of boxes containing multiple binders of voluminous documents to and from the deposition locations is expensive and time consuming.

(4) all counsel are located in or near the forum district;

> It is significantly easier for one deponent to travel to the forum district for a deposition where all of the attorneys are located. It is illogical, complicated, and expensive for all of the attorneys to travel to one witness hundreds of miles away in Westlake, Ohio.

(5) the party being deposed, the Western Defendants, is a large company boasting significant sales on seven continents;

> Western has sold hundreds of thousands of portable oxygen systems in North American, South America, Europe, and Asia. Western_0040310 and Western_0050279, attached as Exhibits C and D; and

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al v. Praxair, et al*, No. 3:16-cv-02435
September 17, 2019
Page 6

      (6) the equities favor requiring the deposition in the forum district.

> When considering all of these factors discussed above, the equities strongly favor conducting these depositions in the forum district. The time, expense, and inconvenience would be far greater if the depositions were held at different places throughout the country, as opposed to simply conducting them in the forum district.

Western has refused to produce its witnesses for deposition in any location other than Westlake, Ohio, that, for the reasons stated above, is significantly inconvenient for the parties. Westlake is several miles outside of Cleveland, and the last deposition to occur there consumed *three days* accounting for travel time. This time is then multiplied by the several attorneys who attended. Plaintiffs' counsel incurred well over $1,500 just for one attorney to travel to the one deposition which already occurred in Westlake, Ohio. The Western Defendants are attempting to repeat this expense for every single Western deposition remaining in the case. It is inequitable to force all parties to travel to Westlake considering this expense and inconvenience.

### III. Conclusion

The balance of equities requires that this deposition be conducted in the forum district. The Western Defendants' meritless objection to Mr. Eytchison's deposition occurring in the forum district only serves to unnecessarily inconvenience the parties to this litigation and significantly increase expenses.

The Plaintiffs are available at Your Honor's convenience to further discuss these matters. Should anything be needed in order to schedule a conference, please do not hesitate to contact this office.

    Respectfully submitted,

    */s/ Christopher D. Hinderliter*

    NEIL T. MURRAY
    CHRISTOPHER D. HINDERLITER

cc: **Via ECF and Email**
    Eric S. Westenberger, Esquire
    Patrick Gilmartin, Esquire
    Jeremy Mishkin, Esquire
    Georgette Castner, Esquire
    Jennine DiSomma, Esquire
    Jennifer R. O'Connor, Esquire

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103