**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**
(A Limited Liability Partnership Formed in Pennsylvania)
By:     Paul H. Zoubek, Esquire
        Jeremy D. Mishkin, Esquire (*Pro Hac Vice*)
        Georgette Castner, Esquire
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 488-7700
*Attorneys for the Praxair Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGNES LAWSON, et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>PRAXAIR, INC., et al.,<br><br>            Defendants.<br>_____<br>PRAXAIR DISTRIBUTION, INC., et al.,<br><br>            Defendants/Third-Party Plaintiffs,<br><br>v.<br><br>PRINCETON HEALTHCARE SYSTEM HOLDING, INC., et al.,<br><br>            Third-Party Defendants. | Civil Action No.: 3:16-cv-2435-BRM-DEA |

**CERTIFICATION OF GEORGETTE CASTNER, ESQUIRE IN SUPPORT OF THE PRAXAIR DEFENDANTS' MOTION TO SEAL DOCUMENTS IN**
<u>*LAWSON, ET AL. V. PRAXAIR, INC., ET AL.*</u>

I, Georgette Castner, of full age, hereby certify as follows:

5014776v1

1. I am an attorney licensed to practice law in the State of New Jersey, and am a partner with the law firm Montgomery McCracken Walker & Rhoads LLP, counsel for the Praxair Defendants in this matter.

2. I make this Certification in support of the Praxair Defendants' Motion to Keep Under Seal Plaintiffs' September 5, 2019 letter and Exhibits C, D, E-G, K-M, O, P, Q, S, T, U, V, W, X, Y, Z, AA, BB, EE, FF, HH, II, KK, LL, MM and NN attached thereto.

3. I have no personal knowledge of the underlying events giving rise to this action. The facts set forth in this Certification are limited to procedural matters in this action and are true to my personal knowledge.

4. On March 18, 2016, Plaintiffs filed this action in New Jersey Superior Court, Middlesex County against thirteen different Praxair entities and the Western Defendants. [D.E. 1].

5. On April 29, 2016, the Praxair Defendants removed the action to this Court. [D.E. 1, Notice of Removal].

6. On May 18, 2016, Praxair filed a Third-Party Complaint against Third-Party Defendants University Medical Center of Princeton at Plainsboro ("UMCPP"). [D.E. 11, PDI Third-Party Compl.].

7. On August 1, 2016, a Discovery Confidentiality Order was entered in this case to allow any party to this litigation and any third-party the right to designate as "Confidential" and subject to the Order "any information, document, or thing . . . that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information . . . or which the producing party otherwise believes in good faith to be entitled to

protection under Rule 26(c)(l)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3." [D.E. 44].

8. On September 5, 2019, Plaintiffs filed a letter on the public docket directed to the parties' discovery master, the Hon. Harry G. Carroll (Ret.) to raise discovery disputes for resolution.

9. Plaintiffs filed the September 5, 2019, and accompanying exhibits, under temporary seal pursuant to L.R. 5.3.

10. The Praxair Defendants move to maintain the September 5, 2019 letter and 15 exhibits that were marked confidential pursuant to the parties' Discovery Confidentially Order, and six exhibits which constitute Praxair's discovery answers that summarize and synthesize information marked confidential pursuant to the parties' Discovery Confidentially Order.

11. For ease of reference, the following table identifies the materials that Praxair seeks to maintain under seal and the reasons supporting the seal.

| Exhibit | Description | Reasons |
|---|---|---|
| n/a | Plaintiffs' 9/5/19 Letter | The legitimate private interest that warrants sealing is the use of unproven commentary and characterizations about Praxair's discovery, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| C | Western_0031306, PRAXAIR_02832, Diagrams showing the O-ring seal | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is trade secret information concerning the design of valves, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| D | UMCPP-E 01698 Praxair's email regarding WHA | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is that this email chain concerns confidential business decisions on product testing with the input of several lawyers, which if disclosed to the public, would cause Praxair competitive and financial harm. |

5014776v1

| | | |
|---|---|---|
| E | Plaintiffs 2.6.19 Letter to Mr. Mishkin re Praxair Discovery Deficiencies | The legitimate private interest that warrants sealing is that these discovery answers summarize and synthesize commercially sensitive business information marked confidential pursuant to the parties' discovery confidentiality order, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| F | Praxair 3.14.19 Letter to Plaintiffs re Praxair ESI production | The legitimate private interest that warrants sealing is that these discovery answers summarize and synthesize commercially sensitive business information marked confidential pursuant to the parties' discovery confidentiality order, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| G | Plaintiffs 3.28.19 Response to Praxair re Praxair Discovery Deficiencies | The legitimate private interest that warrants sealing is that these discovery answers summarize and synthesize commercially sensitive business information marked confidential pursuant to the parties' discovery confidentiality order, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| K | Praxair 5.14.19 Letter to Plaintiffs re Discovery Deficiencies | The legitimate private interest that warrants sealing is that these discovery answers summarize and synthesize commercially sensitive business information marked confidential pursuant to the parties' discovery confidentiality order, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| L | Praxair Letter to Plaintiffs re Praxair ESI Deficiencies and Redactions | The legitimate private interest that warrants sealing is that these discovery answers summarize and synthesize commercially sensitive business information marked confidential pursuant to the parties' discovery confidentiality order, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| M | Plaintiffs 5.17.19 Email to Praxair | The legitimate private interest that warrants sealing is that these discovery answers summarize and synthesize commercially sensitive business information marked confidential pursuant to the parties' discovery confidentiality order, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| O | Praxair ESI Redaction Log | The legitimate private interest that warrants sealing is that this document provides information on information protected by the attorney-client privilege. |

5014776v1

| | | |
|---|---|---|
| P | PRAXAIR_1011606, Example of Redactions | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is that this document includes information on past recalls not the subject of this instant litigation, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| Q | PRAXAIR_1016299, Example of Redactions | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is that this document includes information on past complaint not the subject of this instant litigation, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| S | PRAXAIR_00025, FDA Letter to CEO Steve Angel | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is that this document is a private communication from a government agency concerning sensitive consumer information, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| T | PRAXAIR_00054, FDA Letter to CEO Steve Angel | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is that this document is a private communication from a government agency concerning sensitive consumer information, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| U | PRAXAIR_1025384, PRAXAIR_1025441, PRAXAIR_1025448, To CEO SteveAngel | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is that these emails concern private communications from a government agency concerning sensitive consumer information, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| V | PRAXAIR_1015700, Announcement from CEO Steve Angel | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is that this announcement concerns Praxair's internal review process and procedures concerning events, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| W | PRAXAIR_1015423, FDA Warning Letter | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is that this document is a private communication from a |

5014776v1

| | | |
|---|---|---|
| | | government agency concerning sensitive consumer information, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| X | PRAXAIR_1005631, Norris Email | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is that this document contains sensitive customer information, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| Y | PRAXAIR_02809.pdf, Western_0086094, Purchasing Information | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is that this document contains confidential invoicing information, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| Z | PRAXAIR_1005045, Email re Territory Managers | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is that this document contains sensitive customer information, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| AA | PRAXAIR_1005675, Norris Email | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is that this document contains sensitive business information concerning Praxair's marking system, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| BB | PRAXAIR_1010426, Lefevre Email | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing is that this document contains sensitive business information concerning Praxair's cleaning processes, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| EE | Praxair's Answers to Plaintiffs' Third Set of Interrogatories | The legitimate private interest that warrants sealing is that these discovery answers summarize and synthesize commercially sensitive business information, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| FF | Praxair's Responses To Plaintiffs' Fourth RFPs | The legitimate private interest that warrants sealing is that these discovery answers summarize and synthesize commercially sensitive business information, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| HH | Praxair's Answers to | The legitimate private interest that warrants sealing |

| | | |
|---|---|---|
| | Plaintiffs' Fourth Set of Interrogatories | is that these discovery answers summarize and synthesize commercially sensitive business information, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| II | Praxair's Responses to Plaintiffs' First RFAs | The legitimate private interest that warrants sealing is that these discovery answers summarize and synthesize commercially sensitive business information, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| KK | PRAXAIR_08667, Communications with WorkSafeBC | Marked confidential pursuant to the parties' Discovery Confidentiality Order. The legitimate private interest that warrants sealing this email chain concerns product testing and protected product design, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| LL | Praxair Revised Privilege Log | The legitimate private interest that warrants sealing is that this document provides information on information protected by the attorney-client privilege. |
| MM | Plaintiffs 5.23.19 Email to Praxair | The legitimate private interest that warrants sealing is that these discovery answers summarize and synthesize commercially sensitive business information marked confidential pursuant to the parties' discovery confidentiality order, which if disclosed to the public, would cause Praxair competitive and financial harm. |
| NN | Praxair's Responses to Plaintiffs' Fifth RFP | The legitimate private interest that warrants sealing is that these discovery answers summarize and synthesize commercially sensitive business information, which if disclosed to the public, would cause Praxair competitive and financial harm. |

12. As demonstrated above, Plaintiffs' September 5, 2019 letter and Exhibits C, D, E-G, K-M, O, P, Q, S, T, U, V, W, X, Y, Z, AA, BB, EE, FF, HH, II, KK, LL, MM and NN attached thereto contain confidential business information that if disclosed publicly, would harm Praxair's competitive standing. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (observing that "the right to inspect and copy judicial records is not absolute[,]" and that courts have properly refused to permit public inspection of "business information that might

-7-

harm a litigant's competitive standing."). Accordingly, maintaining the confidentiality of the letter and exhibits by permitting its filing under seal is warranted, because public disclosure of the commercially sensitive information contained therein would cause Praxair competitive disadvantage. *See id.*; *see also Eisai, Inc. v. Sanofi-Aventis, U.S., LLC*, 2014 WL 8108466, *2-3 (D.N.J. Aug. 4, 2014) (denying plaintiff's motion to unseal record where doing so would publicly disclose sensitive business information, thereby causing defendant competitive disadvantage).

13.  A less restrictive alternative is not available because the entirety of the described materials are proprietary and confidential. Accordingly, redaction of the letter and exhibits that contain sensitive business information would effectively result in the redaction of the materials in their entirety.

14.  Pursuant to Local Rule 7.1(d)(4), no brief in support of this Motion is necessary because the facts and applicable law necessary are contained herein.

WHEREFORE, the Praxair Defendants respectfully request that the Court issue an Order sealing Plaintiffs' September 5, 2019 letter and Exhibits C, D, E-G, K-M, O, P, Q, S, T, U, V, W, X, Y, Z, AA, BB, EE, FF, HH, II, KK, LL, MM and NN attached thereto.

|  |  |  |
|---|---|---|
|  |  | MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP |
| Dated: September 19, 2019 | By: | *s/Georgette Castner* <br> Paul H. Zoubek, pzoubek@mmwr.com <br> Jeremy D. Mishkin, jmishkin@mmwr.com <br> (admitted *pro hac vice*) <br> Georgette Castner, gcastner@mmwr.com <br> LibertyView, Suite 600 <br> 457 Haddonfield Road <br> Cherry Hill, NJ 08002 <br> Tel: (856) 488-7700 <br> Fax: (856) 488-7720 |

*Attorneys for Praxair Defendants*

5014776v1