IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AGNES LAWSON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No.: 3:16-cv-2435-BRM-DEA |
| PRAXAIR, INC., et al., | : | |
| Defendants. | : | |

**THIS MATTER** having come before the Discovery Master through Defendant Praxair's September 12, 2019 letter objecting to the deposition of Stephen Angel and the deposition location of Praxair representatives designated by plaintiffs, and defendant Western's September 12, 2019 letter seeking to quash a deposition subpoena issued to David Simo and also objecting to the deposition location of a Western representative designated by plaintiffs; and the Discovery Master having considered the parties' positions and responses and heard oral argument; and good cause appearing for the entry of this Order, for the reasons annexed hereto;

**IT IS on this 27th day of September, 2019**,

**ORDERED THAT**:

1. Praxair's application objecting to the deposition of Stephen Angel is granted, without prejudice to plaintiffs' right to renew their request to depose Mr. Angel upon the completion of further discovery;

2. Western's application to quash the deposition subpoena issued to David Simo is moot; and

3. The applications of Praxair and Western objecting to the location designated by plaintiffs for the depositions of Praxair representatives James White, Shawn LaGrange, and Martin Frith, and Western representative Gregory Eythchison, are granted.

_____
Harry G. Carroll, J.A.D. (Ret.), Discovery Master

**STATEMENT OF REASONS**

1. **Deposition of Stephen Angel.** Defendant Praxair contends plaintiffs should not be permitted to depose Stephen Angel, its former Chairman, President, and CEO, who now serves as CEO of Linde plc following Praxair's merger with Linde. Both sides agree that the resolution of this issue is guided by the "Apex Doctrine," whereby courts consider (1) whether the executive has personal or unique knowledge on relevant subject matters; and (2) whether the information sought can be obtained from lower-level employees or through less burdensome means, such as interrogatories. See Ford Motor Co. v. Edgewood Props., No. 06-1278, 2011 U.S. Dist. LEXIS 67227, at *12 (D.N.J. June 23, 2011). Plaintiffs have appended certain documentation, including a message from Mr. Angel to Praxair employees stating he has the "duty of reviewing all fatality potential events," which arguably satisfies the first prong of the Apex Doctrine. However, at least at this juncture, plaintiffs have not satisfied the second prong. I acknowledge that discovery is incomplete, and it remains to be seen whether the information sought to be developed through Mr. Angel can be gleaned from other sources, especially given plaintiffs' spoliation claim. Accordingly, Praxair's application is granted, without prejudice to plaintiffs' right to renew their request to depose Mr. Angel if plaintiffs can then establish their inability to obtain the information sought through less burdensome means.

2. **Deposition Subpoena for David Simo.** Defendant Western sought to quash a deposition subpoena issued to retired employee David Simo on the basis that it violated Federal Rule of Civil Procedure 45(c)(1) because Mr. Simo does not reside, is not employed, and

does not regularly transact business within 100 miles from Hamilton Township, New Jersey, where plaintiffs sought to depose him. Plaintiffs advise that Mr. Simo has since been noticed to appear for deposition in Westlake, Ohio, and I was advised at oral argument the deposition has taken place. Accordingly, this issue is now moot.

3. **Depositions of Other Witnesses.** Plaintiffs have noticed Praxair employees James White, Shawn LaGrange, and Martin Frith, and Western employee Gregory Eythchison, to appear for depositions in Hamilton Township. Defendants object and contend the depositions should be conducted where the witnesses live or work.

The Federal Rules of Civil Procedure do not expressly address the location of a deposition. Most courts considering deposition location disputes apply a rebuttable presumption that depositions of corporate representatives be conducted at the location of the company's principal place of business. As plaintiffs correctly point out, courts will, however, consider a panoply of other factors in determining whether this presumption is rebutted. Such factors may include: the location of counsel; the number of corporate representatives sought to be deposed; the burden on the corporation if its agents are required to travel; travel expenses of the deponents and counsel; the likelihood of significant disputes requiring adjudication by the forum court; the defendant's contacts with the forum of the deposition; whether the persons sought to be deposed often engage in travel for business purposes; and the general equities of the given factual setting.

In the present case I find the presumption has not been rebutted. With respect to Praxair, while it may be more convenient for counsel to conduct depositions in Hamilton

Township, the inconvenience to counsel does not outweigh the burden on Praxair having to produce three of its representatives many miles from their present locations, including the time, expense, loss of productivity, and inconvenience to Praxair and its witnesses in having to travel to Hamilton Township.  Regarding Western, while only Mr. Eythchison is involved, depositions of other Western witnesses, including Mr. Simo, are proceeding and/or have been conducted at Western's principal place of business in the Westlake, Ohio area, and I find no reason why Mr. Eythchison's deposition should not proceed there as well.  While I acknowledge that conducting depositions of witnesses via video may be difficult in cases that are document sensitive, consideration may also be given to video depositions of some or all of the witnesses to the extent practical in this case.