# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AGNES LAWSON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No.: 3:16-cv-2435-BRM-DEA |
| PRAXAIR, INC., et al., | : | |
| Defendants. | : | |

**THIS MATTER** having come before the Discovery Master through Plaintiffs' September 5, 2019 letter raising various discovery issues with respect to the Praxair defendants; and the Discovery Master having considered the parties' written submissions and heard oral argument; and good cause appearing for the entry of this Order,

**IT IS** on this 18th day of October, 2019,

**ORDERED AS FOLLOWS**:

1. Consistent with Judge Arpert's September 28, 2017 ruling, within fourteen (14) days Praxair shall certify that all redactions on the documents previously produced in discovery relate only to products that are not substantially similar to the product at issue in this case. To the extent that any redactions do not fall into such category, Praxair shall produce copies of the documents with the redactions removed.

2. (a) Within fourteen (14) days, Praxair shall certify to plaintiffs that it has reviewed Stephen Angel's emails using the agreed-upon search terms, and no responsive emails were located.

   (b) Plaintiffs' application that Praxair search for and produce Electronically Stored Information from Ericka Schreckengost, Keeley Norris, and Alain Lefevre, is **granted**, substantially for the reasons set forth in plaintiffs' moving papers.

3. Plaintiffs' applications to compel Praxair to provide complete and comprehensive answers and responsive documents to Plaintiffs' Third Set of Interrogatories and Fourth Set of Requests for Production of Documents are **granted in part**, as follows: Within fourteen (14) days, Praxair shall identify the number of <u>all</u> projects for which Praxair engaged WHA, the name of each such project, and the amount of money Praxair paid WHA for each of those projects.

4. Plaintiffs' application to compel Praxair to provide complete and comprehensive answers to Plaintiffs' Fourth Set of Interrogatories is **denied without prejudice** as premature.

5. Plaintiffs' application to compel Praxair to provide the name of the Praxair employee who communicated with Work Safe BC in Praxair 08667-8699 is **denied**, substantially for the reasons set forth in Praxair's opposition papers.

6. Within fourteen (14) days, Praxair shall produce all litigation hold orders related to the Grab 'n Go Vantage issued between October 4, 2011 and April 14, 2014, including the April 14, 2014 litigation hold order, to the Special Discovery Master for in camera review.

_____
Harry G. Carroll, J.A.D. (Ret.), Discovery Master