## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AGNES LAWSON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No.: 3:16-cv-2435-BRM-DEA |
| PRAXAIR, INC., et al., | : | |
| Defendants. | : | |

**THIS MATTER** having come before the Discovery Master through Defendant Praxair's November 15, 2019 letter seeking a Protective Order with respect to Plaintiffs' Second Set of Requests for Admissions; and the Discovery Master having considered the parties' written submissions and heard oral argument; and good cause appearing for the entry of this Order, for the reasons annexed hereto;

**IT IS on this 6th day of January, 2020,**

**ORDERED THAT:**

1. Praxair's application for a Protective Order with respect to Plaintiffs' Second Set of Requests for Admissions is **DENIED**.

_____
Harry G. Carroll, J.A.D. (Ret.), Discovery Master

## STATEMENT OF REASONS

On September 27, 2019, I granted Defendant Praxair's application objecting to the deposition of Stephen Angel, its former Chairman, President, and CEO, who now serves as CEO of Linde plc following Praxair's merger with Linde, without prejudice to Plaintiffs' right to renew their request to depose Mr. Angel upon the completion of further discovery. I did so based on my finding that Plaintiffs had failed to satisfy the second prong of the "Apex Doctrine," pursuant to which courts consider (1) whether the executive has personal or unique knowledge on relevant subject matters; and (2) whether the information sought can be obtained from lower-level employees or through less burdensome means, such as interrogatories. See Ford Motor Co. v. Edgewood Props., No. 06-1278, 2011 U.S. Dist. LEXIS 67227, at *12 (D.N.J. June 23, 2011).

Thereafter, Plaintiffs served Praxair with a Second Set of Requests for Admissions (RFAs) that Plaintiffs contend are aimed to determine the extent of Mr. Angel's involvement in this matter. Plaintiffs further posit that these RFAs constitute a less burdensome alternative to depositions and hence comport with my September 27, 2019 ruling.

Praxair now seeks a Protective Order to quash the RFAs on the basis that (1) they are designed to circumvent my September 27, 2019 ruling; (2) they are premature contention interrogatories; and (3) they are improper and harassing as they are not susceptible of simple admissions or denials. I disagree. To the contrary, I find that RFAs, like Interrogatories, are a less burdensome means to ascertain the information Mr. Angel possesses under the second prong of the Apex Doctrine. Further, at this juncture, Praxair has failed to establish that the number of RFAs is overly burdensome or that some or all of the RFAs are incapable of being answered by simple admissions or denials.