# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AGNES LAWSON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No.: 3:16-cv-2435-BRM-DEA |
| PRAXAIR, INC., et al., | : | |
| Defendants. | : | |

**THIS MATTER** comes before the Discovery Master through the December 23, 2019 letter application of Third-Party Defendant University Medical Center of Princeton at Plainsboro (UMCPP) to compel Defendants and Third-Party Plaintiffs Praxair Distribution, Inc. (PDI) and Praxair Distribution Mid-Atlantic, LLC (PDMA) (collectively, Praxair) to produce two witnesses, Kevin Brady and Martin Frith, for their continued deposition.

In support of its application, UMCPP asserts that all or substantially all seven hours of the depositions of Mr. Brady and Mr. Frith were consumed by questioning from plaintiffs' counsel, which was largely focused on plaintiffs' product liability and negligence claims. Consequently, counsel for UMCPP had little or no opportunity to examine the witnesses regarding the separate and distinct claims contained in Praxair's Third-Party Complaint against UMCPP.

Praxair opposes the application. It contends that UMCPP had a "full opportunity" to depose the two witnesses and failed to avail itself of such opportunity. Consequently, Praxair argues that UMCPP's application should be denied pursuant to the one-day, seven hour rule embodied in FRCP 30(d)(1).

FRCP 30(d)(1) provides that "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court **must allow** additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent . . . ." (emphasis added).

I find that UMCPP did not have a full and fair opportunity to examine Mr. Brady and Mr. Frith at their respective depositions with respect to the claims asserted by Praxair against UMCPP in the third-party Complaint. It is undisputed that all, or substantially all, of their seven-hour time allotment was consumed by questioning from plaintiffs' counsel, who was under no obligation to allow UMCPP's counsel to question these witnesses out of turn.

However, I am not persuaded that UMCPP requires the full seven hours to re-depose the two witnesses, which UMCPP now requests in its application. I note that initially UMCPP's counsel indicated she would only need four hours for Mr. Brady, and as a compromise offered to

limit that period to three hours and thirty-eight minutes. It is also unclear from the record before me whether, and to what extent, Mr. Frith has any knowledge with respect to Praxair's third-party claims against UMCPP. Thus, UMCPP has failed to establish the need to examine each witness for the full seven hours requested. Accordingly,

**IT IS on this 30th day of January, 2020**,

**ORDERED** that Praxair produce Kevin Brady and Martin Frith for their continued deposition. The deposition of each witness shall not exceed 3.5 hours.

_____
Harry G. Carroll, J.A.D. (Ret.), Discovery Master