IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AGNES LAWSON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No.: 3:16-cv-2435-BRM-DEA |
| PRAXAIR, INC., et al., | : | |
| Defendants. | : | |

**THIS MATTER** comes before the Discovery Master on a second application filed by Plaintiffs addressed to Plaintiffs' Second Set of Requests for Admissions ("RFAs") served on Defendants and Third-Party Plaintiffs Praxair, Inc., Praxair Distribution, Inc. (PDI) and Praxair Distribution Mid-Atlantic, LLC (PDMA) (collectively, "Praxair"), which Plaintiffs contend Praxair has refused to answer. As an appropriate sanction, Plaintiffs seek three alternative forms of relief, as follows: (1) that all 52 RFAs be deemed admitted; (2) compelling Praxair to admit or deny the RFAs; or (3) permitting the deposition of Praxair's CEO, Stephen Angel.

In opposing Plaintiffs' application, Praxair argues that: (1) The RFAs are improper and in violation of FRCP 36(a) because they are vague and ambiguous, rather than simple and direct, and are not drafted in a manner that allows for a yes or no response; (2) Plaintiffs' RFAs are interrogatories in disguise; and (3) Plaintiffs have not met their burden under the "apex doctrine" to permit the deposition of Mr. Angel.

By way of background, on September 27, 2019, I granted Praxair's application objecting to the deposition of Stephen Angel, its former Chairman, President, and CEO, who now serves as CEO of Linde plc following Praxair's merger with Linde, without prejudice to Plaintiffs' right to renew their request to depose Mr. Angel upon the completion of further discovery. I did so based on my finding that Plaintiffs had failed to satisfy the second prong of the "apex doctrine," pursuant to which courts consider (1) whether the executive has personal or unique knowledge on relevant subject matters; and (2) whether the information sought can be obtained from

lower-level employees or through less burdensome means, such as interrogatories. See Ford Motor Co. v. Edgewood Props., No. 06-1278, 2011 U.S. Dist. LEXIS 67227, at *12 (D.N.J. June 23, 2011).

Thereafter, Plaintiffs served Praxair with a Second Set of Requests for Admissions (RFAs) that Plaintiffs asserted were aimed to determine the extent of Mr. Angel's involvement in this matter. Plaintiffs further contended the RFAs were a less burdensome alternative to depositions and hence comported with my September 27, 2019 ruling.

Praxair then sought a Protective Order to quash the RFAs, primarily on the basis that they were designed to circumvent my September 27, 2019 ruling. In passing, Praxair further claimed the RFAs were premature contention interrogatories and were improper and harassing as they are not susceptible of simple admissions or denials. On January 2, 2020, I denied Praxair's application for a Protective Order, finding that RFAs, like Interrogatories, are a less burdensome means to ascertain the information Mr. Angel possesses under the second prong of the apex doctrine. Notably, however, I found that "at this juncture, Praxair has failed to establish that the number of RFAs is overly burdensome or that some or all of the RFAs are incapable of being answered by simple admissions or denials."

Having reviewed in detail the 52 disputed RFAs propounded by Plaintiffs and the submissions of counsel on this latest motion, I am now persuaded, as Praxair contends, that the RFAs, viewed as a whole, are more appropriately styled as Interrogatories rather than RFAs that seek a simple yes or no answer. Accordingly,

**IT IS** on this 1st day of April, 2020

**ORDERED** that Plaintiffs' motion is denied without prejudice. Plaintiffs shall have the right to re-frame the RFAs as Interrogatories, and to renew their request for such relief as may be appropriate upon receipt of Praxair's answers.

_____
Harry G. Carroll, J.A.D. (Ret.), Discovery Master