IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AGNES LAWSON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No.: 3:16-cv-2435-BRM-DEA |
| PRAXAIR, INC., et al., | : | |
| Defendants. | : | |

**THIS MATTER** comes before the Discovery Master on application filed by Plaintiffs addressed to a dispute between Plaintiffs and Defendants and Third-Party Plaintiffs Praxair, Inc., Praxair Distribution, Inc. (PDI) and Praxair Distribution Mid-Atlantic, LLC (PDMA) (collectively, "Praxair"), regarding a set of topics to be covered in a Rule 30(b)(6) deposition of a Praxair corporate designee. As Plaintiffs accurately note, the parties agree that this deposition occur, but disagree as to its scope and subject matter. Plaintiffs' proposed topics are set out in Exhibit A to plaintiffs' moving papers, while a red-line version that identifies Praxair's objections is attached as Exhibit C.

The subject dispute largely focuses on plaintiffs' claims of spoliation of documents with respect to two Praxair employees, Michael Skrjanc and Erika Schreckengost. Although Plaintiffs' proposed list also originally included a topic relating to Praxair's CEO Stephen Angel, Plaintiffs are no longer pursuing that topic at this time, and hence I have deleted it from the attached list of topics that I have approved.

Briefly summarizing the main areas of contention, Praxair disputes the time frame requested by Plaintiffs with respect to Mr. Skrjanc's laptop computer, and also objects to Plaintiffs' use of terms such as "destruction" and "deleted." Praxair asserts that emails are purged after 365 days unless a litigation hold is issued. In this case the litigation hold order, which I have previously reviewed *in camera*, was issued on April 14, 2014. Accordingly, I have limited the commencement of the time frame to April 14, 2013, rather than the October 4, 2011 date

requested by Plaintiffs. I have also modified the end date and inserted more neutral language to address Praxair's opposition to the objectionable terms.

The balance of Praxair's objections primarily relate to topics addressed to various of its practices and procedures. Plaintiffs candidly concede that some of their proposed topics touch on areas related to Praxair's preparation for litigation. I have previously denied Plaintiffs' request that Praxair produce its litigation hold order, and after having reviewed it *in camera* I find no basis to now alter that determination. I also find that many of Plaintiffs' requests go beyond what is reasonably necessary to explore their spoliation claims, at least at this juncture. Consequently, I have modified or stricken several of Plaintiffs' proposed topics on this basis. Therefore,

**IT IS** on this 1st day of April, 2020

**ORDERED** that, within thirty (30) days of this Order, Praxair shall produce, pursuant to F.R.C.P. 30(b)(6), a corporate designee or designees to be deposed on the topics annexed hereto.

_____

Harry G. Carroll, J.A.D. (Ret.), Discovery Master

## ATTACHMENT A TO PLAINTIFFS' F.R.C.P. 30(b)(6) DEPOSITION NOTICE TO THE PRAXAIR DEFENDANTS

1. The Praxair Defendants' document retention policies and procedures in effect from April 14, 2013, through the date on which Michael Skrjanc's laptop was sent for recycling;

2. The Praxair Defendants' policies and procedures for implementing, enforcing and effectuating its document retention policy or policies in effect from April 14, 2013, through the date on which Michael Skrjanc's laptop was sent for recycling;

3. The steps Praxair took to implement and enforce its document retention policy or policies in effect from April 14, 2013, through the date on which Michael Skrjanc's laptop was sent for recycling.

4. The Praxair Defendants' policies and procedures, and the steps taken to implement and enforce those policies and procedures, for deleting electronically stored documents in effect from April 14, 2013, through the date on which Michael Skrjanc's laptop was sent for recycling;

5. The Praxair Defendants' procedures for preserving documents subject to litigation hold orders, from April 14, 2014, through the date on which Michael Skrjanc's laptop was sent for recycling;

6. The steps Praxair took to preserve ESI subject to the April 14, 2014, litigation hold order;

7. The date when the Praxair Defendants discovered that Michael Skrjanc's emails had not been preserved in or around March 2016;

8. The date when the Praxair Defendants discovered that Michael Skrjanc's emails from between 2013 and 2016 were no longer accessible by Praxair;

9. The date when the Praxair Defendants discovered that the content of Michael Skrjanc's Hold Orders folder on the Praxair Defendants' network did not include emails that Mr. Skrjanc sent or received between 2013 and 2016;

10. The cause of Mr. Skrjanc's missing emails from 2013 to 2016;

11. Whether the Praxair Defendants conducted searches of other Praxair employees to identify and/or locate Michael Skrjanc's missing emails from 2013 to 2016.

12. The steps Praxair took to recover Mr. Skrjanc's emails that were not preserved;

13. How Praxair's Bill Blizman determined that the "local archive" setting (referred to in Mr. Blizman's May 14, 2019 Declaration) for Michael Skrjanc's emails was not the result of an action taken by Mr. Skrjanc;

14. The process and methodology for enabling the "local archive".

15. The identity of the person that configured Mr. Skrjanc's laptop issued in October 2011 (referred to in Mr. Blizman's May 14, 2019 Declaration);

16. The Praxair Defendants' policies and procedures, and the steps taken to implement and enforce those policies and procedures, that were followed when Michael Skrjanc's work laptop was configured in October 2011, including how the Lotus Notes archive was configured;

17. The identity of the individual who conducted the investigation which determined how Michael Skrjanc's laptop issued in October 2011 was configured;

18. The steps Praxair took to determine how Mr. Skrjanc's laptop was configured;

19. The Praxair Defendants' policies and procedures, and the steps taken to implement and enforce those policies and procedures, in effect to ensure that files from the laptop issued

to Michael Skrjanc in October 2011 were retained when Mr. Skrjanc was issued a new laptop on March 9, 2016;

20. The identity of the person who transferred files from the laptop issued to Michael Skrjanc in October 2011 to the new laptop that Mr. Skrjanc was issued on March 9, 2016;

21. The Praxair Defendants policies and procedures, and the steps taken to implement and enforce those policies and procedures, in effect from April 14, 2013, through the date on which Michael Skrjanc's laptop was sent for recycling, for maintaining and backing up a Praxair employee's emails from a work laptop to a Praxair Defendants' server;

22. The following information technology used by Mr. Skrjanc as of April 14, 2014: (1) Mr. Skrjanc's laptop and its configuration; (2) the Lotus Notes Email software on Mr. Skrjanc's laptop and its configuration; and (3) the Lotus Notes email server, and its configuration, used by Mr. Skrjanc to send, receive and store email.

23. The Praxair Defendants' policies and procedures, and the steps taken to implement and enforce those policies and procedures, in effect on April 14, 2014, regarding litigation hold orders;

24. The identities of the individuals who made the decisions regarding which employees would be subject to Praxair's April 14, 2014, litigation hold order.

25. The date when the Praxair Defendants determined that Erika Schreckengost's ESI had not been preserved.