IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AGNES LAWSON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No.: 3:16-cv-2435-BRM-DEA |
| PRAXAIR, INC., et al., | : | |
| Defendants. | : | |

**THIS MATTER** comes before the Discovery Master on application of Defendants and Third-Party Plaintiffs Praxair, Inc., Praxair Distribution, Inc. (PDI) and Praxair Distribution Mid-Atlantic, LLC (PDMA) (collectively, "Praxair"), seeking a protective order: (1) quashing plaintiffs' Ninth Set of Interrogatories and Document Requests; (2) limiting plaintiffs to ten (10) depositions; (3) ordering that no further discovery be propounded by plaintiffs without leave of court; and (4) for counsel fees and costs.   I address each of these requests in turn.

1. **Interrogatories and Document Requests.**   Praxair contends plaintiffs' Ninth Set of Interrogatories should be quashed because they are disproportionate, duplicative, and unduly burdensome.  More specifically, Praxair argues that plaintiffs' Interrogatories already exceed the 25-interrogatory limit imposed by Rule 33; they are in reality contention interrogatories; and they are disproportionate pursuant to Rule 26.  In a similar vein, Praxair contends the Ninth Set of Document Requests is cumulative and duplicative because it seeks the same information sought in plaintiffs' Ninth Set of Interrogatories.

In opposing the application, plaintiffs contend that in discovery responses on May 7, 2020, Praxair asserted a new contention not previously reflected in any discovery document or the testimony of any witness to date, i.e., that the FDA approved the continued use of the Praxair Grab 'n Go Vantage. Plaintiffs further contend this follow-up discovery is narrowly tailored to this assertion, and neither cumulative nor duplicative.  To the extent some of the interrogatories

are "contention interrogatories," discovery is "nearing completion" and the time is ripe for Praxair to set out its contentions on these narrow issues.

I find that plaintiffs' discovery requests are narrowly tailored to address a claim that Praxair has recently either raised or clarified with respect to the FDA's purported approval of the continued use of the Grab 'n Go Vantage. I am unable to conclude that plaintiffs' Ninth Set of Interrogatories and Document Requests are cumulative or duplicative. Accordingly, Praxair's application to quash them is denied.

2. **Limitation on Depositions.** Praxair argues Rule 30 limits parties to ten depositions without leave of court, that plaintiffs' new Rule 30(b)(6) deposition notice is one of fifteen depositions requested, and that plaintiffs are abusing the deposition process. Plaintiffs counter that this is a complex case, and the remaining Praxair witnesses they seek to depose are necessary, appropriate, and proportional.

I find that Praxair's application has been rendered moot as to witnesses Joe Million, Alain Lefevre, Michael Irwin, and Praxair's 30(b)(6) witness related to the ESI issue by virtue of Judge Arpert's June 17th order that Praxair provide deposition dates for those witnesses. That ruling either expressly or impliedly recognized that the complexity of this case warrants a deviation from the ten-witness limitation.

As to the remaining proposed deposition witnesses, it appears undisputed that Brad Hagstrom signed the Grab 'n Go Vantage design specifications, and Stephen Ganard and Nelson Moreirra were only recently identified in Praxair's supplemental disclosures. Plaintiffs accordingly should be afforded the opportunity to examine these witnesses to adequately ascertain the scope and extent of their knowledge. Similarly, Praxair should produce a 30(b)(6) designee on the FDA's purported approval of the continued use of the Grab 'n Go Vantage for the reasons previously discussed above in my Interrogatories and Document Requests ruling.

3. **New Discovery.** Praxair also seeks a ruling that plaintiffs be prohibited from seeking any additional discovery without leave of court. However, I find that a blanket prohibition on such additional discovery would be arbitrary and an abuse of discretion. Rather, a request of this nature is more appropriately addressed on a case-by-case basis. Moreover, such a blanket

prohibition would appear to fall more within the province of Judge Arpert to impose rather than the Special Discovery Master.

**4. Counsel Fees and Costs.** Finally, plaintiff seeks an award of attorneys' fees and costs pursuant to Rule 37(a)(5)(A). However, because Praxair has been entirely unsuccessful in its application, such request is denied. Moreover, in the exercise of my discretion, I see fit to allocate my entire fee for reviewing and deciding this application to Praxair.

Therefore,

**IT IS** on this 13th day of July, 2020

**ORDERED** that, Praxair's application for a protective order is denied; and it is further

**ORDERED** that Praxair is exclusively responsible for payment of the Special Discovery Master's fee relative to this application.

_____
Harry G. Carroll, J.A.D. (Ret.), Discovery Master