IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AGNES LAWSON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No.: 3:16-cv-2435-BRM-DEA |
| PRAXAIR, INC., et al., | : | |
| Defendants. | : | |

**THIS MATTER** comes before the Discovery Master on application filed by Plaintiffs addressed to various disputes between Plaintiffs and Defendants and Third-Party Plaintiffs Praxair, Inc., Praxair Distribution, Inc. (PDI) and Praxair Distribution Mid-Atlantic, LLC (PDMA) (collectively, "Praxair"), and tangentially defendant Western. Having reviewed the issues presented and the parties' arguments, for the reasons that follow, on this 13th day of July, 2020, it is hereby **ORDERED** as follows:

1. Plaintiffs first contend that Praxair's objections to Requests 1, 4, 8, 9, and 12 of plaintiffs' Eighth Set of Requests for Production of Documents should be stricken and Praxair compelled to produce the responsive documents. Praxair argues these requests seek specifically identified documents regarding either safety policies, oxygen safety, or Praxair's procedure for corrective actions. Praxair objects, primarily on the basis that plaintiffs have not satisfied their burden of demonstrating the information sought is relevant to plaintiffs' claims. Praxair also takes issue with plaintiffs' request that it produce "all versions" of the various documents.

Plaintiffs' application is **GRANTED** as to Requests 1, 4, and 8. Requests 1 and 4 appear to reasonably relate to Praxair's safety standards, while Request 8 concerns Praxair's standard for supplier qualifications, and are thus arguably designed to lead to admissible evidence in this case. However, Praxair shall only be required to produce the final, published version of these documents. Plaintiffs' application is **DENIED** as to Request 9, which seeks a video from 2001 that predates the design and manufacture of the Grab 'n Go Vantage product that is specifically at

issue in this case, and as to Request 12, which Praxair represents does not mention the Grab 'n Go Vantage and hence is irrelevant to this case. However, as to Request 12, in lieu of producing that document, Praxair shall provide an affidavit or certification from a qualified representative confirming it is unrelated to a product that is substantially similar to the Grab 'n Go Vantage.

2. Plaintiffs' application to compel Praxair and Western to produce Shaun LaGrange's deposition transcript from a prior case, i.e., <u>Western Enterprises Inc. v. Buckeye Rubber & Packaging Co. et al.</u>, or alternatively for the court reporter's information, is **DENIED**. I note that, on October 18, 2019, I essentially denied plaintiffs' application for this relief, and Mr. LaGrange was deposed by plaintiffs five days later. Now, some nine months later, plaintiffs have failed to establish a continued need for Mr. LaGrange's prior deposition testimony or any persuasive reason why I should revisit my previous ruling.

3. Finally, plaintiffs seek to compel Praxair to un-redact and Reproduce Documents PRAXAIR 101823 and 1011606. As to 101823, the parties have agreed upon a stipulation to resolve this issue, and accordingly this request is **DENIED AS MOOT**. As to 1011606, plaintiff appears to have previously challenged Praxair's redaction. In that regard, on October 18, 2019, I required Praxair to certify that all redactions on the documents previously produced in discovery relate only to products that are not substantially similar to the product at issue in this case. Praxair thereafter provided the required certification on November 1, 2019. Consequently, plaintiffs' application that Praxair produce an unredacted copy of 1011606 is **DENIED**.

_____
Harry G. Carroll, J.A.D. (Ret.), Discovery Master