# MONTGOMERY McCRACKEN
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| **Georgette Castner**<br>Admitted in New Jersey & Pennsylvania | LibertyView<br>457 Haddonfield Road, Suite 600<br>Cherry Hill, NJ 08002-2220<br>Tel:  856-488-7700 | Direct Dial:   856 488-7794<br>Fax:                856-488-7720<br>Email:         gcastner@mmwr.com |

*VIA ECF*
August 3, 2020

**By E-Mail:  HCarroll@mfmclaw.com**

Honorable Harry G. Carroll (Ret.)
MEYERSON, FOX, MANCINELLI & CONTE, P.A.
One Paragon Drive, Suite 240
Montvale, NJ  07645

      Re:     **Lawson, et al. v. Praxair, Inc., et al.**
                    **Civil Action No. 3:16-cv-02435-BRM-DEA**

Dear Judge Carroll:

      As you know, we represent Defendants and Third-Party Plaintiffs, Praxair, Inc., Praxair Distribution, Inc., and Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco (collectively, "Praxair") in the above-referenced matter.  We write to request entry of an order quashing Plaintiffs' July 3, 2020 Subpoena directed to non-party and former Praxair employee, Jay Meyer (the "Subpoena").  Plaintiffs' Subpoena is yet another example of Plaintiffs' scorched-earth litigation tactics.  The Subpoena seeks ***forty-seven (47)*** different categories of Praxair internal documents that are confidential and proprietary and severely beyond the scope of this litigation.  In the event that Your Honor does not quash the improper Subpoena in its entirety, Praxair requests that a protective order be entered requiring that any and all documents be produced to Praxair so that Praxair can review the documents and redact any irrelevant and privileged information before it is distributed to Plaintiffs and the other parties in this case.

### I.    INTRODUCTION

      On July 3, 2020, Plaintiffs' counsel informed the parties in this case of their intent to serve a document subpoena on Jay Meyer, a former Praxair employee (the "Subpoena").  *See* Exhibit A.  In the Rider to the Subpoena, it is clear that Plaintiffs inappropriately seek to end run the civil discovery process by subpoenaing confidential and proprietary Praxair documents directly from a former employee.  Indeed, all ***47*** categories of documents requested in the Subpoena pertain to Praxair internal confidential and proprietary business information.

MONTGOMERY McCRACKEN WALKER & RHOADS LLP
PENNSYLVANIA • NEW YORK • NEW JERSEY • DELAWARE
A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
JOHN J. LEVY, NEW JERSEY RESPONSIBLE PARTNER

Montgomery McCracken Walker & Rhoads LLP

Hon. Harry G. Carroll (Ret.)
August 3, 2020
Page 2

Praxair seeks to quash the Subpoena on the grounds that the scope and breadth of documents requested by the Subpoena are well beyond the proper scope of discovery and disproportionate under Fed. R. Civ. P. 26 as well as unduly burdensome to produce pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv). Plaintiffs' eleventh hour Subpoena is improper in that it (1) seeks *all* documents filed in an unrelated litigation (that was dismissed years ago before ever being served), all of which were improperly obtained by a former employee; (2) seeks safety information related to *all* Praxair medical gases and oxygen systems and not just the Grab 'n Go Vantage; (3) seeks information related to *all* Praxair vendors other than Western; (4) seeks documents that have already been requested and produced by Praxair and ruled on by Your Honor; and (5) provides no time frame for the requested documents. This is not merely a fishing expedition. It is an effort by Plaintiffs to yet again harass, annoy and oppress, as these documents are well beyond the issues in this case, which is the basis for assessing what is proportionate under Rule 26. Plaintiffs' Subpoena (as well as Plaintiffs' latest requests for discovery) demonstrate that Plaintiffs have abandoned the fact finding process permitted by the rules of discovery, and are attempting to use the rules to engage in an endless quest that is intended to harass Praxair and cause needless delays and increase the cost of this litigation. This endless barrage of reptilian discovery must end. Accordingly, Praxair respectfully requests that Your Honor quash Plaintiffs' Subpoena in full.

In the event that Your Honor does not quash the improper Subpoena in its entirety, Praxair requests that a protective order be entered requiring that any and all documents be produced to Praxair so that Praxair can review the documents and make any necessary redactions based on the attorney-client privilege and attorney work product doctrine and consistent with the redactions permitted by Judge Arpert and Your Honor on dissimilar products – rulings that are clearly being ignored by Plaintiffs' counsel. For the reasons that follow, Praxair respectfully requests that Your Honor quash or modify the Subpoena.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On May 27, 2016, Jay Meyer, a former Praxair employee, filed a qui tam complaint under seal in the Southern District of New York against Praxair making a variety of allegations about the company with respect to several products not substantially similar to the Grab 'n Go Vantage and vendors other than Western. On November 14, 2018, the court in that case entered an order directing that the complaint be unsealed and permitting service of the complaint on Praxair. *See*, Exhibit B. Two days later, on November 16, 2018, Mr. Meyer voluntarily withdrew his complaint, which he never did serve on Praxair. *See*, Exhibit C.

On July 3, 2020, Plaintiffs' counsel informed the parties in this case of their intent to serve a document subpoena on Mr. Meyer. All *47* categories of documents requested in the Subpoena pertain to Praxair's confidential and proprietary business information that was obtained by a former employee without justification and are well beyond the issues in this case. By way of example only, the Subpoena seeks irrelevant information beyond the product and the parties at issue in this case such as:

Montgomery McCracken Walker & Rhoads LLP

Hon. Harry G. Carroll (Ret.)
August 3, 2020
Page 3

> 3. *All* documents that demonstrate or relate to safety breaches within and among Praxair facilities that produced, stored, and/or distributed *medical gases* for healthcare facilities.
>
> 4. *All* documents that demonstrate or relate to safety concerns, issues or problems with respect to Praxair's *oxygen business*.
>
> 5. *All* documents that demonstrate or relate to cleanliness concerns, issues or problems with respect to Praxair's *oxygen business*.
>
> 16. *All* documents that demonstrate or relate to Praxair violating **(or potentially violating) 21 C.F.R. § 211.84**.[1]
>
> 22. *All* documents that demonstrate or relate to the failure of Praxair or **one of its vendors** to properly clean oxygen regulators.
>
> 37. *All* documents containing Praxair internal guidelines about the production, storage, distribution, and/or use of oxygen.
>
> 38. *All* documents containing Praxair internal guidelines about cleaning *oxygen component systems*.

(*See* Exhibit A, Subpoena.) These are just examples.

    In addition to seeking irrelevant information, Plaintiffs' Subpoena also requests documents that have already been specifically requested from Praxair through Plaintiffs' prior discovery requests. For example, the Subpoena seeks "All versions of Praxair Standard GS-38." *See* Exhibit A, ¶ 18. Plaintiffs' Sixth Set of Interrogatories specifically asked Praxair to identify all versions of Praxair Standard GS-38 from 2001 to 2014. *See* Exhibit D, Praxair's Answers to Plaintiffs' Sixth Set of Interrogatories No. 20. By way of response, Praxair identified and produced the three versions of GS-38 that were in effect between January 26, 2001 to June 23, 2014. *Id.*

---

[1] 21 C.F.R. § 211.84, titled, "Testing and approval or rejection of components, drug product containers, and closures" relates to testing of components of a drug product.

Montgomery McCracken Walker & Rhoads LLP

Hon. Harry G. Carroll (Ret.)
August 3, 2020
Page 4

Therefore, Plaintiffs already have this information and to request from a non-party any additional information beyond what was provided by Praxair is in violation of Rule 26.

Likewise, Plaintiffs' Subpoena seeks documents that were already specifically requested from Praxair by way of Plaintiffs' Eighth Set of Requests for Production of Documents, which was just ruled upon by Your Honor.[2] *Cf.* Exhibit A, Subpoena at ¶¶ 39-47 and Exhibit E, Praxair's Answers to Plaintiffs' Eighth Set of Requests for Production of Documents Nos. 1-9. For example, paragraph 38 of the Subpoena specifically requests "[a]ll documents relating to Praxair's 'Worldwide Safety Health and Environmental Manual' and/or 'Worldwide Safety Manual.'" *See* Exhibit A. Your Honor has already ruled on this issue on July 13, 2020 and ordered Praxair to produce the Manual as it relates to safety. *See* ECF No. 355. Paragraphs 42 and 46 of the Subpoena seek Praxair's EN-6 and PO 626 standards, which again Your Honor already ruled that Praxair was required to produce. *Id.* Finally, Your Honor denied Plaintiffs' request to obtain a video from 2001 on the grounds that it "predates the design and manufacture of the Grab 'n Go Vantage." *See* ECF No. 335. Despite Your Honor's ruling, Plaintiffs' Subpoena seeks "all videos related to Praxair training materials for oxygen systems . . . and oxygen cylinders" and provides no time frame limitation. *See* Exhibit A, ¶ 47. Plaintiffs' Subpoena is a clear attempt to circumvent Your Honor's prior rulings by requesting these documents from a non-party.

Lastly, Plaintiffs' Subpoena contains only eight categories that even mention the Grab 'n Go Vantage. *See*, Exhibit A, ¶¶ 9, 26-30, 32 and 33. Plaintiffs' Subpoena requests the following related to the Grab 'n Go Vantage:

> 27. All documents that demonstrate or relate to fires caused by a Praxair Grab 'n Go oxygen tote.
>
> 28. All documents that demonstrate or relate to explosions caused by a Praxair Grab 'n Go oxygen tote.
>
> 29. All documents that demonstrate or relate to any recall of the Praxair Grab 'n Go oxygen totes.

---

[2] Indeed, Plaintiffs issued this Subpoena (on July 3rd) while Plaintiffs' were simultaneously challenging Praxair's objections to Plaintiffs' Eighth Set of Request for Production of Documents before Your Honor, which was filed on June 8, 2020. Plaintiffs also issued the Subpoena while Praxair's application for a protective order was pending and, which is now on appeal before Judge Arpert. Although the Subpoena is directed to a non-party, it nonetheless implicates Praxair into further discovery disputes as it solely seeks the impermissible disclosure of Praxair's internal documents and would require Praxair to again review and redact information related to dissimilar products, which this Court and Your Honor have previously determined is irrelevant and not discoverable.

> 30. All documents that demonstrate or relate to any FDA audit that involved, mentioned, or pertaining to the Praxair Grab 'n Go oxygen tote.

*See*, Exhibit A. ***Again, Plaintiffs have already requested this exact information from Praxair through eight prior rounds of discovery***. By way of example only, Plaintiffs' First Set of Requests for Production of Documents specifically requested "All documents relating to malfunctions, failures, breakage, ignition, fires and explosions involving the Product and the Product involved in this incident" and "All documents relating to all recalls of the Product involving in this incident[.]" *See* Exhibit F, Plaintiffs' First Set of Requests for Production of Documents, Nos. 31 and 66. Plaintiffs' Subpoena is solely an improper attempt to engage in a fishing expedition that is in violation of Rule 26. Accordingly, Praxair respectfully requests that Your Honor enter an order quashing Plaintiffs' Subpoena.

In the event that Your Honor does not quash the improper Subpoena in its entirety, Praxair requests that a protective order be entered requiring that any and all documents be produced to Praxair so that Praxair can review the documents and make any necessary redactions based on the attorney-client privilege and attorney work product doctrine and consistent with the redactions permitted by Judge Arpert and Your Honor on dissimilar products.

### III. LEGAL ARGUMENT

#### A. Praxair Has Standing to Quash the Subpoena Served on a Non-Party.

The issuance of subpoenas to obtain discovery from non-parties is governed by Rule 45 of the Federal Rules of Civil Procedure and provides that "[o]n timely motion, a court must quash or modify a subpoena that … subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). A party has standing to bring a motion to quash or modify a subpoena upon a non-party when the party claims a personal privilege in the production sought. *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007) (holding that a party has standing to assert a personal privilege to quash a subpoena directed to a nonparty seeking the party's bank records) (citing *DIRECTV, Inc. v. Richards,* 2005 WL 1514187, at *1 (D.N.J. June 27, 2005)).

Praxair has standing to object to the subpoena on the grounds that the subpoena seeks Praxair's internal business records unlawfully retained by a former employee and Praxair has a legitimate interest in ensuring that its confidential business information is protected from disclosure. Plaintiffs' requests for Praxair's documents should be directed to Praxair. Thus, Praxair has a direct privilege at stake as Plaintiffs seek to subpoena Praxair's own documents from a former employee. As a result, Praxair has standing to quash the Subpoena.

Montgomery McCracken Walker & Rhoads LLP

Hon. Harry G. Carroll (Ret.)
August 3, 2020
Page 6

### B. The Subpoena is Unduly Burdensome and Improper Under Rule 26.

A subpoena is considered unduly burdensome when the Court finds that it "is unreasonable or oppressive." *DIRECTV, Inc.,* 2005 WL 1514187 at *1 (*citing Northrop Corp. v. McDonnell Douglas Corp.,* 751 F.2d 395, 403 (D.C. Cir. 1984)). A strict definition does not exist for "unreasonable or oppressive" requests, rather the Court must decide what meets this criteria on a case by case basis. *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-597, 2007 WL 2362598, at *4 (D.N.J. Aug. 15, 2007).

Courts have utilized the following factors in evaluating the reasonableness of a subpoena: (1) the party's need for the production; (2) the nature and importance of the litigation; (3) relevance; (4) the breadth of the request for the production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed entity. *Id.* (citing 9 James W.M. Moore, *et al.*, Moore's Federal Practice ¶ 45.32 (3d ed. 2006)); *In re Auto. Refinishing Paint Antitrust Litig.,* 229 F.R.D. 482, 495 (E.D. Pa. 2005).

Here, the Subpoena is unduly burdensome, particularly as to the first four factors. Plaintiffs seek Praxair documents from a third party that are outside of the scope of Rule 26. If Plaintiffs had relevant Praxair documents to request, they could request same through the civil discovery process with Praxair. Rather, Plaintiffs seek to circumvent the Rules of Civil Procedure and the Court's orders in this case and obtain confidential Praxair information from an unrelated and withdrawn qui tam lawsuit. Thus, Plaintiffs cannot demonstrate a need for the production or the importance of the production.

Additionally, the documents sought by the Subpoena are overbroad and not relevant to this litigation, and thus are also disproportionate under Fed. R. Civ. P. 26. Plaintiffs go so far as to specifically seek **all** documents related to safety breaches and compliance and quality assurance issues involving **all** of Praxair's medical gases and oxygen systems – not just the Grab 'n Go Vantage, the Grab 'n Go III, the Grab 'n Go IV or the Heliox, which are the only products that have been deemed substantially similar in this case after several court battles. *See* Exhibit A, ¶¶ 3-5, ¶¶ 10-11, ¶¶ 21-22 ¶¶ 34-35 and ¶38 (seeking documents related to Praxair's "medical gases," "oxygen business," "oxygen systems," "oxygen regulators," "oxygen cylinders").

Further, many of these requests are duplicative of discovery already propounded by Plaintiffs. For example, paragraph 18 requests all versions of Praxair Standard GS-38. *See* Exhibit A. Praxair has already provided to Plaintiffs the three versions of Praxair's Standard GS-38, which were in effect between 2001 to 2014. Plaintiffs never objected to or challenged Praxair's response to this interrogatory. Likewise, paragraphs 39-47 request the exact same internal Praxair documents (identified by title), which were requested from Praxair by way of Plaintiffs' Eighth Set of Requests for Production of Documents. Praxair objected to these requests on the grounds that they sought information that is irrelevant and disproportionate under Rule 26 and Your Honor has ruled on those issues already. Plaintiffs are attempting to circumvent Your Honor's decision

on that matter by serving this improper Subpoena. Plaintiffs' Subpoena is improper as it seeks documents that are irrelevant and disproportionate to Plaintiffs' claims. Accordingly, Praxair respectfully requests that Plaintiffs' Subpoena be quashed.

### C. A Protective Order is Warranted.

Plaintiffs' effort to subpoena irrelevant, burdensome and disproportionate information from a former Praxair employee is their latest attempt to circumvent the Rules of Civil Procedure and end run the court's orders on the scope of discovery in this case. To prevent this result, Praxair requests imposition of a protective order. Pursuant to Rule 26(c), "[a] party or person from whom discovery is sought may move for a protective order in the court where the action is pending" and "[t]he court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense[.]" A party seeking entry of a protective order bears the burden of demonstrating that good cause exists for the order of protection. *Pansy v. Borough of Stroudsburg*, 22 F.3d 772, 786 (3d Cir. 1994).

Here, good cause exists for Your Honor to impose a protective order in response to Plaintiffs' Subpoena. Plaintiffs seek information on a number of Praxair's "internal" guidelines that may have been obtained in violation of company policy. Just as if Plaintiffs requested these **47 categories** of information from Praxair, Praxair should be permitted to review the production for confidentiality, attorney-client privilege, attorney work product and relevance. The Court has already set certain parameters with respect to the scope of discovery in this case. The scope of discovery does not cover irrelevant products and it does not cover Praxair's relationship with vendors other than Western. Should Your Honor not quash the improper Subpoena in its entirety, Praxair should have the opportunity to review any and all documents produced by Mr. Meyer and redact any irrelevant and privileged information before it is distributed to Plaintiffs or the other parties in this case.

Montgomery McCracken Walker & Rhoads LLP

Hon. Harry G. Carroll (Ret.)
August 3, 2020
Page 8

### IV. CONCLUSION

For the reasons set forth above and for good cause shown, Praxair respectfully requests that Your Honor enter an order Quashing the Subpoena in its entirety as it is in flagrant violation of Rules 45 and 26. In the alternative, Praxair requests that Your Honor enter a protective order permitting Praxair the opportunity to review any and all documents produced by Mr. Meyer to ensure the information is within the scope of discovery that has been permitted in this case and redact irrelevant and privileged information before it is distributed to Plaintiffs or the other parties in this case.

Thank you for your assistance and consideration in these matters.

Respectfully submitted,

*s/Georgette Castner*

Georgette Castner

GC:asj
cc:   Thomas W. Sheridan, Esquire (*via email*)
      Neil T. Murray, Esquire (*via email*)
      Christopher D. Hinderliter, Esquire (*via email*)
      James E. Tyrrell, Jr., Esquire (*via email*)
      Patrick C. Gilmartin, Esquire (*via email*)
      Jennine DiSomma, Esquire (*via email*)
      Jennifer R. O'Connor, Esquire (*via email*)

5290197v1