# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

**James E. Tyrrell, Jr.**
**Member**
Direct Dial: 973-643-5565
Email: jtyrrell@sillscummis.com

September 1, 2020

**VIA ECF**

Hon. Douglas E. Arpert, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

  Re: ***Lawson, et al. v. Praxair, Inc., et al.***
     <u>**Civil Action No 3:16-cv-02435-BRM-DEA**</u>

Dear Judge Arpert:

  We represent Defendant and Third Party Plaintiff Western/Scott Fetzer Company ("Western") in the above-referenced matter. Please accept this letter submission to correct a mischaracterization of Western's position contained in *Plaintiffs' Reply Brief In Further Support of Plaintiffs' July 27, 2020 Motion Appealing The July 14, 2014 [sic] Recommendation of the Special Master* ("Reply"). As the Court is aware, the July 14, 2020 Recommendation of the Special Master concerned the deposition transcript of Praxair employee Shaun LaGrange in a separate action, *Western Enterprises v. Buckeye Rubber*, No. CV16-869119 (Ohio Court of Common Pleas, Cuyahoga County).

  Plaintiffs' appeal seeks the production of the LaGrange transcript, which was denied by the Special Master on October 18, 2019. Plaintiffs sought reconsideration, which was also denied by the Special Master. Plaintiffs never appealed that ruling to this Court. Instead, Mr. LaGrange's deposition proceeded on October 23, 2019.

  In attempting to obtain a third bite at the apple, Plaintiffs then sought the name of the court reporter who transcribed Mr. LaGrange's testimony in the Ohio proceeding. Plaintiffs moved before the Special Master to compel disclosure of the name of the court reporter. Obviously, the only reason to obtain that information was to allow Plaintiffs to buy the very transcript from the

Sills Cummis & Gross
A Professional Corporation

Hon. Douglas E. Arpert, U.S.M.J.
Page 2

court reporter to which the Special Master had denied access in October 2019.

Plaintiffs' Motion to Compel was argued before the Special Master on July 6, 2020, with all counsel present. Counsel for Western joined Praxair's argument and pointed out that there was no purpose to disclose the name of the court reporter when the real relief sought—obtaining the transcript—had been twice denied months earlier and never appealed. The Special Master agreed and denied Plaintiffs' attempt to end-run his two previous rulings.

The issue is not about the name of a court reporter, but about importing into this case the collateral *Buckeye* litigation. Mr. LaGrange's testimony in *Buckeye* did not stand alone but was given in the context of a complex litigation involving a different product. If Plaintiffs are given Mr. LaGrange's transcript, the entire context in which his testimony was given becomes relevant. That is why courts routinely deny "piggyback" discovery demands seeking information from other litigations.[1] That consideration was emphasized to the Special Master in October 2019, and again

---

[1] *See Racing Optics, Inc. v. Aevoe Corp.*, 2016 U.S. Dist. LEXIS 52886, at *14-15 (D. Nev. April 19, 2016) (sustaining defendant's "piggybacking" objections to requests and holding that plaintiff must demonstrate that the information he seeks is relevant to his claims in this case", and further explaining that the fact that defendant produced documents in other cases does not necessarily make them discoverable in the current case); *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633, *4-5 (S.D. Cal. August 14, 2009) (denying cloned discovery requests, including requests for deposition transcripts); *Moore v. Morgan Stanley & Co.*, Inc., 2008 U.S. Dist. LEXIS 88300, *14 (N.D. Ill. May 30, 2008) ("A party's requested discovery must be tied to the particular claims at issue in the case" and "just because the information was produced in another lawsuit … does not mean that it should be produced in this lawsuit"); *Okla. Ex rel. Edmondson v. Tyson Foods, Inc.*, 2006 U.S. Dist. LEXIS 72769, *5-6 (N.D. Okla. 2006) (denying motion to compel production of documents made available "in a similar poultry waste pollution lawsuit previously brought in this Court" absent a showing of more than "surface similarities" between the cases); *Payne v. Howard*, 75 F.R.D. 465, 469 (D. D.C. 1977) (stating that "[w]hether pleadings in one suit are 'reasonably calculated' to lead to admissible evidence in another suit is far from clear" and that such a determination requires consideration of "the nature of the claims, the time when the critical events in each case took place, and the precise involvement of the parties, among other considerations"); *Wollam v. Wright Med. Group, Inc.*, 2011 U.S. Dist. LEXIS 56649, *4 (D. Col. May 18, 2011) (explaining the concept of "cloned" or "piggybacking" discovery and agreeing with "the many courts that have considered the question and have held that cloned discovery is not necessarily relevant and discoverable", and finding that a party must do its own work and request the information it seeks directly with proper requests describing the information in which it is interested); and *King County v. Merrill Lynch & Co.*, 2011 U.S. Dist. LEXIS 86775, *7-*8 (W.D. Wash. Aug. 5, 2011) (explaining that cloned discovery was improper because "without more, the Court cannot ascertain whether the documents requested actually relate to Plaintiffs' claims and defenses" in the current case, even if "some portion of documents encompassed by Plaintiffs'

**Sills Cummis & Gross**
A Professional Corporation

Hon. Douglas E. Arpert, U.S.M.J.
Page 3

in the denial of Plaintiffs' current motion. The Special Master correctly decided not to import an entire collateral litigation into this case – especially after Plaintiffs failed to appeal his two prior rulings and proceeded with their deposition of Mr. LaGrange.

To suggest that Western now has no standing to protect its two prior victories before the Special Master is non-sensical. Western relied on Praxair's arguments, as well as its own arguments to the Special Master on July 6, 2020. Western has clearly taken a position in opposition to Plaintiffs' motion, as well as joining in the arguments made by Praxair. Western prevailed on its position that the entire *Buckeye* litigation should not be imported into this separate case through the LaGrange transcript. That result cannot be undone by the facile device of moving only to compel production of the name of the court reporter.

For the reasons set forth in Praxair's submission, and those stated herein, Plaintiffs' appeal of Judge Carroll's ruling should be denied.

Respectfully Submitted,

*s/James E. Tyrrell, Jr.*

SILLS CUMMIS & GROSS P.C.

James E. Tyrrell, Jr.

cc:   All Counsel of Record
      *(via ECF and e-mail)*

---

request may be relevant, the Court has no method of determining which of those documents are relevant, and which are not.").