# MONTGOMERY McCRACKEN
ATTORNEYS AT LAW

**Georgette Castner**
Admitted in New Jersey & Pennsylvania

LibertyView
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002-2220
Tel:  856-488-7700

Direct Dial:     856 488-7794
Fax:                856-488-7720
Email:         gcastner@mmwr.com

*Via ECF*
October 13, 2020

BY E-MAIL HCarroll@mfmclaw.com

Hon. Harry G. Carroll (Ret.)
MEYERSON, FOX, MANCINELLI & CONTE, P.A.
One Paragon Drive, Suite 240
Montvale, NJ  07645

> Re:   **Lawson, et al. v. Praxair, Inc., et al.**
>         **Civil Action No. 3:16-cv-02435-BRM-DEA**

Dear Judge Carroll:

As you know, we represent Defendants/Third-Party Plaintiffs Praxair, Inc., Praxair Distribution, Inc. and Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco (collectively, "Praxair") in the above-referenced matter.  Please accept this letter in response to Plaintiffs' letter of October 12, 2020, opposing Praxair's request for clarification of Your Honor's Order dated July 13, 2020.  Praxair submits this letter to address two points raised in Plaintiffs' letter.

First, Praxair's letter to Your Honor seeking clarification of the July 13th Order is in no way "disingenuous" and is by no means an attempt by Praxair to re-litigate this issue.  Based on Praxair's good-faith reading of the Order, Praxair was ordered "to produce a 30(b)(6) designee **on the FDA's purported approval of the continued use of the Grab 'n Go Vantage for the reasons previously discussed above in my Interrogatories and Document Request ruling.**"  ECF No. 334 (emphasis added).  Praxair's understanding is that Your Honor's Order was written specifically related to the FDA issue because Plaintiffs' entire Ninth Set of Discovery and Plaintiffs' entire brief in opposition to Praxair's request for a protective order was based solely on this alleged "new" defense issue.  Praxair accepted Your Honor's ruling in that regard and has designated Mr. Michael Skrjanc as Praxair's 30(b)(6) designee on this topic.  To suggest that Praxair's letter is an example of some type of repetitive "behavior" that warrants sanctions is disingenuous and false.  Plaintiffs have not cited any legal authority to warrant the award of sanctions in response to Praxair's letter.  Furthermore, the fact that Praxair has sought clarification regarding a prior order is not grounds to award sanctions.  Plaintiffs have likewise sought clarification from Your Honor in response to Your Honor's October 21, 2019 Order

Montgomery McCracken Walker & Rhoads LLP

Hon. Harry G. Carroll (Ret.)
October 13, 2020
Page 2

compelling Western to produce the deposition transcripts of three witnesses. *See* ECF No. 241. In response, Plaintiffs sought clarification on whether Your Honor's Order was meant to preclude Plaintiffs from ordering additional transcripts if they could uncover the identities of the court reporters themselves. ECF 340-14. Sanctions were not entered against Plaintiffs for seeking clarification and there is no basis here to award sanctions with respect to Praxair's letter.

Second, Plaintiffs were not "entirely" successful in their opposition to Praxair's request for a protective order. Praxair has appealed Your Honor's determination as to whether a protective order is warranted in this case to address the continuing discovery demands from Plaintiffs, including the extraordinary number of depositions requested in this case. To date, Praxair has produced or will produce 21 witnesses for depositions, 16 of which have been in response to Plaintiffs' requests. Praxair should have an opportunity to receive a ruling from Judge Arpert on that issue before requiring Praxair to produce another two witnesses for depositions in this case.

Thank you for your consideration of these matters.

Respectfully submitted,

*s/Georgette Castner*

Georgette Castner

GC:med
cc:   All Counsel of Record (*via ECF*)

5344262v1