# EXHIBIT A

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| **Plaintiffs' May 26, 2021 Application to compel Praxair's answers to punitive damages discovery [D.E. 440]** | | | | | |
| ECF #440 | Plaintiffs' May 26, 2021 Application to compel Praxair's answers to punitive damages discovery [D.E. 440] | Citations and reference to confidential deposition testimony of Michael Skrjanc, Shaun LaGrange, and James White about sensitive business information, and citations and references to Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within the Skrjanc, LaGrange, and White deposition transcripts and the confidential internal documents would cause Praxair a competitive disadvantage and financial harm among its customers and competitors if disclosed to the public. | Praxair seeks to seal only certain references to the Skrjanc, LaGrange and White deposition testimony and Praxair's internal documents, which have been designated confidential in this case | No opposition anticipated |

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF #440-Exhibit B | Confidential Praxair Materials Engineering Lab Report | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's confidential Materials Engineering Lab Report would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit B (Materials Engineering Lab Report), which has been designated confidential in this case. | No opposition anticipated |
| ECF #440-Exhibit C | Confidential Praxair witness statement | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's confidential witness statement would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit C (Confidential Witness Statement), which has been designated confidential in this case. | No opposition anticipated |

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF #440 – Exhibit D | Confidential internal email | Praxair's internal confidential communications that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's confidential internal email would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit D (Confidential internal email), which has been designated confidential in this case. | No opposition anticipated |
| ECF #440 – Exhibit E, I, Q | Michael Skrjanc Deposition Transcript | Confidential deposition testimony about sensitive business information | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Mr. Skrjanc's deposition would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibits E, I and Q (Skrjanc Transcript), said portions of which have been designated confidential in this case. | No opposition anticipated |

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF #440 – Exhibit F | Shaun LaGrange Deposition Transcript | Confidential deposition testimony about sensitive business information | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Mr. LaGrange's deposition would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit F (LaGrange Transcript), said portions of which have been designated confidential in this case. | No opposition anticipated |
| ECF #440 – Exhibit G | James White Deposition Transcript | Confidential deposition testimony about sensitive business information | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Mr. White's deposition would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit G (White Transcript), said portions of which have been designated confidential in this case. | No opposition anticipated |
| ECF #440 – Exhibit H | Confidential Praxair letter to the FDA | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's letter to the FDA would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit H (Letter to the FDA), which has been designated confidential in this case. | No opposition anticipated |

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF #440 – Exhibit J | Confidential Praxair letter to UMCPP | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's letter to UMCPP would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit J (Letter to UMCPP), which has been designated confidential in this case. | No opposition anticipated |
| ECF #440 – Exhibit R | Confidential internal spreadsheet | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's confidential spreadsheet would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit R (Confidential spreadsheet) which has been designated confidential in this case. | No opposition anticipated |
| ECF #440 – Exhibit T | Confidential Praxair letter to UMCPP | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's letter to UMCPP would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit T (Letter to UMCPP), which has been designated confidential in this case. | No opposition anticipated |

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF #440 – Exhibit U | Confidential Praxair letter to the FDA | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's letter to the FDA would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit U (Letter to the FDA), which has been designated confidential in this case. | No opposition anticipated |
| ECF #440 – Exhibit V | Confidential Praxair draft letter to the FDA | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's draft letter to the FDA would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit V (Draft letter to the FDA), which has been designated confidential in this case. | No opposition anticipated |
| ECF #440 – Exhibit X | Martin Frith Deposition Transcript | Confidential deposition testimony about sensitive business information | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Mr. Frith's deposition would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit X (Frith Transcript), said portions of which have been designated confidential in this case. | No opposition anticipated |

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF #440 – Exhibit Y | Confidential letter from FDA to Praxair | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within the FDA's letter to Praxair would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit Y (FDA Letter to Praxair), which has been designated confidential in this case. | No opposition anticipated |
| **ECF #452 – Praxair's Opposition Brief** | Praxair's Opposition to Plaintiffs' Motion to Compel Punitive Damages Discovery [D.E. 452] | Citations and reference to confidential deposition testimony of Barbara Yost, Martin Frith, and Michael Skrjanc about sensitive business information, and citations and references to Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within the Yost, Frith and Skrjanc deposition testimony and Praxair's internal confidential documents would cause Praxair a competitive disadvantage. | Praxair seeks to seal only certain references to the Yost, Frith and Skrjanc deposition testimony and Praxair's internal documents, which have been designated confidential in this case. | No opposition anticipated |

| **Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.*** | | | | | |
|---|---|---|---|---|---|
| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
| ECF #452-Exhibit A | Confidential internal Material Safety Data Sheet document | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within this Material Safety Data Sheet would cause Praxair a competitive disadvantage | Praxair seeks to seal portions of Exhibit A (Praxair Material Safety Data Sheet), which has been designated confidential in this case. | No opposition anticipated |
| ECF #452-Exhibit B | Confidential Product Supply Agreement | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within this confidential Product Supply Agreement would cause Praxair a competitive disadvantage | Praxair seeks to seal Exhibit B (Product Supply Agreement), which has been designated confidential in this case. | No opposition anticipated |

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF #452 – Exhibit C | Confidential Praxair letter to the FDA | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's letter to the FDA would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit C (Letter to the FDA), which has been designated confidential in this case. | No opposition anticipated |
| ECF #452 – Exhibit G | Barbara Yost Deposition Transcript | Confidential deposition testimony about sensitive business information | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Ms. Yost's deposition would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit G (Yost Transcript), said portions of which have been designated confidential in this case. | No opposition anticipated |
| ECF #452 – Exhibit H | Confidential Praxair letter to the FDA | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's letter to the FDA would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit H (Letter to the FDA), which has been designated confidential in this case. | No opposition anticipated |

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF #452 – Exhibit K | Confidential Praxair letter to the FDA | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's letter to the FDA would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit K (Letter to the FDA), which has been designated confidential in this case. | No opposition anticipated |
| ECF #452 – Exhibit L | Martin Frith Deposition Transcript | Confidential deposition testimony about sensitive business information | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Mr. Frith's deposition would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit L (Frith Transcript), said portions of which have been designated confidential in this case. | No opposition anticipated |
| ECF #452 – Exhibit M | Michael Skrjanc Deposition Transcript | Confidential deposition testimony about sensitive business information | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Mr. Skrjanc's deposition would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit M (Skrjanc Transcript), said portions of which have been designated confidential in this case. | No opposition anticipated |

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF #452 – Exhibit P | Confidential Praxair email to the FDA | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's email to the FDA would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit P (Email to the FDA), which has been designated confidential in this case. | No opposition anticipated |
| **ECF #461 – Plaintiffs' Reply Brief in Support of Motion** | Plaintiffs' Reply Brief in support of Motion to Compel Punitive Damages Discovery [D.E. 461] | Citations and reference to confidential deposition testimony of Martin Frith, Michael Skrjanc and Nelson Moreira about sensitive business information, and citations and references to Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within the Frith, Skrjanc and Moreira deposition testimony and Praxair's internal confidential documents would cause Praxair a competitive disadvantage. | Praxair seeks to seal only certain references to the Frith, Skrjanc and Moreira deposition testimony and Praxair's internal documents, which have been designated confidential in this case. | No opposition anticipated |

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF #461 – Exhibit Z | Confidential internal email | Praxair's internal confidential communications that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's confidential internal email would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit Z (Confidential internal email), which has been designated confidential in this case. | No opposition anticipated |
| ECF #461 – Exhibit AA | Confidential internal email | Praxair's internal confidential communications that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's confidential internal email would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit AA (Confidential internal email), which has been designated confidential in this case. | No opposition anticipated |

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF #461 – Exhibit BB | Confidential internal spreadsheet | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's confidential spreadsheet would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit BB (Confidential spreadsheet) which has been designated confidential in this case. | No opposition anticipated |
| ECF #461 – Exhibit CC | Martin Frith Deposition Transcript | Confidential deposition testimony about sensitive business information | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Mr. Frith's deposition would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit CC (Frith Transcript), said portions of which have been designated confidential in this case. | No opposition anticipated |
| ECF #461 – Exhibit EE | Confidential Praxair letter to the FDA | Praxair's internal confidential documents that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's letter to the FDA would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit EE (Letter to the FDA), which has been designated confidential in this case. | No opposition anticipated |

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF #461 – Exhibit FF, HH | Michael Skrjanc Deposition Transcript | Confidential deposition testimony about sensitive business information | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Mr. Skrjanc's deposition would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibits FF and HH (Skrjanc Transcript), said portions of which have been designated confidential in this case. | No opposition anticipated |
| ECF #461 – Exhibit GG | Nelson Moreira Deposition Transcript | Confidential deposition testimony about sensitive business information | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Mr. Moreira's deposition would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit GG (Moreira Transcript), said portions of which have been designated confidential in this case. | No opposition anticipated |

**Praxair Defendants' Motion to Redact and Seal Letters and Exhibits on Public Docket in *Lawson, et al. v. Praxair, Inc., et al.***

| Material | | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| ECF #461 – Exhibit II | Confidential internal sales document | Praxair's internal confidential communications that contain sensitive business information. | The legitimate private interest that warrants sealing is that a public disclosure of the commercially sensitive information contained within Praxair's confidential internal sales document would cause Praxair a competitive disadvantage. | Praxair seeks to seal Exhibit II (Confidential internal sales document), which has been designated confidential in this case. | No opposition anticipated |