# EXHIBIT C



Frank Mangiaracina
Direct Email:
fmangiaracina@sheridanandmurray.com

May 26, 2021

**Via ECF & Email**

Honorable Harry G. Carroll (Ret.)
Meyerson, Fox, Mancinelli & Conte, P.A.
One Paragon Drive, Suite 240
Montvale, NJ 07645

   **RE:**  *Lawson, et al. v. Praxair, et al.*
      **Civil Action No. 3:16-cv-02435**

Dear Judge Carroll:

  As Your Honor is aware, we represent Plaintiffs Agnes and Cassius Lawson ("Plaintiffs") in the above-captioned matter. Please accept this letter as Plaintiffs' application to compel Defendants Praxair, Inc., Praxair Distribution, Inc., and Praxair Distribution Mid-Atlantic, LLC (collectively the "Praxair Defendants" or "Praxair") to serve responsive answers to Plaintiffs' Punitive Damages Interrogatories and Plaintiffs' Punitive Damages Requests for Production of Documents (collectively Plaintiffs' "Punitive Damages Discovery," attached, along with Praxair's responses, as Exhibit A).

  The discovery Plaintiffs seek is commonplace and courts routinely allow it. A defendant's financial condition is relevant to determining the appropriate size of a punitive damages award, and the facts and documents Plaintiffs have requested are carefully drawn to measuring the Praxair Defendants' financial condition. Any concerns Praxair has for the confidentiality of its financial information are adequately addressed by the Confidentiality Order in this case.

  The appropriate time for punitive damages discovery is now. There is no requirement to delay discovery of a defendant's financial condition until Plaintiffs have made a *prima facie* showing of entitlement to punitive damages. Rather, "when punitive damages are alleged, the weight of authority among the district courts in this jurisdiction requires that a defendant disclose his financial condition in pretrial discovery without requiring a *prima facie* showing of punitive

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
May 26, 2021
Page 2

damages to justify the discovery." *Robinson v. Horizon Blue Cross-Blue Shield N.J.*, 2013 U.S. Dist. LEXIS 180325, at *12–*14 (D.N.J. Dec. 23, 2013).

Even if there were such a requirement, Plaintiffs easily meet it here. This is a case of a manufacturer actively concealing a known dangerous and life-threatening product defect and hazard (which had caused prior injuries) from customers, regulators, and the general public, while falsely assuring customers that the product was safe to continue using. Praxair's deliberate decision to expose customers and the public at large to a product it knew could explode and severely injure or kill people is the type of bad-faith, malicious conduct that punitive damages are meant to deter.

For these reasons, Plaintiffs respectfully ask that Praxair be compelled to serve responsive answers to Plaintiffs' Punitive Damages Discovery.

I.    **Background**

This is a New Jersey products liability case arising from the severe and permanent injuries Plaintiff Agnes Lawson suffered when a Praxair Grab 'n Go Vantage portable oxygen delivery system exploded on April 10, 2014 at the University Medical Center of Princeton at Plainsboro. The explosion left Ms. Lawson in critical condition, exposed patients, visitors and other healthcare workers to an unreasonable risk of harm and severely damaged three hospital rooms causing a million dollars in property damage.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
May 26, 2021
Page 3



Accordingly, on February 27, 2021, Plaintiffs served the Praxair Defendants with Plaintiffs' Punitive Damages Interrogatories and Punitive Damages Requests for Production of Documents, which sought information about the Praxair Defendants' financial condition, both at present and at the time of the tortious conduct. (Exhibit A.) Specifically, Plaintiffs' Punitive Damages Discovery sought information regarding financial statements, income tax returns,

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
May 26, 2021
Page 4

financial transactions, lines of credit, expenditures, executive compensation, indemnification agreements, and net worth.

On March 29, 2021, the Praxair Defendants served non-responsive answers to Plaintiffs' Punitive Damages Discovery. (Exhibit A.) Praxair's answers do not provide the requested information, refer only to Defendant Praxair, Inc.'s public filings and provide no information about the financial condition of Defendants Praxair Distribution, Inc. (PDI) or Praxair Distribution Mid-Atlantic, LLC (PDMA).[1]

On April 13, 2021, the parties met and conferred regarding Plaintiffs' Punitive Damages Discovery. Follow-up letters were exchanged on April 14, 2021, and April 21, 2021. (Exhibit K; Exhibit L.)

Plaintiffs now move to compel the Praxair Defendants to provide responsive answers as required by the Federal Rules of Civil Procedure.

## II.   **Argument**

The Praxair Defendants should be compelled to serve responsive answers to Plaintiffs' Punitive Damages Discovery because discovery of financial condition is routine in cases where punitive damages are at issue. Plaintiffs' Punitive Damages Discovery is relevant and proportional to the needs of the case, and there is no requirement that Plaintiffs show a *prima facie* entitlement to punitive damages before obtaining information relevant to their claim. Alternatively, Plaintiffs have shown a *prima facie* entitlement to punitive damages because Praxair's conduct was wanton and willful.

### A.   *The Praxair Defendants' Financial Condition is Relevant and Proportional to the Needs of the Case*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering various factors. Fed. R. Civ. P. 26(b)(1). "[I]t is well established that the general standard of discoverability is relevance." (ECF 436 at 2.) Information concerning the Praxair Defendants' financial condition is

---

[1] Praxair's answers refer to the public financial documents of "Praxair" generically. However, because Praxair's answers represent that "Praxair was a publicly traded company at the relevant time period," and Praxair, Inc. is the only Praxair Defendant that is publicly traded, Plaintiffs take these references to "Praxair" to refer only to Defendant Praxair, Inc.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
May 26, 2021
Page 5

relevant and proportional to the needs of the case because it bears on the amount of punitive damages that may be awarded against the Praxair Defendants.

Plaintiffs have pending, viable claims for punitive damages against all Praxair Defendants that have not been dismissed or otherwise stricken. (Complaint, ECF 1-2, at 34.) Those claims arise out of New Jersey products liability and negligence law. (*Id.*) Under the New Jersey Punitive Damages Act, a defendant's financial condition is a relevant factor to be considered in evaluating the size of a punitive damages award. N.J. Stat. § 2A:15-5.12(c)(4).

New Jersey defines "financial condition" broadly and permits consideration of factors other than net worth. *Herman v. Sunshine Chemical Specialties, Inc.*, 133 N.J. 329, 345 (1993). A defendant's financial condition *both* at the time of wrongdoing *and* at the time of judgment are relevant. *Tarr v. Bob Ciasulli's Mack Auto Mall, Inc.*, 194 N.J. 212, 221 (2008).

Any confidentiality concerns the Praxair Defendants may have in their financial condition are addressed by the Confidentiality Order in this case.

Plaintiffs' Punitive Damages Discovery is therefore relevant and proportional to the needs of the case, and the Praxair Defendants should serve responsive answers.

### B.   All Three Praxair Defendants Should Provide Financial Information, Not Just Praxair, Inc.

Praxair's current responses to Plaintiffs' Punitive Damages Discovery are deficient because, among other reasons, they only mention the public financial documents of Praxair, Inc., and do not address the financial condition of Praxair Distribution, Inc. ("PDI") or Praxair Distribution Mid-Atlantic, LLC ("PDMA").[2] (Exhibit A.) The financial condition of all three Defendants is relevant because all three participated in the conduct that severely and permanently injured Ms. Lawson and, accordingly, all three are facing viable claims for punitive damages. (Complaint, ECF 1-2, at 34.)

### C.   Plaintiffs' Punitive Damages Discovery Is Routinely Authorized by Federal Courts

Federal courts in this Circuit and around the country routinely authorize interrogatories and document requests of the form Plaintiffs seek to enforce here. For example, in *Grosek v. Panther Transp. Inc.*, 251 F.R.D. 162 (M.D. Pa. 2008), the court approved requests that largely overlap

---

[2] As noted above, the responses actually refer to the public filings of "Praxair" generically, but only Praxair, Inc. is a publicly traded entity.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
May 26, 2021
Page 6

with the requests Plaintiffs served here, including requests: (1) for production seeking audited financial statements for a period of five years, (2) interim financing statements for the most recent year, (3) corporate tax returns for a period of five years, (4) all documents filed with the Securities and Exchange Commission, and (5) all financial statements used for private equity or bank loans for a period of five years. Relevant pages from the discovery requests from *Grosek* are attached as Exhibit M. Applying the same Third Circuit discovery law that applies in this case, the *Grosek* court concluded "that plaintiffs have stated a claim for punitive damages, and discovery related to that issue is appropriate." *Id.* at 166.

Other examples where similar discovery requests were approved include *Cawley v. Eastman Outdoors, Inc.*, No. 1:14-cv-00310, 2014 U.S. Dist. LEXIS 130588 (N.D. Ohio Sep. 16, 2014); *EEOC v. Holmes & Holmes Indus.*, No. 2:10-cv-955, 2011 U.S. Dist. LEXIS 124916 (D. Utah Oct. 27, 2011); and *Hannah v. Armor Corr. Health Servs.*, No. 8:19-cv-596, 2020 U.S. Dist. LEXIS 121546 (M.D. Fla. July 10, 2020) (approving Nos. 1, 2, 3, 4, and 8, with limitations). Relevant pages from the discovery requests approved in those cases are attached as Exhibits N, O (RFP No. 20 and Interrogatory No. 5), and P (limited to Nos. 1, 2, 3, 4, and 8, final statements, and recent years).

### D. Under Federal Rule 26, a Prima Facie *Showing Is Not Required Before Taking Discovery of a Defendant's Financial Conditions If That Defendant Faces a Claim for Punitive Damages*

Praxair refused to answer Plaintiffs' Punitive Damages Discovery, in part, because it claims Plaintiffs are first required to make a *prima facie* showing that punitive damages will be awarded. Praxair based this argument on New Jersey state-court cases applying New Jersey, and not federal, discovery procedure. (*See* Exhibit L, Castner letter, at 2.) However, this argument is contrary to clear and binding Third Circuit law applying the *Erie* doctrine to federal discovery matters.

A federal court sitting in diversity applies state substantive law and federal procedural law. *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). "[D]iscovery disputes in federal courts are governed by federal law, especially the Federal Rules of Civil Procedure and the Federal Rules of Evidence…." *Pearson v. Miller*, 211 F.3d 57, 61 (3d Cir. 2000). State law is relevant "[o]nly to the extent that federal law may recognize" it. *Id.*

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
May 26, 2021
Page 7

"The scope of discovery in federal courts is governed by Federal Rule of Civil Procedure 26(b)(1)." *In re Human Tissue Products Liability Litigation*, 255 F.R.D. 151, 158 (D.N.J. 2008). That rule allows discovery of materials relevant to a validly pleaded claim or defense. Fed. R. Civ. P. 26(b)(1). Contrary state-law procedural obstacles "would directly conflict with Rule 26 and the procedures governing discovery in federal courts," and, therefore, do not apply. *Ward v. Estaleiro Itajai S/A*, 541 F. Supp. 2d 1344, 1346 (S.D. Fla. 2008). This has been the overwhelming conclusion of the federal courts to have considered the question in this context.[3]

Applying that federal standard, the District of New Jersey has already rejected Praxair's argument that discovery of a defendant's financial condition should be delayed until a *prima facie* entitlement to punitive damages is shown. Rather, "when punitive damages are alleged, the weight of authority among the district courts in this jurisdiction requires that a defendant disclose his financial condition in pretrial discovery without requiring a *prima facie* showing of punitive damages to justify the discovery." *Robinson v. Horizon Blue Cross-Blue Shield N.J.*, 2013 U.S. Dist. LEXIS 180325, at *12–*14 (D.N.J. Dec. 23, 2013) (collecting cases). "Thus, the prevailing approach in this district in cases where the plaintiff is seeking punitive damages is to allow pre-trial discovery of information related to a defendant's financial position" without the need to make a *prima facie* showing. *Id.* at *13-14.

---

[3] *See, e.g., American Ben. Life Ins. Co. v. Ille*, 87 F.R.D. 540, 542 (W.D. Okla. 1978) (refusing to apply a state *prima facie* case requirement because "discovery, as a procedural matter, is governed in a federal court only by the Federal Rules of Civil Procedure and state discovery practices are irrelevant"); *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990) (same); *CEH, Inc. v. FV Seafarer*, 153 F.R.D. 491, 498 (D.R.I. 1994) (same); *Ward v. Estaleiro Itajai S/A*, 541 F. Supp. 2d 1344, 1346 (S.D. Fla. 2008) (refusing to apply a state *prima facie* case requirement that "would directly conflict with Rule 26 and the procedures governing discovery in federal courts"); *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998) (finding a state *prima facie* case requirement "fundamentally inconsistent with the discovery rules under the Federal Rules of Civil Procedure"); *Thomsen v. Naphcare, Inc.*, No. 3:19-cv-00969, 2020 U.S. Dist. LEXIS 53239, at *20 (D. Or. Mar. 24, 2020) (adopting reasoning that a state statute requiring a *prima facie* showing of entitlement to punitive damages conflicted with the Federal Rules' "liberal discovery scheme"); *Macon Elec. Coop. v. Wooldridge*, No. 2:18-cv-109, 2020 U.S. Dist. LEXIS 59935, at *2 (E.D. Mo. Apr. 6, 2020) (finding a state statute requiring a *prima facie* showing to be "procedural, rather than substantive" and thus not applicable in federal court). *But see State of Wis. Inv. v. Plantation Square*, 761 F. Supp. 1569, 1580 (S.D. Fla. 1991) (finding such a statute substantive and giving it effect in federal court).

PH: 215.977.9500
FX: 215.977.9800

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

SheridanAndMurray.com

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
May 26, 2021
Page 8

Similarly, "the overwhelming majority of federal courts to have considered the question have concluded that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial and without making a *prima facie* showing that he is entitled to recover such damages." *United States v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D. Ohio 2001).[4]

Because Plaintiffs' Punitive Damages Discovery is relevant to a validly pled claim that has not been stricken or dismissed, Plaintiffs' Punitive Damages Discovery is proper at this time, and Praxair should answer it. *Robinson*, 2013 U.S. Dist. LEXIS 180325 at *12-14. Federal Rule 26 governs this dispute, and nothing in Rule 26 requires a party to make any *prima facie* showing before conducting relevant discovery into a valid pending claim. Accordingly, Praxair should be compelled to answer the discovery.

### E. Even Were a **Prima Facie** *Showing Requirement to Apply Here, Plaintiffs Meet It*

Alternatively, even if there were a requirement to show a *prima facie* entitlement to punitive damages, Plaintiffs easily meet it here. Praxair's conduct was not just negligent but wanton and willful. Praxair deliberately exposed customers and the public to serious injury or death to protect its own profits and avoid the "bad press" that would come from disclosing that its product could kill people. These actions demonstrate a reckless disregard for consumer and public safety, which warrants the imposition of punitive damages under New Jersey law. Accordingly, there is no reason to delay discovery of information relevant to Plaintiffs' punitive damages claims.

The standard governing punitive damages is set out in New Jersey's Punitive Damages Act:

> Punitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual

---

[4] *See, e.g.*, *Caruso v. Coleman Co.*, 157 F.R.D. 344, 348 (E.D. Pa. 1994) ("[T]he weight of authority requires that a defendant disclose his financial condition in pretrial discovery without requiring a *prima facie* showing of punitive damages to justify the discovery."); *Grosek v. Pather Transp. Inc.*, 251 F.R.D. 162, 165 n.1 (M.D. Pa. 2008); *Angulo v. Tarapchak*, No. 3:18-cv-736, 2018 U.S. Dist. LEXIS 146441, at *7 (M.D. Pa. Aug. 28, 2018); *Guy Chem. Co. v. Romaco AG*, No. 3:06-cv-96, 2007 U.S. Dist. LEXIS 27160, at *3 (W.D. Pa. Apr. 11, 2007); *Hirtle Callaghan Holdings v. Thompson*, No. 18-2322, 2021 U.S. Dist. LEXIS 57888, at *13 (E.D. Pa. Mar. 26, 2021), as well as the cases cited in note 3, *supra*.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
May 26, 2021
Page 9

> malice or accompanied by a wanton and willful disregard of persons who
> foreseeably might be harmed by those acts or omissions. This burden of proof may
> not be satisfied by proof of any degree of negligence including gross negligence.

N.J. Stat. § 2A:15-5.12(a). "Wanton and willful" is defined in the Act as "a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission." § 2A:15-5.10. "[T]he standard signifies something less than an intention to hurt." *Pavlova v. Mint Management Corp.*, 375 N.J. Super. 397, 405 (App. Div. 2005).

   "[P]unitive damages are available in failure-to-warn, strict products liability actions when a manufacturer is (1) aware of or culpably indifferent to an unnecessary risk of injury, and (2) refuses to take steps to reduce that danger to an acceptable level." *Fischer v. Johns-Manville Corp.*, 103 N.J. 643, 670-71 (1986). Punitive damages "serve as the only deterrent to manufacturers who would purposefully market dangerous products with insufficient warnings." *Ripa v. Owens-Corning Fiberglas Corp.*, 282 N.J. Super. 373, 396 (App. Div. 1995), *cert. denied*, 142 N.J. 518.

   Numerous cases have applied the *Fischer* rule to find punitive damages warranted against manufacturers who knowingly market dangerous products. In *Perlman v. Virtua Health, Inc.*, No. 01-cv-0651, 2005 U.S. Dist. LEXIS 34833 (D.N.J. May 3, 2005), a case involving a medical device with an electric cord that was prone to fray, the court found punitive damages supported where there was "evidence that the [defendant] issued with its products certain warnings regarding" a potential failure, "but that those warnings never changed after" a reported adverse event. *Id.* at *31. The court reasoned that "a jury could find that a failure to properly warn or change a warning in light of the very serious risk … constitute[d] a wanton and willful disregard for the safety of the end-user of the [product]." *Id.* at *32. Although the manufacturer had included a warning regarding proper use, the warning was insufficient to defeat punitive damages because the manufacturer's other communications "provided dangerously conflicting information when read together." *Id.*

   Similarly, in *Gibbs v. Volkswagen of Am., Inc.*, No. A-4455-87T5, 1989 N.J. Super. LEXIS 473 (App. Div. Feb. 8, 1989), *cert. denied*, 117 N.J. 63, punitive damages were supported where the defendant manufacturer "knew long before the accident" that its product could behave dangerously but chose to "blame driver error" rather than fix the product. *Id.* at *14-15. The defendant manufacturer also adopted remedial measures that "were not merely slow … but primarily concerned with profits and legal problems rather than prompt correction of a serious product safety hazard." *Id.*

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
May 26, 2021
Page 10

Also analogous is *Gross v. Gynecare*, No. A-0011-14T2, 2016 N.J. Super. Unpub. LEXIS 670 (N.J. Super. Mar. 29, 2016), where the defendant's decision to forego an additional warning "because the document was already at the printers and the company wanted to get the product to market as soon as possible" was found to merit punitive damages. *Id.* at *71-73. Likewise, in *Fischer*, *supra*, the Appellate Division found it "egregious[]" and warranting punitive damages that the defendant had attempted to withhold information about the hazards of its product from the public. 193 N.J. Super. 113, 131 (App. Div. 1984), *aff'd*, 103 N.J. 643.

That is precisely the situation here. The April 10, 2014 explosion that severely injured Ms. Lawson was not the first time a Grab 'n Go Vantage exploded, or even the second or third. It was the *sixth*—and Praxair never warned UMCPP or any of this product's intended users that the Grab 'n Go Vantage could and would explode. Praxair was "aware of or culpably indifferent to an unnecessary risk of injury" posed by the risk of the Grab 'n Go Vantage exploding, but "refuse[d] to take steps to reduce that danger to an acceptable level" because it concealed the danger and allowed customers to continue using the product. *Fischer*, 103 N.J. at 670-71. Despite prior explosions and injuries, Praxair opted to "blame [user] error," *Gibbs*, 1989 N.J. Super. LEXIS 473, at *15, and reassure customers, falsely, that the product was safe. The result was a foreseeable and preventable fiery explosion from which Ms. Lawson suffered severe and permanent injuries, which were clearly foreseeable to the Defendants based upon these prior events—the magnitude of which was deliberately concealed.

There are numerous compelling facts that support an award of punitive damages in this case. The following sworn admissions from Praxair's own leaders outline some of the most alarming and compelling evidence.



PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
May 26, 2021
Page 11

…

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
May 26, 2021
Page 12

; Exhibit Q, Skrjanc December 16, 2020 transcript, at 228:15-229:4.) Customer service employees within Praxair were

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
May 26, 2021
Page 13

apparently kept in the dark about the product's hazards because Praxair's customer contact on its corrective action press release was not even aware the product *could* explode. (Exhibit S, Brantley transcript, at 47:21-48:14.)

Courts have recognized that misrepresentations to regulators evidence a manufacturer's wanton and willful mental state. *George v. Ford Motor Co.*, No. 03-cv-7643, 2007 U.S. Dist. LEXIS 61453, at *21 (S.D.N.Y. Aug. 16, 2007); *In re Yasmin & Yaz (Drospirenone) Mktg.*, No. 3:09-md-2100, 2011 U.S. Dist. LEXIS

PH: 215.977.9500
FX: 215.977.9800

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

SheridanAndMurray.com

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
May 26, 2021
Page 14

147935, at *4 (S.D. Ill. Dec. 22, 2011) ("Withholding information from the FDA which should have been considered by the agency in its labeling decisions or by the pharmaceutical company in future voluntary strengthening label changes constitutes sufficient evidence to allow the jury to consider the question of punitive damages.").

Praxair will likely offer excuses for its reckless conduct, but those are for resolution by the fact-finder, not on a discovery motion before Your Honor. *See Sales v. Adamson*, No. 3:17-cv-00186, 2019 U.S. Dist. LEXIS 183200, at *7 (D. Nev. Oct. 22, 2019) ("The factual disputes should not—and cannot—be resolved by discovery motions."); *Crawford v. Hughes*, No. 13-cv-6638, 2018 U.S. Dist. LEXIS 45732, at *3 (W.D.N.Y. Mar. 20, 2018) ("Motions to compel discovery are not intended to resolve underlying factual disputes…."). The question here is whether discovery into Plaintiffs' punitive damages claims is relevant and proportional to the needs of the case. In light of the foregoing series of deliberate steps aimed at concealing the hazards of the Grab 'n Go Vantage, Plaintiffs' punitive damages claims merit discovery.

## III.    Conclusion

Plaintiffs have viable claims for punitive damages against each of the Praxair Defendants. Thus, each of the Praxair Defendants should be required to provide full, complete and responsive answers to Plaintiffs' punitive damages discovery. Plaintiffs are not required to make a *prima facie* showing before such discovery is permitted. However, even if there was such a requirement, Plaintiffs have more than sufficient evidence to demonstrate the legal right to recover punitive damages. For the foregoing reasons, Plaintiffs respectfully ask that the Praxair Defendants be compelled to serve responsive answers to Plaintiffs' Punitive Damages Interrogatories and Plaintiffs' Punitive Damages Requests for Production of Documents.

Respectfully submitted,

*/s/ Frank Mangiaracina*

THOMAS W. SHERIDAN
NEIL T. MURRAY
FRANK MANGIARACINA

cc:    **Via Email**
James Tyrell, Esquire; Patrick Gilmartin, Esquire
Jeremy Mishkin, Esquire; Georgette Castner, Esquire
Jennine DiSomma, Esquire; Jennifer R. O'Connor, Esquire

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**
(A Limited Liability Partnership Formed in Pennsylvania)
By:      Paul H. Zoubek, Esquire
         Jeremy D. Mishkin, Esquire, *pro hac vice*
         Georgette Castner, Esquire
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 488-7700
*Attorneys for Praxair Defendants*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGNES LAWSON, et al., | Civil Action No.: 3:16-cv-2435-BRM-DEA |
| Plaintiffs, | |
| v. | |
| PRAXAIR, INC., et al., | |
| Defendants. | |
| PRAXAIR DISTRIBUTION, INC., et al., | |
| Defendants/Third-Party Plaintiffs, | |
| v. | |
| PRINCETON HEALTHCARE SYSTEM HOLDING, INC., et al., | |
| Third-Party Defendants. | |

### PRAXAIR DEFENDANTS' OBJECTIONS AND ANSWERS TO LAWSON PLAINTIFFS' PUNITIVE DAMAGES INTERROGATORIES

Pursuant to the Federal Rules of Civil Procedure, Defendants and Third-Party Plaintiffs

Praxair, Inc., Praxair Distribution, Inc. and Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-

Welco (collectively referred to as "Praxair"), by and through their undersigned counsel, hereby

object and respond to Lawson Plaintiffs' Punitive Damages Interrogatories as follows:

## SPECIFIC OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS

1.      Praxair objects to Plaintiffs' Punitive Damages Discovery pursuant to Federal Rule of Evidence 403 as any probative value from such discovery is substantially outweighed by the unfair prejudice and ability to mislead the jury.

2.      Praxair objects to Plaintiffs' definitions and instructions to the extent that they require more than or go beyond the scope of the Federal Rules of Civil Procedure, as well as any applicable federal and state statutes and case law.

3.      Praxair objects to Plaintiffs' definitions to the extent that it seeks to obtain information regarding corporate entities that are not a party to this litigation.

4.      Praxair objects to Paragraph 2 of the Rules of Construction because it is overly broad and unduly burdensome and is not reasonably limited in time, is not limited to the issues, subject matter claims, and/or defenses in this case, and is disproportional to the needs of the case.

5.      Praxair objects to Paragraph A of the instructions to the extent that it purports to require more than or go beyond the scope of the Federal Rules of Civil Procedure as it relates to documents withheld for privilege, as well as any applicable federal statutes and case law.

Subject to and without waiving the foregoing objections, Praxair responds as follows:

## INTERROGATORIES

1.      During the fiscal years ending in 2012 through 2014, inclusive, and 2018 through 2020, inclusive, did any Praxair Defendant (as defined herein) execute any transaction(s), loan(s), or payment(s) (including dividends) between itself and its parent company? If so, describe each such transaction, loan or payment, including the parties, type, and amount.

**ANSWER**:      **Objection.  Praxair objects to this Interrogatory as the phrase "execute any transaction(s), loan(s), or payment(s) (including dividends) between itself and its parent company" is unduly burdensome, irrelevant, oppressive, harassing and disproportionate as it seeks confidential, proprietary business information and information beyond what is permitted by law.  Praxair further objects to this Interrogatory as Plaintiffs have not demonstrated *prima facie* proof of the legal right to recover punitive damages, which is a prerequisite to the discovery of a defendant's financial condition.  Subject to and without waiver of the foregoing objections, Praxair responds as follows: While Praxair disagrees with the relevancy and admissibility of such evidence, Praxair was a publicly traded company at the relevant time period and its financial information is publicly available.  Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco merged with and into Praxair Distribution, Inc. on May 1, 2015.**

2. Were there any line(s) of credit or credit facilities extended or established to any Praxair Defendant during the fiscal years ending in 2012 through 2014, inclusive, and 2018 through 2020, inclusive? If so, identify each line of credit and each credit facility and, for each, give its amount.

**ANSWER**: **Objection. Praxair objects to this Interrogatory as the phrase "any line(s) of credit or credit facilities extended or established" is unduly burdensome, irrelevant, oppressive, harassing and disproportionate as it seeks confidential, proprietary business information and information beyond what is permitted by law. Praxair further objects to this Interrogatory as Plaintiffs have not demonstrated *prima facie* proof of the legal right to recover punitive damages, which is a prerequisite to the discovery of a defendant's financial condition. Subject to and without waiver of the foregoing objections, Praxair responds as follows: While Praxair disagrees with the relevancy and admissibility of such evidence, Praxair was a publicly traded company at the relevant time period and its financial information is publicly available. Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco merged with and into Praxair Distribution Inc. on May 1, 2015.**

3. For each Praxair Defendant, state the amount that Defendant has spent on the following categories of expenditures for the fiscal years ending in 2012 through 2014, inclusive, and 2018 through 2020, inclusive:

   a. Advertising expenditures;

   b. Research and development expenditure; and

   c. Capital expenditures.

**ANSWER**: **Objection. Praxair objects to this Interrogatory as the topics listed in a, b and c are unduly burdensome, irrelevant, oppressive, harassing and disproportionate as it seeks confidential, proprietary business information and information beyond what is permitted by law. Praxair further objects to this Interrogatory as Plaintiffs have not demonstrated *prima facie* proof of the legal right to recover punitive damages, which is a prerequisite to the discovery of a defendant's financial condition. Subject to and without waiver of the foregoing objections, Praxair responds as follows: While Praxair disagrees with the relevancy and admissibility of such evidence, Praxair was a publicly traded company at the relevant time period and its financial information is publicly available. Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco merged with and into Praxair Distribution Inc. on May 1, 2015.**

4.      State the total, annual compensation for the chief executive officer of each Praxair Defendant for the years 2012 through 2014, inclusive, and the years 2018 through 2020, inclusive.

**ANSWER**:      **Objection.  Praxair objects to this Interrogatory as unduly burdensome, irrelevant, oppressive, harassing and disproportionate as it seeks confidential, proprietary business information and information beyond what is permitted by law.  Praxair further objects to this Interrogatory because Plaintiffs have not yet demonstrated *prima facie* proof of the legal right to recover punitive damages, which is a prerequisite to the discovery of a defendant's financial condition.**

5.      Does Praxair contend that any Western Defendant is obligated to indemnify any Praxair Defendant for any liability any Praxair Defendant may have to Plaintiffs? If so, identify and produce all applicable contracts of indemnity and state whether any payments have been made so far under those contracts of indemnity.

**ANSWER**:      **Objection.  Praxair objects to this Interrogatory as unduly burdensome, irrelevant, oppressive, harassing and disproportionate as it seeks information that is not relevant to any claims asserted in this case.  Subject to and without waiver of the foregoing objection, Praxair responds as follows: Praxair has not made any such contention.**

6.      State each of the Praxair Defendants net worth for each of the following fiscal years: 2012, 2013, 2014, 2018, 2019 and 2020.

**ANSWER**:      **Objection.  Praxair objects to this Interrogatory as unduly burdensome, irrelevant, oppressive, harassing and disproportionate as it seeks confidential, proprietary business information and information beyond what is permitted by law.  Praxair further objects to this Interrogatory as Plaintiffs have not demonstrated *prima facie* proof of the legal right to recover punitive damages, which is a prerequisite to the discovery of a defendant's financial condition.  Subject to and without waiver of the foregoing objections, Praxair responds as follows:  While Praxair disagrees with the relevancy and admissibility of such evidence, Praxair was a publicly traded company at the relevant time period and its financial information is publicly available.  Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco merged with and into Praxair Distribution Inc. on May 1, 2015.**

7.    State the total net worth of all the Praxair Defendants, collectively, for each of the following years: 2012, 2013, 2014, 2018, 2019 and 2020.

**ANSWER**:    **Objection.  Praxair objects to this Interrogatory as unduly burdensome, irrelevant, oppressive, harassing and disproportionate as it seeks confidential, proprietary business information and information beyond what is permitted by law.  Praxair further objects to this Interrogatory as Plaintiffs have not demonstrated *prima facie* proof of the legal right to recover punitive damages, which is a prerequisite to the discovery of a defendant's financial condition.  Subject to and without waiver of the foregoing objections, Praxair responds as follows:  While Praxair disagrees with the relevancy and admissibility of such evidence, Praxair was a publicly traded company at the relevant time period and its financial information is publicly available.  Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco merged with and into Praxair Distribution Inc. on May 1, 2015.**

MONTGOMERY, MCCRACKEN, WALKER &
  RHOADS, LLP
*Attorneys for Praxair Defendants*

Dated:  March 29, 2021

By:  *s/Georgette Castner*
     Georgette Castner

<u>**CERTIFICATION OF SERVICE**</u>

I, Georgette Castner, hereby certify that on the date listed below I caused to be served the

foregoing **Praxair Defendants' Responses and Objections to Lawson Plaintiffs' Punitive**

**Damages Interrogatories** on the following persons by email:

> Thomas W. Sheridan, Esq.
> Neil T. Murray, Esq.
> Christopher D. Hinderliter, Esq.
> SHERIDAN & MURRAY, LLC
> 424 S. Bethlehem Pike, Third Floor
> Fort Washington, PA  19034
> *Attorney for Plaintiffs Agnes and Cassius Lawson*

> James E. Tyrrell, Jr., Esq.
> Patrick C. Gilmartin, Esq.
> SILLS CUMMIS & GROSS, P.C.
> One Riverfront Plaza
> Newark, NJ  07102
> *Attorney for Defendant/Third-Party Plaintiff*
> *Western/Scott Fetzer Company*

> Jennine DiSomma, Esq.
> Jennifer R. O'Connor, Esq.
> SAIBER LLC
> 18 Columbia Turnpike, Suite 200
> Florham Park, NJ  07932
> *Attorneys for Third-Party Defendants Princeton*
> *Healthcare System d/b/a University Medical Center*
> *of Princeton at Plainsboro*

> *s/Georgette Castner*
> Georgette Castner

Dated:  March 29, 2021

## VERIFICATION

STATE OF CONNECTICUT        )
                           )
COUNTY OF FAIRFIELD         )

Before me, the undersigned authority, a Notary Public in and for said State and County, personally appeared Anthony M. Pepper on behalf of Praxair, Inc., Praxair Distribution, Inc. ("PDI"), Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco, which entity no longer exists after having been merged into PDI and with PDI as the surviving entity effective as of May 1, 2015, Praxair Technology, Inc., Praxair Services, Inc., Praxair S.T. Technology and Praxair Partnership (collectively, "Praxair") as Assistant Secretary of Praxair, Inc., PDI's parent company, who, being duly sworn, deposes and says that he signs this verification for *The Praxair Defendants' Answers to the Lawson Plaintiffs' Punitive Damages Interrogatories* in the case of *Lawson, et al v. Praxair, Inc., et al.*, Civil Action No. 3:16-cv-2435-BRM-DEA, and is duly authorized to do so; that the matters inquired about stated in the foregoing interrogatories are not within the personal knowledge of affiant and that the answers and responses to the foregoing interrogatories have been assembled by authorized employees and counsel of Praxair; and that based upon information and belief, and subject to the objections and qualifications set forth in defendant's responses, affiant is informed by those authorized employees and counsel that the facts stated in the foregoing interrogatory responses are true.

PRAXAIR, INC.

By: _____
ANTHONY M. PEPPER
ASSISTANT SECRETARY

SUBSCRIBED AND SWORN
to before me this 26 day of
March, 2021.

_____
Notary Public

**DIANE CIPULLY**
**NOTARY PUBLIC**
**State of Connecticut**
**My Commission Expires**
**July 31, 2021**

4096" = "1" "5456992v1" ""

**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**
(A Limited Liability Partnership Formed in Pennsylvania)
By:      Paul H. Zoubek, Esquire
         Jeremy D. Mishkin, Esquire, *pro hac vice*
         Georgette Castner, Esquire
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 488-7700
*Attorneys for Praxair Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGNES LAWSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PRAXAIR, INC., et al., <br><br> Defendants. | Civil Action No.: 3:16-cv-2435-BRM-DEA |
| PRAXAIR DISTRIBUTION, INC., et al., <br><br> Defendants/Third-Party Plaintiffs, <br><br> v. <br><br> PRINCETON HEALTHCARE SYSTEM HOLDING, INC., et al., <br><br> Third-Party Defendants. | |

## PRAXAIR DEFENDANTS' RESPONSES AND OBJECTIONS TO LAWSON PLAINTIFFS' PUNITIVE DAMAGES REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure, Defendants and Third-Party Plaintiffs

Praxair, Inc., Praxair Distribution, Inc. and Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-

Welco (collectively referred to as "Praxair"), by and through their undersigned counsel, hereby

object and respond to Lawson Plaintiffs' Punitive Damages Request for Production of

Documents as follows:

## SPECIFIC OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS

1.      Praxair objects to Plaintiffs' Punitive Damages Discovery pursuant to Federal Rule of Evidence 403 as any probative value from such discovery is substantially outweighed by the unfair prejudice and ability to mislead the jury.

2.      Praxair objects to Plaintiffs' definitions and instructions to the extent that they require more than or go beyond the scope of the Federal Rules of Civil Procedure, as well as any applicable federal and state statutes and case law.

3.      Praxair objects to Plaintiffs' definitions to the extent that it seeks to obtain information regarding corporate entities that are not a party to this litigation.

4.      Praxair objects to Paragraph 2 of the Rules of Construction because it is overly broad and unduly burdensome and is not reasonably limited in time, is not limited to the issues, subject matter claims, and/or defenses in this case, and is disproportional to the needs of the case.

5.      Praxair objects to Paragraph B of the instructions to the extent that it purports to require more than or go beyond the scope of the Federal Rules of Civil Procedure as it relates to documents withheld for privilege, as well as any applicable federal statutes and case law.

Subject to and without waiving the foregoing objections, Praxair responds as follows:

## DOCUMENTS AND THINGS TO BE PRODUCED

1.      All audited financial statements (as defined in the definitions section, *supra*), including but not limited to balance sheets, income statements, statements of retained earnings, statements of cash flows, and any accompanying explanatory notes or statements, for each Praxair Defendant (as defined above) for the years 2012 through 2014, inclusive, and the years 2018 through 2020, inclusive, and each Praxair Defendant's most recent interim financial statements.

**RESPONSE:**  **Objection.  Praxair objects to this Request as the phrase "[a]ll audited financial statements (as defined in the definitions section, *supra*), including but not limited to balance sheets, income statements, statements of retained earnings, statements of cash flows, and any accompanying explanatory notes or statements" is unduly burdensome, irrelevant, oppressive, harassing and disproportionate as it seeks confidential, proprietary business information and information beyond what is permitted by law.  Praxair further objects to this Request as Plaintiffs have not demonstrated *prima facie* proof of the legal right to recover punitive damages, which is a prerequisite to the discovery of a defendant's financial condition.  Subject to and without waiver of the foregoing objections, Praxair responds as follows:  While Praxair disagrees**

**with the relevancy and admissibility of such evidence, Praxair was a publicly traded company at the relevant time period and its financial information is publicly available.   Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco merged with and into Praxair Distribution Inc. on May 1, 2015.**

2.      All financial statements, including but not limited to balance sheets, income statements, statements of retained earnings, statements of cash flows, and any accompanying explanatory notes or statements, prepared by each Praxair Defendant for submission to a banking institution or other financial institution for credit purposes during the years 2012 through 2014, inclusive, and 2018 through 2020, inclusive.

**RESPONSE:   Objection.  Praxair objects to this Request as the phrase "[a]ll financial statements, including but not limited to balance sheets, income statements, statements of retained earnings, statements of cash flows, and any accompanying explanatory notes or statements" is unduly burdensome, oppressive, irrelevant, harassing and disproportionate as it seeks confidential, proprietary business information and information beyond what is permitted by law.  Praxair further objects to this Request as Plaintiffs have not demonstrated *prima facie* proof of the legal right to recover punitive damages, which is a prerequisite to the discovery of a defendant's financial condition.  Subject to and without waiver of the foregoing objections, Praxair responds as follows:  While Praxair disagrees with the relevancy and admissibility of such evidence, Praxair was a publicly traded company at the relevant time period and its financial information is publicly available.  Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco merged with and into Praxair Distribution Inc. on May 1, 2015.**

3.      The federal income tax returns, including amendments, for each Praxair Defendant for the years 2012 through 2014, inclusive, and 2018 through 2020, inclusive.

**RESPONSE:   Objection.  Praxair objects to this Request as unduly burdensome, irrelevant, oppressive, harassing and disproportionate as it seeks confidential, proprietary business information and information beyond what is permitted by law.  Praxair further objects to this Request as Plaintiffs have not demonstrated *prima facie* proof of the legal right to recover punitive damages, which is a prerequisite to the discovery of a defendant's financial condition.  Subject to and without waiver of the foregoing objections, Praxair responds as follows:**

**While Praxair disagrees with the relevancy and admissibility of such evidence, Praxair was a publicly traded company at the relevant time period and its financial information is publicly available. Praxair Distribution Mid-Atlantic, LLC d/b/a GTS-Welco merged with and into Praxair Distribution Inc. on May 1, 2015.**

MONTGOMERY, McCRACKEN, WALKER &
RHOADS, LLP
*Attorneys for Praxair Defendants*

Dated:  March 29, 2021

By:  *s/Georgette Castner*
Georgette Castner

## CERTIFICATION OF SERVICE

I, Georgette Castner, hereby certify that on the date listed below I caused to be served the

foregoing **Praxair Defendants' Responses and Objections to Lawson Plaintiffs' Punitive**

**Damages Requests for Production of Documents** on the following persons by email:

> Thomas W. Sheridan, Esq.
> Neil T. Murray, Esq.
> Christopher D. Hinderliter, Esq.
> SHERIDAN & MURRAY, LLC
> 424 S. Bethlehem Pike, Third Floor
> Fort Washington, PA  19034
> *Attorney for Plaintiffs Agnes and Cassius Lawson*
>
> James E. Tyrrell, Jr., Esq.
> Patrick C. Gilmartin, Esq.
> SILLS CUMMIS & GROSS, P.C.
> One Riverfront Plaza
> Newark, NJ  07102
> *Attorney for Defendant/Third-Party Plaintiff*
> *Western/Scott Fetzer Company*
>
> Jennine DiSomma, Esq.
> Jennifer R. O'Connor, Esq.
> SAIBER LLC
> 18 Columbia Turnpike, Suite 200
> Florham Park, NJ  07932
> *Attorneys for Third-Party Defendants Princeton*
> *Healthcare System d/b/a University Medical Center*
> *of Princeton at Plainsboro*

> *s/Georgette Castner*
> Georgette Castner

Dated:  March 29, 2021

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AGNES LAWSON, et al.
     Plaintiffs
 -vs-
             CIVIL ACTION NO. 3:16-cv-2435
                     (BRM) (DEA)
PRAXAIR, INC., et al.
     Defendants

_____

PRAXAIR DISTRIBUTION, INC., et al
     Defendants/Third-Party Plaintiffs
-vs-
PRINCETON HEALTHCARE SYSTEM HOLDING,
INC., et al.
     Third-Party Defendants

_____

WESTERN/SCOTT FETZER COMPANY
     Defendant/Third-Party Plaintiff
-vs-
PRINCETON HEALTHCARE SYSTEM, et al.
     Third-Party Defendants

     Deposition of MICHAEL SKRJANC, a 30(b)(6)
witness herein, taken by the Third-Party
Defendants as upon cross examination and
pursuant to the applicable Rules of Civil
Procedure as to the time and place and
stipulations hereinafter set forth, via Zoom,
at 10:08 a.m. on Wednesday, September 9, 2020,
before Heather M. Lunsford, a Professional
Court Reporter and Notary Public within and
for the State of Ohio.



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Civil Action No. 3:16-cv-02435

AGNES LAWSON, et al.,

     Plaintiffs,

     vs.

PRAXAIR, INC., et al.,

     Defendants.

     AND

WESTERN/SCOTT FETZER COMPANY,

     Defendant/Third-Party

     Plaintiff,

     vs.

PRINCETON HEALTHCARE SYSTEM HOLDING, INC.
PRINCETON HEALTHCARE SYSTEM d/b/a
UNIVERSITY MEDICAL CENTER OF PRINCETON AT
PLAINSBORO and JOHN DOE(S) 1-10,

     Third-Party Defendants.

        Video deposition of SHAUN LaGRANGE,
taken pursuant to Notice, at REGUS BUSINESS
CENTER, 50 Fountain Plaza, 14th Floor, Buffalo,
New York, on October 23, 2019, commencing at
9:05 a.m., before LORI K. BECK, CSR, RDR, CRR,
Notary Public.

**AD** advanced depositions

Nationwide Court Reporting & Trial Support

855-204-8184 • www.advanceddepositions.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Civil Action No. 3:16-cv-02435


AGNES LAWSON, et al.,

     Plaintiffs,

     vs.

PRAXAIR, INC., et al.,

     Defendants.

     AND

WESTERN/SCOTT FETZER COMPANY,

     Defendant/Third-Party Plaintiff,

     vs.

PRINCETON HEALTHCARE SYSTEM HOLDING, INC.
PRINCETON HEALTHCARE SYSTEM d/b/a
UNIVERSITY MEDICAL CENTER OF PRINCETON AT
PLAINSBORO and JOHN DOE(S) 1-10,

     Third-Party Defendants.


     Video deposition of JAMES ERIC WHITE,
Ph.D., taken pursuant to Notice, at REGUS BUSINESS
CENTER, 50 Fountain Plaza, 14th Floor, Buffalo, New
York, on October 22, 2019, commencing at 9:11 a.m.,
before LYNNE E. DiMARCO, Notary Public.

**AD** advanced depositions

Nationwide Court Reporting & Trial Support

855-204-8184 • www.advanceddepositions.com

- CONFIDENTIAL -


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Civil Action No. 3:16-cv-02435


AGNES LAWSON, et al.,

        Plaintiffs,

vs.

PRAXAIR, INC., et al.,

        Defendants.



Volume II


   CONTINUED VIDEOTAPED DEPOSITION of MICHAEL SKRJANC, on behalf of Defendant Praxair Inc., held at The Hilton Garden Inn, 119 Mill Plain Road, Danbury, Connecticut, on June 19, 2019, commencing at 9:15 a.m., before Dawn Matera, a Shorthand Reporter and Notary Public of the State of Connecticut.

Video Deposition of Michael Skrjanc (Vol. II), 6/19/2019

630

1    stop using, immediately stop using the
2    Grab 'n Go Vantage units, correct?
3            MR. MISHKIN:  Objection to form.
4        A.     Correct, we did not tell the
5    customers to stop using.  To handle them
6    appropriately per our letter.
7            MR. MURRAY:  No further
8    questions.
9
10   EXAMINATION BY MS. O'CONNOR:
11       Q.    Good afternoon, Mr. Skrjanc.
12   My name is Jennifer O'Connor.  And I am
13   here representing the hospital,
14   University Medical Center of Princeton at
15   Plainsboro in this matter.
16           Earlier in your testimony, you
17   talked about letters that were sent from
18   Praxair to customers, including
19   Princeton, regarding the recall process,
20   correct?
21       A.    That's right.
22       Q.    Who drafted those letters?
23       A.    I think there was a combination
24   of Praxair employees working with our
25   sales group, myself and legal.



Frank Mangiaracina
Direct Email: fmangiaracina@sheridanandmurray.com

Admitted to PA & NJ Bars

April 14, 2021

**VIA EMAIL ONLY**

Georgette Castner, Esquire
Montgomery McCracken LLP
Liberty View, Suite 600
457 Haddonfield Road
Cherry Hill, NJ 08002

   **RE: Lawson, et al v. Praxair, et al**
      **Civil Action No. 3:16-cv-02435**

Dear Ms. Castner:

   I am writing in follow up to yesterday's meet-and-confer regarding Praxair's responses to Plaintiffs' punitive damages discovery. The Plaintiffs maintain that the Praxair Defendants' (collectively "Praxair's") responses are deficient for the reasons explained in this letter.

   *First,* Praxair's answers are nonresponsive. None of the requested information or documents are provided. No information is provided with respect to PDMA or PDI, which are not publicly traded entities and do not have public financial information. As for Praxair, Inc., the answers all refer Plaintiffs ambiguously to "Praxair's" public filings without stating that the requested information or documents are available through those filings—which it often is not. When we discussed this yesterday, Plaintiffs understood that Praxair believes its answers are adequate and Praxair does not intend to provide supplemental responses.

   *Second*, it is unclear which entities Praxair's responses regard. Plaintiffs served their punitive damages discovery requests on PDMA, PDI and Praxair Inc. As noted above, Praxair's responses did not contain any information or documents

1



regarding PDI, PDMA or Praxair Inc. For example, every interrogatory requests information related to "each Praxair Defendant." However, the only arguably substantive responses to any interrogatories are that "Praxair was a publicly traded company" and certain financials are publicly available. The only publicly traded Praxair entity is Praxair, Inc. When we discussed this yesterday, you indicated that, even though they provided no information for any of the Praxair Defendants other than Praxair, Inc., these responses are on behalf of all the Praxair entities. Please confirm in writing that Praxair's responses to Plaintiffs' punitive damages interrogatories and requests for production are on behalf of PDI, PDMA and Praxair, Inc.

*Third*, Praxair's responses repeatedly assert that Plaintiffs must make a *prima facie* showing of a right to recover punitive damages before punitive damages discovery is permitted. To support this position, you cited *Hudak v. Fox,* 215 N.J. Super. 233 (App. Div. 1987). However, as we are in federal court, federal law—and not state law—controls the timing of discovery. Considering this same issue, the District of New Jersey has rejected the "prima facie case" rule. *Robinson v. Horizon Blue Cross-Blue Shield N.J.*, 2013 U.S. Dist. LEXIS 180325, at *12–*14 (D.N.J. Dec. 23, 2013) ("[C]ontrary to defendants' position, when punitive damages are alleged, the weight of authority [in the Third Circuit] requires that a defendant disclose his financial condition in pretrial discovery without requiring a *prima facie* showing of punitive damages to justify the discovery.") (internal quotations omitted). Unless Praxair has authority from the Third Circuit to the contrary, Plaintiffs request that Praxair change it position regarding whether a *prima facie* showing is required.

Please let me know if any clarification is needed for any of the issues as I have described them above or if Praxair is willing to reconsider its position on any of these issues. If we do not hear back by April 21, 2021, we will assume that we are at an impasse and these issues are ripe for Judge Carroll. We are available to discuss by telephone to try and work toward a resolution.



Regards,

*/s/ Frank Mangiaracina*

THOMAS W. SHERIDAN
NEIL T. MURRAY
FRANK MANGIARACINA

**MONTGOMERY McCRACKEN**

ATTORNEYS AT LAW

**Georgette Castner**
Admitted in New Jersey & Pennsylvania

LibertyView
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002-2220
Tel:  856-488-7700

Direct Dial:     856 488-7794
Fax:     856-488-7720
Email:     gcastner@mmwr.com

April 21, 2021

*Via Email*
Frank Mangiaracina, Esq.
SHERIDAN & MURRAY LLC
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

    Re:    **Lawson, et al v. Praxair, et al**
           **Civil Action No. 3:16-cv-02435**

Dear Mr. Mangiaracina:

Please accept this letter in response to your letter of April 14, 2021, regarding Praxair's responses to Plaintiffs' Punitive Damages Discovery Requests.  I will respond to the issues in your letter in the order in which they were raised.

    1.   **Praxair's Answers to Plaintiffs' Punitive Damages Discovery Requests are Responsive.**

In your letter, you claim that Praxair's answers are nonresponsive because Praxair did not produce any documents in response to Plaintiffs' requests and Praxair's reference to Praxair Inc.'s public filings is insufficient.  As more fully set forth in Praxair's responses, Praxair objects to Plaintiffs' discovery requests on numerous grounds including that they seek confidential and proprietary business information that is beyond what is permitted by law such as Plaintiffs' request for "advertising expenditures," "research and development expenditures" and "annual compensation for the chief executive officer[.]"  As discussed during the meet and confer, Praxair Inc.'s public filings provide the information that is needed to determine a defendant's net worth if it were determined that a claim for punitive damages is warranted in this case.

    2.   **Praxair's Answers are on behalf of all Praxair entities.**

Plaintiffs claim that it is unclear which entities Praxair's responses regard as Praxair's responses did not contain any information or documents regarding PDI, PDMA or Praxair, Inc.  As discussed during the meet and confer, Praxair's responses were served on behalf of Praxair, Inc., PDI and PDMA as Praxair has consistently done in response to all of Plaintiffs' prior discovery

Montgomery McCracken Walker & Rhoads LLP

Frank Mangiaracina, Esq
April 21, 2021
Page 2

requests.  As we also discussed, Plaintiffs' Supplemental Response to Praxair's Second Set of Interrogatories dated February 27, 2021, sets forth a number of allegations claiming to substantiate Plaintiffs' claim for punitive damages and is directed at the "Praxair Defendants" generally. Plaintiffs have not identified how these broad allegations as to the "Praxair Defendants" applies to each respective Praxair entity.  Furthermore, as set forth in Praxair's answers to Plaintiffs' requests, PDMA merged with and into PDI on May 1, 2015, at which time it ceased to exist.

### 3.  Plaintiffs' Bear the Burden of Demonstrating that Punitive Damages Discovery is Warranted.

Finally, Plaintiffs claim that Praxair's objection that Plaintiffs must demonstrate a *prima facie* claim before engaging in punitive damages discovery is unfounded.  Plaintiffs claim that Praxair's reliance on *Hudak v. Fox*, 215 *N.J. Super.* 233 (App. Div. 1987) is inapplicable and that the court's decision in *Robinson v. Horizon Blue Cross-Blue Shield of New Jersey,* No. 2:12-CV-02981-ES-JAD, 2013 WL 6858956, (D.N.J. Dec. 23, 2013), *aff'd*, No. CIV.A. 12-2981 ES, 2014 WL 3573339 (D.N.J. July 21, 2014), and *aff'd*, 674 F. App'x 174 (3d Cir. 2017) is controlling.  The *Robinson* case, however, does not stand for the broad proposition as asserted by Plaintiffs.  The *Robinson* case involved employment discrimination claims predicated on allegations of race and gender discrimination made pursuant to Title VII of the Federal Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* and did not contemplate claims brought under a New Jersey statute, such as the New Jersey Punitive Damages Act.  The New Jersey Supreme Court has made clear that plaintiffs must prove actual malice before seeking punitive damages, and therefore a *prima facie* showing is a prerequisite to pretrial discovery of a defendant's financial worth.  *See Herman v. Sunshine Chemical Specialties, Inc.*, 133 N.J. 329, 343–44 (1993); *Hudak v. Fox*, 215 N.J. Super. 233, 235–36 (App. Div. 1987).

Please let me know if a further discussion on this issue would be productive.  Thank you.

Very truly yours,

*Georgette Castner*

Georgette Castner

GC:med
cc:    All Counsel of Record (*via email*)

pertaining in any way to the subject matter in question, and includes, but is not limited to, originals, all final copies, all other copies no matter how or by whom prepared, and all drafts prepared in connection with such documents, whether used or not.

C.     The term "documents which evidence or reflect" is intended to refer to the documents which in whole or in part relate to the designated category of information described.

D.     The term "occurrence" as used throughout these Interrogatories refers to an automobile accident which occurred on May 14, 2007, and which is the subject matter of this action.

## DOCUMENTS TO BE PRODUCED

1.     All audited financial statements of Panther II Transportation, Inc. and Panther Expedited Services, Inc. for the years 2003-2007, inclusive.

**Response:**

2.     All interim financing statements of Panther II Transportation, Inc. and Panther Expedited Services, Inc. for 2008.

**Response:**

589033.1

3.     The corporate tax returns for Panther II Transportation, Inc. and Panther Expedited Services, Inc. for the years 2003-2007, inclusive.

**Response:**

4.     The corporate tax returns and financial statements for Fenway Partners, Inc. or any parent companies of Panther II Transportation, Inc. and Panther Expedited Services, Inc.

**Response:**

5.     All documents filed by Panther II Transportation, Inc. and Panther Expedited Services, Inc. with the United States Securities and Exchange Commission.

**Response:**

589033.1

6.    All financial statements of Panther II Transportation, Inc. and Panther

Expedited Services, Inc. used for private equity or bank loans for the years 2003-

2007, inclusive.

   **Response:**




                    ROSENN, JENKINS & GREENWALD, L.L.P.


              By:    _____
                     RICHARD A. RUSSO, ESQUIRE
                     Attorney I.D. No. 32311
                     ANDREW D. BIGDA, ESQUIRE
                     Attorney I.D. No. 74675
                     15 South Franklin Street
                     Wilkes-Barre, PA 18711
                     (570) 826-5650
                     Attorneys for Plaintiffs

589033.1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Ohio ▼

| | |
|---|---|
| TREVOR CAWLEY | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:14-CV-00310-JG |
| EASTMAN OUTDOORS, INC., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  RECORDS CUSTODIAN at PLANTE & MORAN
2601 Cambridge Court, Suite 500, Auburn Hills, Michigan 48326 (248-375-7100)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
A. Eastman Outdoors, Inc.'s year-end federal tax returns from 2008 through 2013
B. Eastman Outdoors, Inc.'s year-end audited financial staements from 2008 through 2013

| Place: The Law Office of Connelly, Jackson & Collier c/o Timothy Nackowicz 405 Madison Avenue, Toledo, Ohio 43604 | Date and Time: 09/12/14, at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8-22-14

| CLERK OF COURT | |
|---|---|
| _____ | OR _____ |
| Signature of Clerk or Deputy Clerk | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
TREVOR CAWLEY _____, who issues or requests this subpoena, are:
Christopher M. DeVito, Esq., 623 West Saint Clair Avenue, Cleveland, Ohio 44113-1204
(ChrisMDeVito@gmail.com) (216-687-1212)

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or inspection of premises before trial, a notice and a copy of the subpoena must be served on each it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT
1

Ruth A. Shapiro, 9356
Robert S. Gurney, 13226
CHRISTENSEN & JENSEN, P.C.
Attorneys for Defendants
15 West South Temple, Suite 800
Salt Lake City, Utah 84101
Telephone: (801) 323-5000

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>HOLMES & HOLMES INDUSTRIAL, INC., a Utah corporation,<br><br>Defendants | Civil No. 2:10-cv-00955DAK<br><br><br>**DEFENDANT HOLMES & HOLMES INDUSTRIAL, INC.'S RESPONSES TO PLAINTIFF EEOC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| JOBY BRATCHER and ANTONIO BRATCHER, Applicants-in-intervention,<br><br>Plaintiffs in Intervention,<br><br>vs.<br><br>H3GROUP, INC., HOLMES & HOMES, INDUSTRIAL, INC., MICHAEL H. HOLMES, RON K. HOLMES, PAUL FACER AND DOES 1-20, Respondents-in-Intervention,<br><br>Defendants in Intervention. | |

and without waiving, those objections, attached hereto are copies of the investigation notes of Dale Arrington, bates numbered H & H 0467 through 0471.

**REQUEST NO. 18:** Purchase receipts for any bicycles used on, or purchased for, the Chevron work site, along with purchase receipts/orders for any improvements, accessories, and/or alterations to any such equipment.

**RESPONSE:** Holmes objects to Request No. 18 on the grounds it is compound, overbroad, and ambiguous. Subject to, and without waiving, those objections, attached here to are copies of the requested documents, bates numbered H & H 0472 through 0482.

**REQUEST NO. 19:** A full and complete copy of Defendant's contract with Chevron during the relevant time period, including any documents reflecting any subsequent modifications to the terms of the original contract.

**RESPONSE:** Holmes objects to Request No. 19 on the grounds it is compound, overbroad, and ambiguous. Subject to, and without waiving, those objections, attached hereto is a copy of the requested documents, bates numbered H & H 0483 through 0688.

**REQUEST NO. 20:** The following documents, prepared for any period beginning January 1, 2006, to the present, reflecting the financial condition of Defendant:

       a)      Income statements;

       b)      Balance sheets;

       c)      Statement of retained earnings;

       d)      Expense statements;

       e)      Federal tax returns, including attachments and schedules.

**INTERROGATORY NO. 5:** State Defendant's net worth for each fiscal year end from 2005 to present.

    **ANSWER:** Holmes objects to Interrogatory No. 5 on the grounds it is premature, overbroad, compound, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, UCA sec 78B-8-201 prohibits discovery of a defendant's wealth until the plaintiff has proven that an award of punitive damages is "reasonably likely."

    **INTERROGATORY NO. 6:** List all supervisors, including foremen and/or superintendents, who worked for Defendant between January 1, 2006 and December 31, 2008. For each individual listed, please provide the employee's full name, position title(s), work site(s), dates of employment, reason for termination/separation (if applicable) race, ethnicity, telephone number, and address.

    **ANSWER:** Holmes objects to Interrogatory No. 6 on the grounds it is unduly burdensome, overbroad, ambiguous, compound, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, those objections:

        Floyd (Chad) Alread- Ironworker Foreman, Flying J crew
        Race-Caucasian
        Ethnicity- unknown
        4144 West 5950
        Kearns Utah, 84118
        801-231-0449

IN THE UNITED STATES DISTRICT COURT IN
AND FOR THE MIDDLE DISTRICT OF FLORIDA

Case No.: 19-cv-59-JSM-SPF

PATRICIA HANNAH,

A plenary legal guardian of Darryl Vaughn Hannah, Jr., as individual,

Plaintiff,

vs.

ARMOR CORRECTIONAL HEALTH SERVICES,INC.,
Et. Al.,

Defendants.

## DEFENDANT ARMOR CORRECTIONAL HEALTH SERVICES, INC. AMENDED RESPONSES TO PLAINTIFF'S SUPPLEMENTAL REQUESTS FOR FINANCIAL PRODUCTION

Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC. ("ARMOR"), by and through undersigned counsel, hereby provides its amended responses to Plaintiff's Supplemental Request for Financial Production and responds as follows:

1. Armor's income statements for 2018 and 2019 and the most recent quarter of 2020.

   **RESPONSE: Please see the 2018 and 2019 Audit Financials, and 2018 Form 8453-S Tax Return for Armor, attached hereto. The 2019 and 2020 Tax returns have not been created or filed. Defendant cannot produce what does not exist. It is believed that the attached documents may have been previously provided but defendant provides these documents and incorporates herein as a supplemental response any financial documents previously provided.**

   **Objection. Any discovery of financial worth is premature as Plaintiff has not and cannot show a reasonable basis for recovery of punitive damages. *See* Soliday v. 7-Eleven, Inc., 2010 WL 4537903, \*2 (M.D. Fla. Nov. 3, 2010) ("Because of its increased potential for abuse, . . . courts typically require a plaintiff to establish a reasonable basis supporting punitive damages before allowing financial worth discovery. . . ."); Sprint Solutions, Inc. v. 4 U Cell, LLC, 2016 WL 4815101, \*8 (M.D. Fla. Sept. 14,**

2016) (noting that financial net worth "is discoverable only when Plaintiffs have established a reasonable basis for punitive damages."); *see also* Fla. Stat. § 768.72.

Moreover, even if not premature, the requested timeframe is overbroad. "'Only current financial documents are relevant to a claim for punitive damages.'" Lane v. Capital Acquisitions, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quoting Fieldturf Int'l v. Triexe Mgmt. Grp., Inc., 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004)); see also Raiser v. O'Shaughnessy, 1992 WL 309541, *1 (N.D. Ill. Oct. 21, 1992) (concluding that financial worth discovery was limited to "the most recent of the types of documents described that substantially discloses the defendant's assets and liabilities."). "Plaintiffs' request for non-current financial information is irrelevant to a punitive damages determination." Fieldturf, 2004 WL 866494, at *3.

Moreover, Defendant objects to production of the most recent quarter 2020 income statements because Plaintiff's request for financial documents is overbroad as it seeks financial information from irrelevant timeframes. "'Only current financial documents are relevant to a claim for punitive damages.'" *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quoting *Fieldturf Int'l v. Triexe Mgmt. Grp., Inc.*, 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004)); *see also Raiser v. O'Shaughnessy*, 1992 WL 309541, *1 (N.D. Ill. Oct. 21, 1992) (concluding that financial worth discovery was limited to "the most recent of the types of documents described that substantially discloses the defendant's assets and liabilities."). In addition, these documents such as the 2020 audited financial statements do not yet exist. The documents that do exist are privileged working documents, that contain business or trade secrets, and are not discoverable.

Without waiving any of the foregoing objections, Defendant has produced the 2018, 2019 Audit Financials, and the 2018 Form 8453-S Tax Return for Armor and states that it is not required to produce the 2019 Form 8453-S Tax Return, and 2020 Income Statements that have not yet been created. *See*, *e.g.*, *Brown v. Clark*, No. 1:10-cv-124 GSA PC, 2013 WL 1087499 at *4–5, 2013 U.S. Dist. LEXIS 35669 at *12 (E.D. Cal. Mar. 14, 2013). The documents have been previously produced and are attached hereto.

2. Armor's balance sheets for 2018 and 2019 and the most recent quarter of 2020. (*Note: These should include an entry for 'Cash and Cash Equivalents' as well as one for 'Stockholders Equity.')

RESPONSE: Objection. The Court has previously ruled upon Plaintiff's Motion to Provide Better Responses to her Request for Financial Production and Plaintiff's Renewed Motion to Compel. *See* the Order on [D.E. 117], stating that the request shall be limited to any financial records that state Armor's net worth for the years 2018-2019. Moreover, this request is duplicative of Plaintiff's Request for Production served on Armor on October 15, 2019, and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant additionally objects because any discovery of financial worth is premature as Plaintiff has not and cannot show a reasonable basis for recovery of punitive damages. *See* Soliday v. 7-Eleven, Inc., 2010 WL 4537903, *2 (M.D. Fla. Nov. 3, 2010) ("Because of its increased potential for abuse, . . . courts typically require a plaintiff to establish a reasonable basis supporting punitive damages before allowing financial worth discovery. . . ."); Sprint Solutions, Inc. v. 4 U Cell, LLC, 2016 WL 4815101, *8 (M.D. Fla. Sept. 14, 2016) (noting that financial net worth "is discoverable only when Plaintiffs have established a reasonable basis for punitive damages."); *see also* Fla. Stat. § 768.72.

Moreover, even if not premature, the requested timeframe is overbroad. "'Only current financial documents are relevant to a claim for punitive damages.'" Lane v. Capital Acquisitions, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quoting Fieldturf Int'l v. Triexe Mgmt. Grp., Inc., 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004)); see also Raiser v. O'Shaughnessy, 1992 WL 309541, *1 (N.D. Ill. Oct. 21, 1992) (concluding that financial worth discovery was limited to "the most recent of the types of documents described that substantially discloses the defendant's assets and liabilities."). "Plaintiffs' request for non-current financial information is irrelevant to a punitive damages determination." Fieldturf, 2004 WL 866494, at *3.

Moreover, Defendant objects to production of the most recent quarter 2020 income statements because Plaintiff's request for financial documents is overbroad as it seeks financial information from irrelevant timeframes. "'Only current financial documents are relevant to a claim for punitive damages.'" *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quoting *Fieldturf Int'l v. Triexe Mgmt. Grp., Inc.*, 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004)); *see also Raiser v. O'Shaughnessy*, 1992 WL 309541, *1 (N.D. Ill. Oct. 21, 1992) (concluding that financial worth discovery was limited to "the most recent of the types of documents described that substantially discloses the defendant's assets and liabilities."). In addition, these documents such as the 2020 audited financial statements do not yet exist. The documents that do exist are privileged working documents, that contain business or trade secrets, and are not discoverable.

Without waiving any of the foregoing objections, Defendant has produced the 2018, 2019 Audit Financials, and the 2018 Form 8453-S Tax Return for Armor and states that it is not required to produce the 2019 Form 8453-S Tax Return, and 2020 Income Statements that have not yet been created. *See*, *e.g.*, *Brown v. Clark*, No. 1:10-cv-124 GSA PC, 2013 WL 1087499 at *4–5, 2013 U.S. Dist. LEXIS 35669 at *12 (E.D. Cal. Mar. 14, 2013).

Without waiving any of the foregoing objections, see attached documents that provide information especially as to net worth tantamount to information requested in request #2.

3. Armor's cash flow statements for 2018 and 2019 and the most recent quarter of 2020.

**RESPONSE: Objection.** The Court has previously ruled upon Plaintiff's Motion to Provide Better Responses to her Request for Financial Production and Plaintiff's Renewed Motion to Compel. *See* the Order on [D.E. 117], stating that the request shall be limited to any financial records that state Armor's net worth for the years 2018-2019. Moreover, this request is duplicative of Plaintiff's Request for Production served on Armor on October 15, 2019, and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant additionally objects because any discovery of financial worth is premature as Plaintiff has not and cannot show a reasonable basis for recovery of punitive damages. *See* Soliday v. 7-Eleven, Inc., 2010 WL 4537903, *2 (M.D. Fla. Nov. 3, 2010) ("Because of its increased potential for abuse, . . . courts typically require a plaintiff to establish a reasonable basis supporting punitive damages before allowing financial worth discovery. . . ."); Sprint Solutions, Inc. v. 4 U Cell, LLC, 2016 WL 4815101, *8 (M.D. Fla. Sept. 14, 2016) (noting that financial net worth "is discoverable only when Plaintiffs have established a reasonable basis for punitive damages."); *see also* Fla. Stat. § 768.72.

Moreover, even if not premature, the requested timeframe is overbroad. "'Only current financial documents are relevant to a claim for punitive damages.'" Lane v. Capital Acquisitions, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quoting Fieldturf Int'l v. Triexe Mgmt. Grp., Inc., 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004)); see also Raiser v. O'Shaughnessy, 1992 WL 309541, *1 (N.D. Ill. Oct. 21, 1992) (concluding that financial worth discovery was limited to "the most recent of the types of documents described that substantially discloses the defendant's assets and liabilities."). "Plaintiffs' request for non-current financial information is irrelevant to a punitive damages determination." Fieldturf, 2004 WL 866494, at *3.

Moreover, Defendant objects to production of the most recent quarter 2020 income statements because Plaintiff's request for financial documents is overbroad as it seeks financial information from irrelevant timeframes. "'Only current financial documents are relevant to a claim for punitive damages.'" *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quoting *Fieldturf Int'l v. Triexe Mgmt. Grp., Inc.*, 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004)); *see also Raiser v. O'Shaughnessy*, 1992 WL 309541, *1 (N.D. Ill. Oct. 21, 1992) (concluding that financial worth discovery was limited to "the most recent of the types of documents described that substantially discloses the defendant's assets and liabilities."). In addition, these documents such as the 2020 audited financial statements do not yet exist. The documents that do exist are privileged working documents, that contain business or trade secrets, and are not discoverable.

Without waiving any of the foregoing objections, Defendant has produced the 2018, 2019 Audit Financials, and the 2018 Form 8453-S Tax Return for Armor and states that it is not required to produce the 2019 Form 8453-S Tax Return, and 2020 Income Statements that have not yet been created. *See*, *e.g.*, *Brown v. Clark*, No. 1:10-cv-124

GSA PC, 2013 WL 1087499 at *4–5, 2013 U.S. Dist. LEXIS 35669 at *12 (E.D. Cal. Mar. 14, 2013).

Without waiving any of the foregoing objections, see attached documents that provide information especially concerning net worth tantamount to information requested in request #3.

4. Records of any transactions, loans, or payments (including dividends) between Armor and any parent company for 2018 and 2019 and the most recent quarter of 2020.

RESPONSE: Objection. The Court has previously ruled upon Plaintiff's Motion to Provide Better Responses to her Request for Financial Production and Plaintiff's Renewed Motion to Compel. *See* the Order on [D.E. 117], stating that the request shall be limited to any financial records that state Armor's net worth for the years 2018-2019. Moreover, this request is duplicative of Plaintiff's Request for Production served on Armor on October 15, 2019, and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant additionally objects because any discovery of financial worth is premature as Plaintiff has not and cannot show a reasonable basis for recovery of punitive damages. *See* Soliday v. 7-Eleven, Inc., 2010 WL 4537903, *2 (M.D. Fla. Nov. 3, 2010) ("Because of its increased potential for abuse, . . . courts typically require a plaintiff to establish a reasonable basis supporting punitive damages before allowing financial worth discovery. . . ."); Sprint Solutions, Inc. v. 4 U Cell, LLC, 2016 WL 4815101, *8 (M.D. Fla. Sept. 14, 2016) (noting that financial net worth "is discoverable only when Plaintiffs have established a reasonable basis for punitive damages."); *see also* Fla. Stat. § 768.72.

Moreover, even if not premature, the requested timeframe is overbroad. "'Only current financial documents are relevant to a claim for punitive damages.'" Lane v. Capital Acquisitions, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quoting Fieldturf Int'l v. Triexe Mgmt. Grp., Inc., 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004)); see also Raiser v. O'Shaughnessy, 1992 WL 309541, *1 (N.D. Ill. Oct. 21, 1992) (concluding that financial worth discovery was limited to "the most recent of the types of documents described that substantially discloses the defendant's assets and liabilities."). "Plaintiffs' request for non-current financial information is irrelevant to a punitive damages determination." Fieldturf, 2004 WL 866494, at *3.

Moreover, Defendant objects to production of the most recent quarter 2020 income statements because Plaintiff's request for financial documents is overbroad as it seeks financial information from irrelevant timeframes. "'Only current financial documents are relevant to a claim for punitive damages.'" *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quoting *Fieldturf Int'l v. Triexe Mgmt. Grp., Inc.*, 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004)); *see also Raiser v. O'Shaughnessy*, 1992 WL 309541, *1 (N.D. Ill. Oct. 21, 1992) (concluding that financial worth discovery was limited to "the most recent of the types of documents described that substantially discloses the defendant's assets and liabilities."). In

addition, these documents such as the 2020 audited financial statements do not yet exist. The documents that do exist are privileged working documents, that contain business or trade secrets, and are not discoverable.

Without waiving any of the foregoing objections, Defendant has produced the 2018, 2019 Audit Financials, and the 2018 Form 8453-S Tax Return for Armor and states that it is not required to produce the 2019 Form 8453-S Tax Return, and 2020 Income Statements that have not yet been created. *See, e.g., Brown v. Clark*, No. 1:10-cv-124 GSA PC, 2013 WL 1087499 at *4–5, 2013 U.S. Dist. LEXIS 35669 at *12 (E.D. Cal. Mar. 14, 2013).

Without waiving any of the foregoing objections, see attached documents that provide information especially concerning net worth tantamount to information requested in request #4.

5. Records of lines of credit or credit facilities extended or established specifically for each defendant and that defendant's parent company for 2018 and 2019 and the most recent quarter of 2020.

RESPONSE: Objection. The Court has previously ruled upon Plaintiff's Motion to Provide Better Responses to her Request for Financial Production and Plaintiff's Renewed Motion to Compel. *See* the Order on [D.E. 117], stating that the request shall be limited to any financial records that state Armor's net worth for the years 2018-2019. Moreover, this request is duplicative of Plaintiff's Request for Production served on Armor on October 15, 2019, and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant additionally objects because any discovery of financial worth is premature as Plaintiff has not and cannot show a reasonable basis for recovery of punitive damages. *See* Soliday v. 7-Eleven, Inc., 2010 WL 4537903, *2 (M.D. Fla. Nov. 3, 2010) ("Because of its increased potential for abuse, . . . courts typically require a plaintiff to establish a reasonable basis supporting punitive damages before allowing financial worth discovery. . . ."); Sprint Solutions, Inc. v. 4 U Cell, LLC, 2016 WL 4815101, *8 (M.D. Fla. Sept. 14, 2016) (noting that financial net worth "is discoverable only when Plaintiffs have established a reasonable basis for punitive damages."); *see also* Fla. Stat. § 768.72.

Moreover, even if not premature, the requested timeframe is overbroad. "'Only current financial documents are relevant to a claim for punitive damages.'" Lane v. Capital Acquisitions, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quoting Fieldturf Int'l v. Triexe Mgmt. Grp., Inc., 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004)); see also Raiser v. O'Shaughnessy, 1992 WL 309541, *1 (N.D. Ill. Oct. 21, 1992) (concluding that financial worth discovery was limited to "the most recent of the types of documents described that substantially discloses the defendant's assets and liabilities."). "Plaintiffs' request for non-current financial information is irrelevant to a punitive damages determination." Fieldturf, 2004 WL 866494, at *3.

Moreover, Defendant objects to production of the most recent quarter 2020 income statements because Plaintiff's request for financial documents is overbroad as it seeks financial information from irrelevant timeframes. "'Only current financial documents are relevant to a claim for punitive damages.'" *Lane v. Capital Acquisitions*, 242 F.R.D. 667, 670 (S.D. Fla. 2005) (quoting *Fieldturf Int'l v. Triexe Mgmt. Grp., Inc.*, 2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004)); *see also Raiser v. O'Shaughnessy*, 1992 WL 309541, *1 (N.D. Ill. Oct. 21, 1992) (concluding that financial worth discovery was limited to "the most recent of the types of documents described that substantially discloses the defendant's assets and liabilities."). In addition, these documents such as the 2020 audited financial statements do not yet exist. The documents that do exist are privileged working documents, that contain business or trade secrets, and are not discoverable.

Without waiving any of the foregoing objections, Defendant has produced the 2018, 2019 Audit Financials, and the 2018 Form 8453-S Tax Return for Armor and states that it is not required to produce the 2019 Form 8453-S Tax Return, and 2020 Income Statements that have not yet been created. *See, e.g.*, *Brown v. Clark*, No. 1:10-cv-124 GSA PC, 2013 WL 1087499 at *4–5, 2013 U.S. Dist. LEXIS 35669 at *12 (E.D. Cal. Mar. 14, 2013).

Without waiving any of the foregoing objections, see attached documents that provide information especially concerning net worth tantamount to information provided in request #5.

6. Any and all explanatory notes that accompany records produced in response to requests #1 – 6 herein between Armor and any parent company.

   **RESPONSE: None.**

7. Records outlining or explaining any and all of Armor's cash management policies.

   **RESPONSE: None.**

8. Records of the total compensation for the president and/or chief executive officer of Armor and any parent company.

   **RESPONSE: Objection. The request invades Defendant's the president and/or chief executive officer's right of privacy, is impermissibly overbroad and, therefore, oppressive, burdensome, and irrelevant to the subject matter of this action in that it seeks disclosure of personal and private information.**

9. Indemnity agreements of any kind between Armor and any other entity related to this case.

   **RESPONSE: The Health Services Agreement is attached hereto. This has been previously provided but is attached hereto.**

```
1            IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF NEW JERSEY

3                        - - -

4      AGNES LAWSON, et al.,    :

                               :

5           Plaintiffs,         :

                               :

6           vs.                 : Civil Action No.

                               : 3:16-cv-02435

7      PRAXAIR, INC., et al,    :

                               :

8           Defendants          :

9

10              Wednesday, December 16, 2020

11

12           Remote videotaped deposition of

13    Michael Skrjanc, conducted at the location of

14    the witness in Massillon, Ohio, commencing at

15    9:59 a.m., on the above date, before Carol A. Kirk,

16    Registered Merit Reporter, Certified Shorthand

17    Reporter, and Notary Public.

18

19

20

21

22

              GOLKOW LITIGATION SERVICES

23       877.370.3377 ph | 917.591.5672 fax

                  deps@golkow.com

24
```

Michael Skrjanc

```
1          Q.    Prior to April 10, 2014, did

2   Praxair ever provide UMCPP with any

3   documentation that stated that if the Grab 'n Go

4   Vantage was dropped, knocked over, or tipped

5   over, that it could explode?

6               MR. MISHKIN:  Objection; form,

7          Objection; outside the scope of the

8          notice.  Objection; repeatedly asked and

9          answered.

10              Go ahead and answer.

11         A.    Again, the operating manual talks

12  about securing the cylinders, but not -- no

13  specific information that says if the cylinder

14  is knocked over, it could explode.

15         Q.    Okay.  We'll talk about the

16  operation manual in a moment.

17              Prior to April 10, 2014, did

18  Praxair ever notify or inform or communicate to

19  UMCPP that if the Grab 'n Go Vantage unit was

20  dropped, knocked over, or tipped over, that it

21  could explode and potentially seriously injure

22  or kill a person?

23              MR. MISHKIN:  Objection; form.

24              Objection; outside the scope of the
```

Michael  Skrjanc

```
 1          notice.  Objection; asked and answered

 2          repeatedly.

 3               You can answer.

 4     A.    No.

 5     Q.    Okay.  Mr. Skrjanc, if you're

 6  looking -- there was -- in the document before

 7  you, the Attachment A to Plaintiffs' Second

 8  F.R.C.P. 30(b)(6)Deposition Notice to the

 9  Praxair Defendants, topic 3 was a topic that

10  says "All documents Praxair ever provided to

11  UMCPP regarding how to properly use, handle,

12  and/or store the Grab 'n Go Vantage."

13               Do you see that?

14     A.    I see that.

15     Q.    A gentleman by the name of

16  Ken Zusi testified as Praxair's designee

17  regarding that topic.

18               Are you aware of that?

19               MR. MISHKIN:  Objection; outside

20          the scope of this notice.

21               Go ahead and answer.

22     A.    No, I'm not.

23     Q.    Okay.  Mr. Zusi testified in his

24  deposition that what was provided to UMCPP
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Civil Action No. 3:16-cv-02435


AGNES LAWSON, et al.,
     Plaintiffs,
     vs.
PRAXAIR, INC., et al.,
     Defendants.



     Video deposition of THELMA BRANTLEY, called by the Plaintiffs for examination, pursuant to notice and pursuant to the Federal Rules of Civil Procedure for the United States District Courts pertaining to the taking of depositions, taken before DIANE L. STODULSKI, Certified Live Note Reporter, Certified Shorthand Reporter, Registered Professional Reporter, and Notary Public within and for the County of Cook and State of Illinois at 311 South Wacker Drive, Suite 4400, Chicago, Illinois, commencing at the hour of 9:33 a.m. on Thusday, February 13, 2020.



Video Deposition of Thelma Brantley, 2/13/2020

47

1    dangers associated with using the Grab 'n Go
2    Vantage as of December of 2012, whether it
3    was used corrective or not use correctly,
4    did you have an understanding of that?
5           MS. MARCY:  Objection, form.
6           THE WITNESS:  Once again, it's like
7    any medical gases, if used correctly, there
8    are no issues.
9    BY MR. MURRAY:
10      Q.   I'm asking you with regard to the
11   Grab 'n Go Vantage specifically as of
12   December 20th of 2012 what was your
13   understanding as to what could happen with
14   the Grab 'n Go Vantage or what risks or
15   dangers were associated with it, whether it
16   was used correctly or not used correctly?
17          MS. MARCY:  Objection, form.
18          THE WITNESS:  Once again, there are
19   no risks if used correctly.
20   BY MR. MURRAY:
21      Q.   Were you aware as of December 20th
22   of 2012 that if a Grab 'n Go Vantage unit
23   was dropped, knocked over, tipped over,
24   banged into that it could explode?
25          MS. MARCY:  Objection, form.

advanced
depositions
Nationwide Court Reporting & Trial Support
855-204-8184 ▪ www.advanceddepositions.com

Video Deposition of Thelma Brantley, 2/13/2020

48

1       THE WITNESS:  I was not aware.

2   BY MR. MURRAY:

3       Q.   Is that something that if you had

4   been aware of that as of December 20th of

5   2012 and a customer called you about the

6   Grab 'n Go Vantage corrective action, would

7   you have told the customer that if the Grab

8   'n Go Vantage unit is dropped, knocked over,

9   tipped over, banged into, it could explode,

10  would you have told the customer that?

11          MS. MARCY:  Objection, form.

12          THE WITNESS:  If a customer called

13  me and asked me, I would tell them when used

14  properly there are no risks.

15  BY MR. MURRAY:

16      Q.   Understood.  My question is a

17  little different.  My question is:  If you

18  knew as of December of 2012 and thereafter

19  that if the Grab 'n Go Vantage unit was

20  dropped, knocked over, banged into, set down

21  hard that it could explode, would you have

22  told that to customers?

23          MS. MARCY:  Objection, form.

24          THE WITNESS:  I can't -- I can't

25  answer that because that's really very

```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY


AGNES LAWSON, et al.,          :  Civil Action No.
  Plaintiffs                   :  3:16-cv-2435-BRM-DEA
                               :
v.                             :
                               :
PRAXAIR, INC., et al.,         :
  Defendants.                  :
_____    :
PRAXAIR DISTRIBUTION,          :
INC., et al.,                  :
  Defendants/Third-Party       :
  Plaintiffs,                  :
                               :
v.                             :
                               :
PRINCETON HEALTHCARE           :
SYSTEM HOLDING, INC., et       :
al,                            :
  Third-Party Defendants.      :
```

```
              Philadelphia, Pennsylvania
              Tuesday, September 15, 2020
```

Virtual Video-recorded Deposition of:

<mark>JOSEPH LEONE</mark>,

        Called for oral examination by counsel for

   the Defendants, Praxair, Inc., et al., pursuant to

   notice via Zoom, before Melissa L. Clark, of Advanced

   One Depositions, a Notary Public in and for the

   Commonwealth of Pennsylvania, beginning at 9:57 a.m.,

   when were present on behalf of the respective

   parties:

```
 1   telling the hospital to return Grab 'n Go Vantage
 2   units with T stickers that didn't have specific
 3   markings on the cylinders in that time frame,
 4   April of 2013, May 2013, any recollection of that?
 5               MS. MARCY:  Objection.  Form.
 6               THE WITNESS:  No.
 7   BY MR. MURRAY:
 8        Q.      And no one has ever told you that
 9   they received such a letter -- no one at the
10   hospital has ever told you they received such a
11   letter; correct?
12        A.      Correct.
13        Q.      Okay.  Let me broaden the time here.
14   Before April the 10th of 2014, the day of the Grab
15   'n Go Vantage explosion at the hospital, did UMCPP
16   ever receive a letter from Praxair telling UMCPP
17   to return Grab 'n Go Vantage units with T stickers
18   that didn't have specific markings on the
19   cylinder?
20               MS. MARCY:  Objection form.
21               THE WITNESS:  Not to my knowledge.
22   BY MR. MURRAY:
23        Q.      Okay.  Mr. Leone, before April
24   the 10th of 2014, did Praxair ever notify or warn
25   UMCPP, including yourself, to return Grab 'n Go
```

Joseph Leone                                          Page 290
09/15/2020

1    Vantage units that had T stickers and single black

2    lines?

3         Did they ever warn or notify you or anyone

4    else at the hospital of that, before April

5    the 10th of 2014?

6              MS. MARCY:  Objection.  Form.

7              THE WITNESS:  No.

8    BY MR. MURRAY:

9         Q.      Before April the 10th of 2014, did

10   Praxair ever notify or warn anyone at UMCPP,

11   including yourself, that Grab 'n Go Vantage units

12   with T stickers and single black lines could

13   explode, potentially explodes if they were

14   dropped, knocked over, tipped over, or impacted,

15   did they ever warn UMCPP of that before April the

16   10th of 2014?

17             MS. MARCY:  Objection to form.

18             THE WITNESS:  No.

19             MR. MURRAY:  Okay.  Bill, can you

20   bring up -- there is a deposition transcript that

21   I provided to you on the e-mail, and the title in

22   the PDF document, it's LaGrange, that's

23   L-a-G-r-a-n-g-e.  And can you go to page 98 of

24   this document?  It would be -- not PDF page 98,

25   but the deposition transcript page 98.  And can

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Civil Action No. 3:16-cv-02435

AGNES LAWSON, et al.,
        Plaintiffs,
vs.
PRAXAIR, INC., et al.,
        Defendants.

        The videotaped deposition of
MARTIN FRITH, called by the Plaintiffs for
examination, pursuant to notice and pursuant
to the Federal Rules of Civil Procedure for
the United States District Courts pertaining
to the taking of depositions, taken before
DIANE L. STODULSKI, Certified Live Note
Reporter, Certified Shorthand Reporter,
Registered Professional Reporter, and Notary
Public within and for the County of Cook and
State of Illinois at 311 South Wacker Drive,
Suite 4400, Chicago, Illinois, commencing at
the hour of 9:00 o'clock a.m. on the 12th
day of November, 2019.

advanced
depositions
Nationwide Court Reporting & Trial Support
855-204-8184 • www.advanceddepositions.com