# EXHIBIT E



Frank Mangiaracina
Direct Email: fmangiaracina@sheridanandmurray.com

_____
Admitted to PA & NJ Bars

July 8, 2021

**Via ECF & Email**

Honorable Harry G. Carroll (Ret.)
Meyerson, Fox, Mancinelli & Conte, P.A.
One Paragon Drive, Suite 240
Montvale, NJ 07645

      **RE:**   *Lawson, et al. v. Praxair, et al.*
             **Civil Action No. 3:16-cv-02435**

Dear Judge Carroll:

Please accept this letter as Plaintiffs' reply in further support of Plaintiffs' May 26, 2021 application seeking to compel Praxair to respond to Plaintiffs' Punitive Damages Requests for Production and Plaintiffs' Punitive Damages Interrogatories.

## I.   Introduction

Praxair offers no valid reason to withhold the routine, straightforward, and relevant discovery Plaintiffs seek. Rather, Praxair's opposition misunderstands both the facts and the applicable law. On the facts, Praxair's dubious excuses for its misconduct only highlight the need for the deterrent effect of a punitive sanction. On the law, Praxair has no real response to binding Third Circuit precedent that discovery disputes are governed by federal law, not state law, and federal law provides no procedure for delaying relevant discovery to await the presentation of a *prima facie* case.

The discovery Plaintiffs seek is relevant to Plaintiffs' validly pleaded claims for punitive damages against all Praxair entities, and the narrow information Plaintiffs seek is proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs therefore respectfully ask that Praxair be compelled to answer these relevant and timely discovery requests.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
July 8, 2021
Page 2

## II. Federal Law Governs Discovery

Praxair's citations to state cases have no bearing on this dispute. The binding law in this Circuit is that federal law governs discovery. *Pearson v. Miller*, 211 F.3d 57, 61 (3d Cir. 2000).

Praxair appears to argue that because this District has not yet addressed the timing of discovery in a claim specifically arising under New Jersey's Punitive Damages Act, this Court should import the state procedural rule imposing a *prima facie* case requirement rather than the federal procedural rule eschewing one. That is not how the *Erie* doctrine works. In matters of procedure, the federal, not the state, rule controls. *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 181 (3d Cir. 2017). This District *has* addressed the timing of punitive damages discovery as a matter of federal procedure, and that federal procedural rule applies in this case as well.

It should also be noted that New Jersey's Punitive Damages Act does not contain any provision regarding the timing of discovery. *See* N.J. Stat. Ann. § 2A-15-5.8 through -5.15. Rather, New Jersey courts that have delayed discovery into financial condition appear to have done so pursuant to New Jersey Court Rule 4:10-3. *See Herman v. Sunshine Chem. Specialties*, 133 N.J. 329, 344 (1993); *Gierman v. Toman*, 77 N.J. Super. 18, 23 (Law Div. 1962). Plaintiffs are not bringing claims under New Jersey Court Rule 4:10-3, nor could they, since it is not a substantive law. Rather, it is a rule of court procedure that has no bearing in federal court.

Not only do the federal rules not provide for a *prima facie* case requirement, the scheduling order that controls the timing of discovery in this case does not provide for one either. If Praxair wanted a separate phase for punitive damages discovery, it was Praxair's obligation to seek to amend the scheduling order to include one. Praxair did not do so and has thus forfeited the opportunity. This is not a surprise issue. Plaintiffs have properly stated claims for punitive damages since March 2016, more than five years ago. Praxair had every opportunity since then to seek to amend the scheduling order to create a separate period for punitive damages discovery. Its failure to do so can only be taken as waiver.

The operative scheduling order contains a single period for all fact discovery and no separate period for punitive damages discovery. (ECF 30 at III.6, as amended by ECF 425.) Praxair must comply with the operative scheduling order and produce relevant fact discovery during the prescribed period.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
July 8, 2021
Page 3

### III.   Praxair Knowingly Falsified Data It Sent to the FDA

Praxair does not appear to dispute that the critical recall numbers it sent to the FDA were inaccurate. (*See* Praxair's Brief, ECF 452, at 7 ("Some variables arose that made tracking difficult….").) Nor does Praxair rebut that these numbers grossly understated the quantity of defective and dangerous Grab 'n Go Vantage units remaining in customers' hands, effectively covering up an alarming risk to public safety. Instead, Praxair's best excuse is to plead ignorance of the problem. (*Id.*) This too is false.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
July 8, 2021
Page 4



---

[1] In a errata sheet submitted after the deposition, Mr. Frith changed his answer to this question to: "As of the 30th of December 2013 I do not know that the number of units that Praxair." (Errata Sheet, Reply Exhibit DD.)

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
July 8, 2021
Page 5

███████████████████████████████████████████████████████████████████
███████████████████████████████████████████.

## IV.    The FDA Did Not Approve the Grab 'n Go Vantage

Praxair's brief repeats *ad nauseam* that the FDA "approved" continued use of the Grab 'n Go Vantage. (*E.g.*, Praxair's Brief at 2, 3, 4, 5, 10.) However, Praxair cites no evidence of any approval, (*see id.*,) because none exists.

The FDA did not approve the Grab 'n Go Vantage. In fact, the FDA never approves Class I devices like the Grab 'n Go Vantage. *See Ivy Sports Medicine, LLC v. Burwell*, 767 F.3d 81, 83 (D.C. Cir. 2014). Praxair has not been able to produce a single document or communication from the FDA stating that the Grab 'n Go Vantage was "approved" or that its use would be safe. ███████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████.

Praxair's contention appears to be based on a combination of wishful thinking and the FDA's silence. On December 16, 2020, Plaintiffs deposed Praxair's Director of FDA Compliance and Product Safety Michael Skrjanc as Praxair's corporate representative regarding Praxair's claim that the FDA approved continued use of the Grab 'n Go Vantage. █████████████████████
███████████████████████████████████████████████████████████████████
██████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████
████████████████

████████████████████████████████████████████████████
██████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
July 8, 2021
Page 6



PH: 215.977.9500
FX:  215.977.9800

SheridanAndMurray.com

Mailing address │ 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office │ 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
July 8, 2021
Page 7

(*Id.* at 52:2-10.)

Praxair's FDA "approval" defense highlights why punitive damages are needed to deter this type of reckless misconduct. Praxair is essentially admitting that its strategy was to sit back and wait to be told to protect its customers from danger. Such behavior is neither safe nor lawful. The obligation under New Jersey law to market a safe product belongs to the manufacturer, not the FDA.[2] It was inexcusably reckless for Praxair to continue to expose customers to its hazardous product so long as no one told it not to. Praxair's conduct demonstrates an ongoing and deliberate indifference to public safety which warrants the imposition of punitive damages.

## V. Praxair's "Unknown Hydrocarbon Contamination" Theory Only Highlights That Praxair Cannot Escape Liability

It is a telling and dangerous sign when the best excuse a defendant can muster is to claim it messed up some *other* way. But that is precisely what Praxair does in its opposition brief.



(Praxair's Brief, ECF 452, at 7.)

There are several problems with that excuse. Most glaringly, any unknown contaminant would be just as much Praxair's fault. Praxair filled Grab 'n Go Vantage units with oxygen. If a Grab 'n Go Vantage unit contained an unknown contaminant, it was a contaminant Praxair introduced. Apparently, the best excuse Praxair can muster is that it messed up some other way—by introducing a contaminant through filling.

More fundamentally, though, Praxair's "unknown hydrocarbon contamination" theory is not a real theory. If Praxair believed there was another *unknown* contaminant causing its medical gases to explode, the situation would be comparable to a five-alarm fire. Flammable and explosive hydrocarbon contamination in an oxygen fill system presents a severe emergency that would require Praxair to alert customers and immediately pull the product off the shelves. But Praxair did not do so. Apparently, Praxair does not actually believe its "unknown" contamination theory.

---

[2] ███████████████████████████████████████████████████████████
████████████████████. (Skrjanc Transcript, Reply Exhibit JJ, at 220:18-220:25.)

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
July 8, 2021
Page 8

Rather, the sixth Grab 'n Go Vantage explosion had the same cause as the other five that look exactly like it. It arose from a defect that Praxair knew about, talked about, and did nothing about. Instead, Praxair deliberately attempted to cover up the problem. When a manufacturer like Praxair conceals the risks of its product from the public, it faces liability for punitive damages. *See Fischer v. Johns-Manville Corp.*, 103 N.J. 643, 672 (1986).

## VI.   Praxair Knew the Grab 'n Go Vantage Could Tip Over During Normal Use

Praxair's next excuse is to blame the horrific explosion that severely injured Agnes Lawson on what it considers to be "misuse" of the Grab 'n Go Vantage by allowing it to tip over. This excuse is both legally and factually deficient.

Legally, misuse is not a defense to strict products liability when the misuse is foreseeable. *Jurado v. Western Gear Works*, 131 N.J. 375, 385 (1993); *Cepeda v. Cumberland Engineering Company, Inc.*, 76 N.J. 152, 186 (1978) ("[P]laintiff's carelessness, if any, in getting his hand caught in the plastic strands is not a defense…."). Furthermore, "a manufacturer's warnings against foreseeable misuse [do not] immunize the manufacturer from responsibility for injuries whose proximate cause is the manufacturer's failure to take other reasonable steps to make the product safe." *Lewis v. American Cyanamid Co.*, 294 N.J. Super. 53, 69 (App. Div. 1996). Under New Jersey law, Praxair cannot escape liability by closing its eyes to dangers it knew were foreseeable merely by blaming its own customers.

Factually, it was not only foreseeable that the Grab 'n Go Vantage could fall or tip over—it was an advertised feature of the product. ████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████. (Moreira Transcript, Reply Exhibit GG, at 212:11-213:21.) On top of that, the product was a tall, skinny, top-heavy, portable cylinder with a carrying handle on the top and a name that literally told customers to "Grab" it and "Go."

Punitive damages exist precisely to deter misconduct by manufacturers unwilling to accept responsibility for their own dangerous products. *See Gibbs v. Volkswagen of Am., Inc.*, No. A-4455-87T5, 1989 N.J. Super. LEXIS 473, *14-15 (App. Div. Feb. 8, 1989) (approving punitive

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
July 8, 2021
Page 9

damages against a manufacturer that chose to "blame driver error" rather than fix its product), *cert. denied*, 117 N.J. 63. Praxair advertised the Grab 'n Go Vantage as robust to a "drop or fall" while blaming customers for the product's severe and concealed defect because the customers failed to prevent it from dropping or falling. This egregious misconduct warrants s punitive damages.

## VII.   Praxair Deceived UMCPP into Believing the Incident Grab 'n Go Vantage Unit Was Corrected

Praxair misrepresents its own corrective action to claim that "UMCPP did not fully comply with Praxair's recall notices." (Praxair's Opposition, ECF 452, at 6.) This is false.

The Grab 'n Go Vantage unit that exploded on April 10, 2014 and severely and permanently injured Agnes Lawson was marked with a "T" decal to indicate that it was corrected and did not need to be returned to Praxair. (*See* Plaintiff's Opening Brief, ECF 440, at 13.) ███████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████.

It is deceitful for Praxair to blame UMCPP for not returning a unit that Praxair itself told UMCPP not to return. This type of deceptive conduct is reckless, reprehensible and deliberately exposed the public and Agnes Lawson to an unreasonably dangerous product and thereby warrants punitive damages.

## VIII.   All Three Praxair Entities Must Produce Information on Financial Condition

All three Praxair entities perpetrated wanton and willful conduct that severely and permanently injured Agnes Lawson. ██████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
July 8, 2021
Page 10

████████████████████████████████████

████████████████████████████████

Plaintiffs have validly pleaded punitive damages claims against all three Praxair entities, and the financial condition of each Praxair entity is therefore relevant. If Praxair reasonably believed that punitive damages claims against any of the Praxair defendants were unsupported, it was Praxair's obligation to move to have the claim dismissed long ago. Praxair did not do so and has thus waived any such argument. As one court explained:

> Until and unless this Court decides that Plaintiff's claim for punitive damages loses, it is still a live controversy. If Defendant believes that Plaintiff's lack of documentary evidence dooms Plaintiff's claim for punitive damages, it can argue as much. But Defendant cannot halt discovery in this case just because it thinks it has the upper hand.

*Cawley v. Eastman Outdoors, Inc.*, No. 1:14-cv-00310, 2014 U.S. Dist. LEXIS 130588, at *7 (N.D. Ohio Sep. 16, 2014).

Praxair suggests that financial discovery as to PDI and PDMA is unnecessary because "Praxair, Inc. is capable of satisfying any judgment in this case." (Praxair's Brief, ECF 452, at 11.) Ability to satisfy a judgment is not the issue; the issue is that evidence of financial condition is a statutory factor that must be considered under the Punitive Damages Act as to each defendant. If Praxair would stipulate to allowing evidence of Praxair, Inc.'s financial condition to stand in for all Praxair Defendants, Plaintiffs would reconsider the need for discovery on the financial conditions of PDMA and PDI. Without such a stipulation, however, Plaintiffs are entitled to evidence specific to each Defendant to address the relevant statutory factor.

Because all three Praxair Defendants face claims for punitive damages, all are obligated to produce information on their financial condition.

## IX.    Conclusion

For the reasons given, Plaintiffs respectfully ask that Praxair be compelled to produce answers and documents responsive to Plaintiffs' Punitive Damages Interrogatories and Plaintiffs' Punitive Damages Requests for Production of Documents.

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address | 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office | 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

Honorable Harry G. Carroll (Ret.)
*Lawson, et al. v. Praxair, et al.*, No. 3:16-cv-02435
July 8, 2021
Page 11

Respectfully submitted,

*/s/ Frank Mangiaracina*

THOMAS W. SHERIDAN
NEIL T. MURRAY
FRANK MANGIARACINA

cc:    **Via Email**
       James Tyrell, Esquire
       Patrick Gilmartin, Esquire
       Jeremy Mishkin, Esquire
       Georgette Castner, Esquire
       Jennine DiSomma, Esquire
       Jennifer R. O'Connor, Esquire

PH: 215.977.9500
FX: 215.977.9800

SheridanAndMurray.com

Mailing address │ 424 S. Bethlehem Pike, Third Floor
Fort Washington, PA 19034

Philadelphia office │ 1845 Walnut Street, 21st Floor
Philadelphia, PA 19103

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Civil Action No. 3:16-cv-02435


AGNES LAWSON, et al.,
        Plaintiffs,
vs.
PRAXAIR, INC., et al.,
        Defendants.



        The videotaped deposition of
MARTIN FRITH, called by the Plaintiffs for
examination, pursuant to notice and pursuant
to the Federal Rules of Civil Procedure for
the United States District Courts pertaining
to the taking of depositions, taken before
DIANE L. STODULSKI, Certified Live Note
Reporter, Certified Shorthand Reporter,
Registered Professional Reporter, and Notary
Public within and for the County of Cook and
State of Illinois at 311 South Wacker Drive,
Suite 4400, Chicago, Illinois, commencing at
the hour of 9:00 o'clock a.m. on the 12th
day of November, 2019.


advanced depositions
Nationwide Court Reporting & Trial Support
855-204-8184 • www.advanceddepositions.com



**advanced depositions**

215.564.3905
855.204.8184
PHONE

www.advanceddepositions.com

**INSTRUCTIONS TO DEPONENT:**    In accordance with the Rules of Civil Procedure, reproduced on the reverse side for your information, a copy of your deposition is attached for your inspection and signature. Any changes in the deposition in form or substance which you desire to make are to be made with these changes along with your reasons therefor.
**DO NOT WRITE ON THE DEPOSITION TRANSCRIPT ITSELF.**

| Page | Line | Change or correction and reason |
|---|---|---|
| P128 / II | 2,3 | INCORRECT TRANSCRIPTION LONGDWELL, LONGUEIL SHOULD BE |
| P130 | 24 | AS ABOVE |
| P160 161 | 25 | AM NOT A TECHNICAL EXPERT, SHOULD READ "I'M NOT A TECHNICAL EXPERT" INCORRECT TRANSCRIPTION |
| P206 | 16 | AS YOU SIT HERE — SHOULD READ "AS YOU SIT HERE" MISSPELLING |
| P212 | 21 | SHOULD READ "WAS MATED, YES" INCORRECT TRANSCRIPTION |
| P284 | 2 | SHOULD READ "CAUSES OF AN INCIDENT" INCORRECT TRANSCRIPTION |
| P284 | 11 | SHOULD READ "THEREFORE NO TESTING" INCORRECT TRANSCRIPTION |
| P303 | 2 | SHOULD READ "PDI MEDICAS" INCORRECT SPELLING |
| P304 | 2 | SHOULD READ "TOB 2015 - 115" INCORRECT TRANSCRIPTION |
| P321 / 324 | 23 | SHOULD READ "JOE HOMICK" INCORRECT SPELLING |
| P324 | 24 | SHOULD READ "SKRJANC" INCORRECT SPELLING |
| P380 | 5 | SHOULD READ "THE EXPLODED ONE" INCORRECT SPELLING |
| P352 | 9 | SHOULD READ "AS OF THE 30TH OF DECEMBER 2013 I DO NOT KNOW THAT THE NUMBER OF UNITS THAT PRAXAIR". REASON INCORRECT ANSWER, CHANGED TO MAKE THE ANSWER TRUTHFUL & ACCURATE. |
|  |  |  |
|  |  |  |

I have inspected and read my deposition as captioned above and have listed all changes and corrections above, along with my reasons therefor.

12/20/19
Date

Signature of Deponent

Michael Skrjanc

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF NEW JERSEY

 3                          - - -

 4       AGNES LAWSON, et al.,      :

                                    :

 5            Plaintiffs,           :

                                    :

 6            vs.                   : Civil Action No.

                                    : 3:16-cv-02435

 7       PRAXAIR, INC., et al,      :

                                    :

 8            Defendants           :

 9

10              Wednesday, December 16, 2020

11

12            Remote videotaped deposition of

13       Michael Skrjanc, conducted at the location of

14       the witness in Massillon, Ohio, commencing at

15       9:59 a.m., on the above date, before Carol A. Kirk,

16       Registered Merit Reporter, Certified Shorthand

17       Reporter, and Notary Public.

18

19

20

21

22

                  GOLKOW LITIGATION SERVICES

23            877.370.3377 ph | 917.591.5672 fax

                      deps@golkow.com

24
```

 1    UNITED STATES DISTRICT COURT
     DISTRICT OF NEW JERSEY
 2

 AGNES LAWSON, et al.,   :
 3            :
      Plaintiffs, : CIVIL ACTION NO.
 4           : 3:16-cv-02435
      vs.    :
 5           :
 PRAXAIR, INC., et al.,  :
 6           :
      Defendants. :
 7

 8        - - -

 9     OCTOBER 29, 2020

10        - - -

11    Remote videotape deposition of

12 NELSON C. MOREIRA, located at 404 Wayne Terrace,

13 Union, New Jersey 07083, by and before

14 DONNA ROSNER, a Certified Court Reporter, and

15 Notary Public of the State of New Jersey, License

16 No. XI001976, commencing at 10:02 a.m.

17

18

19

20

21

22

23

24   GOLKOW LITIGATION SERVICES, INC.
   877.370.3377 ph| 917.591.5672 fax
25    deps@golkow.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


AGNES LAWSON, et al.
    Plaintiffs
 -vs-
            CIVIL ACTION NO. 3:16-cv-2435
                        (BRM) (DEA)
PRAXAIR, INC., et al.
    Defendants
_____

PRAXAIR DISTRIBUTION, INC., et al
    Defendants/Third-Party Plaintiffs
-vs-
PRINCETON HEALTHCARE SYSTEM HOLDING,
INC., et al.
    Third-Party Defendants
_____

WESTERN/SCOTT FETZER COMPANY
    Defendant/Third-Party Plaintiff
-vs-
PRINCETON HEALTHCARE SYSTEM, et al.
    Third-Party Defendants


    Deposition of MICHAEL SKRJANC, a 30(b)(6)
witness herein, taken by the Third-Party
Defendants as upon cross examination and
pursuant to the applicable Rules of Civil
Procedure as to the time and place and
stipulations hereinafter set forth, via Zoom,
at 10:08 a.m. on Wednesday, September 9, 2020,
before Heather M. Lunsford, a Professional
Court Reporter and Notary Public within and
for the State of Ohio.



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Civil Action No. 3:16-cv-02435


AGNES LAWSON, et al.,
    Plaintiffs,
    vs.
PRAXAIR, INC., et al,
    Defendants.


CONFIDENTIAL


VOLUME I
        VIDEO DEPOSITION of MICHAEL SKRJANC,
on behalf of Defendant Praxair Inc., held at
The Hilton Garden Inn, located at 119 Mill
Plain Road, Danbury, Connecticut, on Friday,
May 31st, 2019, commencing at 9:36 a.m., before
Dawn Matera, a Shorthand Reporter and Notary
Public of the State of Connecticut.

