**MONTGOMERY McCRACKEN**
ATTORNEYS AT LAW

| | | |
|---|---|---|
| **Alexandra S. Jacobs**<br>Partner<br>Admitted in: New Jersey & Pennsylvania | LibertyView<br>457 Haddonfield Road, Suite 600<br>Cherry Hill, NJ 08002-2220<br>Tel: 856-488-7700 | Direct Dial: 856-488-7746<br>Fax: 856-488-7720<br>Email: ajacobs@mmwr.com |

June 14, 2023

<u>*Via ECF*</u>

Honorable Douglas E. Arpert
United States Magistrate Judge
Clarkson S. Fisher Building & U.S. Courthouse
Room 6000
402 East State Street
Trenton, NJ  08608

   Re: **Lawson, et al. v. Praxair, Inc., et al.**
      **Civil Action No. 3:16-cv-02435-RK-DEA**

Dear Judge Arpert:

  As you know, we represent Defendants and Third-Party Plaintiffs Praxair, Inc., Praxair, Distribution, Inc., and Praxair Distribution Mid-Atlantic LLC d/b/a GTS-Welco (collectively, "Praxair") in the above-referenced matter.  In accordance with Your Honor's Orders, please accept this letter as the remaining parties' joint status report.

   A. **<u>Remaining discovery</u>**

*Praxair's Position*

  Praxair has now produced documents pursuant to Your Honor's Order regarding UMCPP's discovery regarding PDMA issues (ECF No. 539).

  Praxair's position is that no further fact discovery remains to be conducted, except for two items that were underway at the time this case was referred to mediation.  Specifically:

    **1** **Completion of testing the cylinder involved in this incident by the DOT-selected expert, WHA, in accordance with the protocol agreed upon by the parties.**

  Judge Carroll granted Western's Motion to Compel this testing, and Plaintiffs appealed that Order.  But UMCPP did not oppose Western's Motion, nor did it appeal from Judge Carroll's

Montgomery McCracken Walker & Rhoads LLP

Hon. Douglas E. Arpert, U.S.M.J.  Page 2
Re: Lawson, et al. v. Praxair, Inc., et al.
    C.A. No. 3:16-cv-02435-RK-DEA
June 14, 2023

ruling, and the deadline for doing so has long since passed. Praxair believes that the testing should now proceed (as agreed, with representatives of all parties permitted to observe) and all the data and analysis provided to the parties. During the parties' January 11, 2022 meet-and-confer all parties agreed that there may need to be follow-up fact discovery thereafter.

Because the parties cannot control how quickly this testing can be done, Praxair believes that the revised Scheduling Order deadlines should be linked to the date when the outcome of that testing are provided to the parties, as set out below. Praxair also believes that the remaining item of fact discovery, set forth below, can easily be completed before the WHA testing and follow-up discovery is finished, and should proceed in parallel with that work so that the overall schedule need not be delayed.

    **2**    **Subpoena to Ferasco**

UMCPP retained a number of Grab 'n Go units which are now held on its behalf by Ferasco, an evidence warehouse. The parties conducted an inspection at Ferasco in May 2021, and found that the Grab 'n Go units had been disassembled by someone at some undetermined time. Ferasco apparently has records and photographs of that process, and Praxair was in the process of arranging for a third-party subpoena to Ferasco for records and 30(b)(6) designee testimony about those units, their handling, storage, inspection, and testing.

*UMCPP's Position*

UMCPP reiterates its position in the previous joint status letter of December 22, 2022 (ECF No. 538) that, although it does not believe testing of the GNG unit that exploded is necessary given the settlement of Plaintiffs' product liability claims, fact discovery should be concluded before the testing proceeds because testing, by definition, requires the retention of experts and expert discovery, which should not proceed until fact discovery is complete. Moreover, following the close of fact discovery, UMCPP will be in a better position to determine whether testing is even necessary to resolve the third-party claims, which would save the parties significant costs, especially where Praxair and Western apparently seek to recover all defense costs from UMCPP.

As for Praxair's subpoena to Ferasco, we do not believe a subpoena is necessary, but until we review the contents of the subpoena, UMCPP is unable to take a firm position.

The following fact discovery remains outstanding with respect to UMCPP's discovery requests:

Montgomery McCracken Walker & Rhoads LLP

Hon. Douglas E. Arpert, U.S.M.J.                                                                 Page 3
Re: Lawson, et al. v. Praxair, Inc., et al.
    C.A. No. 3:16-cv-02435-RK-DEA
June 14, 2023

### 1   Discovery Related to the Court's Order Granting UMCPP's Motion to Compel (ECF No. 539)

The Parties engaged in a meet-and-confer on May 10, 2023, to discuss the production of documents and agreed to a protocol. This past Friday, on June 9, 2023, at 3:31 P.M., Praxair produced over 800 pages of documents in response to the Court's Order. Yesterday, on June 12, 2023, at 5:08 P.M., Praxair produced additional documents. UMCPP has not had sufficient time to review the document production to determine whether they are fully responsive to UMCPP's requests or whether a follow-up meet-and-confer with Praxair is necessary.

### 2   UMCPP's Sixth Set of Requests for the Production of Documents

On June 7, 2023, UMCPP served upon Praxair a targeted set of document demands concerning the settlement agreement Praxair entered into with Plaintiffs in this matter, a topic that only became relevant after the settlement was executed. Given that PDMA and PDI seek indemnification from UMCPP for, <u>inter alia</u>, the settlement payment, UMCPP seeks documents sufficient to show what each entity paid to Plaintiffs in connection with the settlement and related documents and communications.

### B.   **Proposed Scheduling Order**

*Praxair's Position*

Praxair respectfully suggests the following schedule:

- October 31, 2023: Completion of remaining fact discovery (other than what may be required following WHA testing)

- Service of all expert reports and disclosures [sixty days after completion of discovery from/regarding WHA];

- Sixty days thereafter: Service of all parties' rebuttal expert reports and disclosures; and

- Sixty days thereafter: Expert depositions completed

- Sixty days thereafter: Dispositive motions and Daubert motions due

- Thirty days thereafter: Oppositions to those motions due

Montgomery McCracken Walker & Rhoads LLP

Hon. Douglas E. Arpert, U.S.M.J.     Page 4
Re: Lawson, et al. v. Praxair, Inc., et al.
    C.A. No. 3:16-cv-02435-RK-DEA
June 14, 2023

*Western's Position*

    Western concurs with Praxair's description of the remaining unresolved claims. In addition to the open discovery identified by Praxair, there is a pending subpoena issued by Western to UMCPP's safety consulting program, ECRI. UMCPP asked to review ECRI's documents prior to producing to Western. That review was pending when the Court ordered mediation. ECRI's compliance with the subpoena, and any issues arising from that compliance, remain pending. Finally, Western believes that the schedule proposed by Praxair is reasonable.

*UMCPP's Position*

- October 31, 2023: Completion of remaining fact discovery

- On a date to be determined by the Court: Status conference to discuss a revised scheduling order (a) establishing briefing deadlines for dispositive motion practice or (b) testing and expert discovery schedule if necessary.

    Thank you for your consideration.

                            Respectfully submitted,

                            /s/ *Alexandra S. Jacobs*

                            Alexandra S. Jacobs

ASJ:gme
cc:     All counsel of record (via ECF notification)