<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| AGNES LAWSON, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>PRAXAIR, INC., *et al.*,<br><br>Defendants. | Civil Action No. 16-02435 (RK) (JTQ)<br><br><u>**MEMORANDUM OPINION**</u> |

<u>**KIRSCH, District Judge**</u>

 **THIS MATTER** comes before the Court upon Defendant/Third-Party Plaintiff Western/ Scott Fetzer Company's ("Western's") Appeal, (ECF No. 593), of the August 28, 2025 Letter Order of the Honorable Justin T. Quinn, U.S.M.J., ("Judge Quinn's Order," ECF No. 592). Third-Party Defendant Princeton Healthcare System d/b/a University Medical Center of Princeton at Plainsboro ("UMCPP") filed a letter brief in opposition, (ECF No. 594), and Western filed a reply, (ECF No. 595). The Court has carefully considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Western's Appeal is **DENIED**.

**I. <u>BACKGROUND</u>**

 In this appeal, Western challenges Judge Quinn's Order barring WHA International, Inc. ("WHA"), the appointed neutral expert in this case, from offering its "opinions or conclusions" on

a final round of testing of a Grab n' Go oxygen tank (the "Incident Cylinder") that gave rise to Plaintiff's injuries.

The present appeal is the latest dispute in a case that has spanned nearly a decade, and this Court's opinion marks the 596th docket entry in this matter. Following the removal of this action from New Jersey Superior Court on April 29, 2016, (ECF No. 1), a mediator, (ECF No. 76), and a special master, (ECF No. 199), have been appointed, and four different district judges and two different magistrate judges have overseen the case over its long tenure. (*See generally* ECF Nos. 46, 456, 543 (reassigning multiple district judges to this matter); docket entry dated May 31, 2024 (reassigning this case from one magistrate judge to another.) The Court summarizes only the limited portion of the long and torturous record necessary to its decision.

Plaintiff Agnes Lawson ("Lawson") was injured in a hospital following the explosion of Incident Cylinder. (ECF No. 570 at 2, 6.) The Department of Transportation ("DOT") took possession of the Incident Cylinder to have the unit tested due to concerns about a potential defect and engaged WHA as the expert to complete testing.[1] (*Id.* at 6.) On March 21, 2017, WHA issued an initial report ("The Initial Report") which concluded, in part, that the fire that caused the Incident Cylinder to explode did not occur in the regulator manufactured by Western. (*See* ECF Nos. 570 at 2; *see also* "Judge Arpert's Decision," ECF No. 572[2] at 2.) An additional final test was necessary to fully inspect the Incident Cylinder, which ultimately set into motion a longstanding dispute regarding WHA's neutrality—the issue which persists in the subject appeal. (*See* Judge Arpert's Decision at 2–5; ECF Nos. 592–95.)

---

[1] According to UMCPP, "[f]or some unknown reason, the DOT lost interest and did not follow through with the testing. . . . The DOT was not involved then and is not involved now." (ECF No. 570 at 6.)

[2] Prior to its reassignment to Judge Quinn, this case was assigned to the Honorable Douglas E. Arpert, U.S.M.J. (ret.). The Court relies on Judge Arpert's detailed February 23, 2024 decision to provide some of the pertinent background for this appeal.

Despite initial objections by Plaintiffs (Lawson, together with Cassius Lawson and Consolidated Plaintiff American Guarantee and Liability, "Plaintiffs") concerning WHA's neutrality, (*see* ECF 570 at 2), the Parties (including Western and UMCPP) agreed to a final testing protocol in early 2018. (*Id.*) Final testing of the Incident Cylinder continued to stall, and in March 2021, Western applied to the Special Master[3] for an Order to begin testing. (*See* Judge Arpert's Decision at 3.) Plaintiffs opposed, again citing concerns over WHA's neutrality. (*Id.*; *see also* "Special Master's Order," ECF No. 436 at 2.) Plaintiffs asked the Special Master that if WHA be permitted to conduct the Final Testing, that WHA's work "be limited to collecting and testing samples and reporting numeric measurements, thus leaving any opinions to the parties' retained experts." (Special Master's Order at 2.) On May 17, 2021, the Special Master found that Plaintiff's neutrality concerns were "best left to the trial court when determining the admissibility of WHA's test results," and held that "[P]laintiffs' concerns about WHA's neutrality can be addressed by mandating certain safeguards"[4] during the Final Testing process. (*Id.* at 3.)[5]

By the end of 2023, WHA still had not begun its final testing. (Judge Arpert's Decision at 4–5.) At Judge Arpert's instruction, UMCPP and Western filed correspondence regarding outstanding issues related to WHA's final testing. (*Id.*; *see also* ECF Nos. 565, 570.) UMCPP challenged WHA's role as a final tester following its review of WHA's Engineering Service Cost

---

[3] The Court notes that the terms "Special Master" and "Discovery Master" are used interchangeably by the parties and in prior orders in this matter. For purposes of this decision, the terms should be considered to have the same meaning.

[4] The Special Master ordered the following safeguards, in pertinent part: "1. All parties shall have the right to have an expert present when the cylinder is opened and the scraping of any residue occurs, and to record this process should they so choose. 2. The raw data shall be provided to all parties. 3. Plaintiffs' expert shall be provided a split-sample of the residue, if any, found in the cylinder." (Special Master's Order, at 3.)

[5] Plaintiffs appeal of the Special Master's Order was administratively terminated once the Parties began mediation. (*See* Judge Arpert's Decision at 4.) Plaintiffs have since settled their claims with Western and Praxair. (ECF No. 594 at 4.)

Estimate, which stated that WHA would "describe" and "characterize" the Final Testing results. (ECF No. 565 at 5, Judge Arpert's Decision at 6.) In a decision dated February 22, 2024, Judge Arpert denied UMCPP's request to challenge WHA as a tester, holding that UMCPP "should only be permitted to formally challenge WHA's neutrality *after* Final Testing is complete and *only if* UMCPP has an identifiable basis to argue that WHA exhibited bias in its testing or reporting." (Judge Arpert's Decision at 7.) Judge Arpert further held that UMCPP's assertion that the Special Master's May 17, 2021 Order was unclear as to what WHA "should be permitted to do or say" did not change its analysis or conclusion identifying a motion in limine as the proper means to challenge whether WHA overstepped its bounds. (*Id.*) Relevant to this appeal, Judge Arpert held that "the Discovery Master's 2021 Order remains in full effect and its conditions binding on the parties and WHA for Final Testing," and that Final Testing of the Incident Cylinder "should proceed in accordance with the 2018 Testing Proposal." (*Id.* at 7–8.)

WHA provided another Engineering Services Cost Estimate to the Parties on January 10, 2025, which stated, in relevant part, that "as part of the cost estimate and scope of work presented here, WHA will not provide a report outlining any opinions that it draws from the analyses performed and their associated results. Should any party request such a report, WHA will bill for the preparation of that report separately." (ECF No. 593-1 at 3 (cleaned up); *see* ECF No. 593-5 at 2.[6]) WHA finally completed its Final Testing on January 29 and 30, 2025. (ECF No. 593-1 at 1–2.) All parties were accompanied by their respective experts on both dates. (*Id.*) On March 11, 2025, WHA issued its Final Report, and Western sought to obtain a supplemental report identifying WHA's opinions and conclusions regarding the Final Testing results. (*Id.* at 2; ECF No. 594 at 5.) During a July 2025 meet and confer, UMCPP noted that it opposed Western's intent

---

[6] Due to inconsistent page numbers within the underlying documents, the Court uses the page numbers generated by ECF.

to seek a supplemental report from WHA, asserting that it contradicted prior Orders regarding WHA's role in testing. (ECF No. 594 at 5–6.) Judge Quinn subsequently directed the parties to submit a joint status letter outlining their positions and to identify other relevant documents to assist the Court in resolving the Parties' dispute. (*Id.* at 6; *see also* ECF No. 591.)

On August 28, 2025 Judge Quinn issued an Order. ("Judge Quinn's Order," ECF No. 592.) Despite noting that the issue regarding WHA's neutrality has "lingered" without the Parties ever "formally" seeking clarification, Judge Quinn found that "WHA's neutrality was a core concern in both the Special Master's Order and Magistrate Judge Arpert's affirmance." (*Id.* at 1.) Judge Quinn further found that the Special Master's implementation of "safeguards," namely, that the parties' experts be given the raw data and be present during the testing process, proof of the Special Master's agreement that WHA's work "should be limited in scope." (*Id.* at 1–2.) To allow WHA to provide a supplemental report with its opinions and conclusions would blur the concept of a "neutral" and "allow WHA to potentially become an advocate for a party," something that Judge Quinn found was "never intended." (*Id.* at 2.) Accordingly, Judge Quinn barred WHA from offering its opinions or conclusions resulting from its test results in a supplemental report, prompting the subject appeal. (*Id.* at 2.)

## II. <u>LEGAL STANDARD</u>

"A magistrate judge is accorded wide discretion in addressing non-dispositive motions." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A magistrate judge's ruling on a non-dispositive matter may only be set aside if the "order is 'clearly erroneous or contrary to law.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986)). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995)); *see United States v. U.S. Gypsum Co.*, 333 U.S. 365, 395 (1948). For a decision to be contrary to law, "the Court must find the magistrate judge misapplied or misinterpreted the applicable law." *Hooker v. Novo Nordisk Inc.*, No. 16-4562, 2019 WL 2521749, at *2 (D.N.J. June 19, 2019) (citing *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998)). The party appealing the decision bears the burden of showing it is clearly erroneous or contrary to law. *Travelers Indemn. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 758–59 (D.N.J. 2008), *aff'd*, 594 F.3d 238 (3d Cir. 2010).

When the underlying ruling relates to a non-dispositive matter, such as a discovery motion, the magistrate judge's "ruling is entitled to great deference and is reviewable only for abuse of discretion." *Frank v. Cnty. of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996). "'Abuse of discretion encompasses clearly erroneous findings of fact and misapplications of law.'" *United States v. Walls*, 290 F. App'x 454, 455 (3d Cir. 2008) (quoting *United States v. Williams,* 443 F.3d 35, 46 (2d Cir. 2006)). Abuse of discretion is found "when the judicial action is arbitrary, fanciful or unreasonable," or in other words, "only where no reasonable [person] would take the view adopted by the . . . court." *Fagan v. Fischer*, No. 14-7013, 2018 WL 2859541, at *10 (D.N.J. June 11, 2018) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

## III. <u>DISCUSSION</u>

On appeal, Western takes issue with the entirety of Judge Quinn's August 28, 2025 Order. First, Western contends that Judge Quinn's Order is clearly erroneous because it "[d]isrespects" prior Orders entered in this matter, specifically Judge Arpert's February 23, 2024 Order. (ECF No.

593-1 at 4–5.) Western argues that Judge Arpert's Order approved WHA to proceed with Final Testing and that there is no limitation, in Judge Arpert's Order or in the record, prohibiting WHA from offering its opinions and conclusions on the data. (*Id.* at 5.) Western further argues that Judge Quinn's Order is contrary to law because it "bypasses" Rule 702 and *Daubert*[7] evidentiary standards by precluding WHA's testimony because the Court believes WHA "may" exceed the scope of its assignment. (*Id.*) Finally, Western argues that even if WHA's role was limited to collecting data, UMCPP waived any objections to WHA offering its opinions and conclusions by waiting years to raise its neutrality concerns, a position Western argues that Judge Arpert deemed untimely in his February 23, 2024 Order. (*Id.* at 5–6.)

The Court finds that Western offers no basis to reverse Judge Quinn's decision prohibiting WHA from offering its opinions or conclusions about its test results. It is evident that Judge Quinn reasonably concluded that allowing WHA to offer opinions or conclusions on the Final Testing results would go beyond the safeguards the Special Master put into place, safeguards designed to mitigate the risks associated with concerns over WHA's neutrality. As Judge Quinn cogently noted, the fact that the Special Master permitted the Parties to retain their own experts, who would also have access to the raw testing data, leads inexorably to the conclusion that WHA's role was limited to that as a tester. (Judge Quinn's Order at 2.) To permit WHA to provide its opinions and conclusions at this stage would surpass the spirit and understanding of WHA's role as limited by the Special Master's May 17, 2021 Order. Judge Quinn did not err by prohibiting WHA from offering its opinions and conclusions, as this limit on WHA's role is consistent with the limitations on WHA and the safeguards ordered by the Special Master in 2021.

---

[7] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993).

7

The Court is also unpersuaded by Western's interpretation of Judge Arpert's February 23, 2024 Order. It is clear from Judge Arpert's Order that he rejected UMCPP's attempt to challenge WHA's role as a *tester* for purposes of the Final Testing. (Judge Arpert's Decision at 7.) Western's argument that permitting WHA to proceed as a tester *also* permitted WHA to issue its opinions or conclusions draws inferences that extend beyond what Judge Arpert's Order provides, and Judge Quinn's careful decision recognizes as much. Further, even if WHA's Initial Report in 2017 included a conclusion in its reporting, the Court does not find it reasonable for any party, let alone Western, to contemplate that WHA would be permitted to offer a supplemental report with its opinions and conclusions after Final Testing given 1) the implementation of a new protocol for Final Testing; 2) underlying years-long neutrality concerns that culminated in the implementation of "safeguards" as set forth in the Special Master's Order; and 3) Judge Arpert's February 23, 2024 Order confirming WHA's role as a *tester* (and nothing more). To the contrary, as stated herein, the parties were invited to have their own experts who participated and observed in order to render their own expert opinions.

Nor does this Court find that Judge Quinn's Order was contrary to law. Western's argument that Judge Quinn's decision runs afoul of Rule 702 and the *Daubert* evidentiary standards is unconvincing. Judge Quinn's Order merely reaffirms WHA's role as a tester. (*See generally* Judge Quinn's Order.)

Finally, the Court declines to address Western's additional arguments, raised for the first time in its Reply. (*See* ECF No. 595.) *See Cobra Enters., LLC v. All Phase Servs., Inc.*, No. 20-4750, 2020 WL 2849892, at *1 (D.N.J. June 1, 2020) ("As a matter of procedure, this Court will not accept arguments offered for the first time in the reply brief, as they were not properly asserted in the opening brief and Plaintiffs have not had the opportunity to respond to them.").

## **CONCLUSION**

For the foregoing reasons, Western's Appeal, (ECF No. 593), is **DENIED** and Judge Quinn's Order, (ECF No. 592), is **AFFIRMED**. An appropriate Order follows.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: February 6, 2026